UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | Civil Action Case No. 1:18-cv-06447 |
| Plaintiff, | Assigned Judge: |
| | The Honorable Thomas M. Durkin |
| V. | |
| | Designated Magistrate Judge: |
| WILLIAM MULLINS, | The Honorable Sheila Finnegan |
| Defendant | |

**DEFENDANT'S AMENDED AND CORRECTED RULE 12(b)(6)
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant WILLIAM MULLINS ("Defendant") files this motion to dismiss the copyright infringement claim of Plaintiff MALIBU MEDIA, LLC ("Plaintiff"), under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief may be granted, showing in support as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

1. Plaintiff is a media company that has made an art of abusing the legal process and collecting nuisance-settlements.

2. Plaintiff has misrepresented data in filings with this Court.

3. Plaintiff has misrepresented to this Court the workings of the relevant technology with half-truths and falsehoods.

1

4.  The misidentification of Defendant as John Doe would not have been possible without these misrepresentations. Misidentification began with the deceptive caption in the pleading that identified John Doe as the subscriber to the ISP account with an assigned IP number noted.

5.  Plaintiff's claim is deficient with respect to identification of John Doe. Plaintiff alleged no facts to support its specification that John Doe was not just a user of the Internet but a paying subscriber who held an account in his own name.

6.  This false and conclusory leap by Plaintiff paved the way for misrepresentations regarding the third-party subpoena.

7.  Plaintiff filed the instant copyright infringement complaint under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sec. 101 et seq. (the "Copyright Act") against a John Doe unknown defendant.

8.  For the purpose of clarity, in this Motion, the name "John Doe" will refer to the alleged infringer whose activity was observed allegedly by Plaintiff's investigator.

9.  Plaintiff alleged that its investigator had identified an Internet protocol ("IP") address used during infringement by John Doe. No more than this was known of John Doe.

10. Plaintiff filed a motion and memorandum with this Court requesting leave to serve a subpoena on a third party, an Internet service provider ("ISP") named Comcast, to demand the name of the user of the IP address. *Motion for Leave to Serve a Third Party Subpoena; Memorandum of Law in Support of Motion.*

11. Plaintiff misrepresented to this Court the capacity of Comcast or any ISP to identify a particular user of an assigned IP address.

12. Plaintiff falsely stated that Comcast would be given enough data to identify the alleged infringer, John Doe.

13. Although Plaintiff told this Court that it would (and could) ask for and obtain the name of John Doe with only the IP address and the date and time of alleged infringement, this was false.

14. Plaintiff did not ask for the name of John Doe in its subpoena. Plaintiff did not ask for the name of the person who had allegedly infringed on its copyright.

15. Plaintiff prepared the order and subpoena in a manner that demanded the name of the ISP subscriber—regardless of which user had allegedly infringed on Plaintiff's copyright.

16. The order prepared by Plaintiff, along with Plaintiff's other documents filed with this Court, conflated the subscriber with service-users and conflated the subscriber with the alleged infringer.

17. Plaintiff has built its case by manipulating facts and distracting this Court from its leaps and conclusory allegations of fact.

18. Identifying the infringer would be costly and inefficient for Plaintiff. Instead, Plaintiff has worked backwards to find a way to suggest that the subscriber must be the infringer.

19. Plaintiff has paid a $400 filing fee and relied on the average person's fear of federal court and the shocking statutory damages that make settlement sound attractive to anyone named as a defendant. Federal copyright action is so expensive that even non-infringers would pay a settlement fee to avoid the cost of litigation.

20. That explains the indiscriminate naming of infringers and non-infringers.

21. The absence of (1) opposing parties or (2) opposing counsel permitted Plaintiff's misrepresentations to avoid detection. *Complaint; Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, Page ID #:23.*

22.     Plaintiff named Defendant in the amended complaint instead of John Doe by maintaining Plaintiff's misrepresentations from the filing of its Complaint to the present. *Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, Page ID #:23.*

23.     IP addresses such as the type identified by Plaintiff's investigator cannot identify a particular computer or computer-user—even when a specific time and date is posited. IP addresses can be associated with a set of possible computer users. The associated subscriber to an ISP is one member of a group using the IP at once; that group can have hundreds of members.

24.      Plaintiff misrepresented its investigator's discovery and conclusion in its Complaint by stating that John Doe was the *subscriber* who was assigned to the IP address. Plaintiff relies on this misrepresentation in all of its documents to give the false impression that a specific individual has been identified as the alleged infringer by its investigation. No investigation by Plaintiff or its agents has been alleged to substantiate Plaintiff's statement that John Doe is the subscriber instead of one of the other users. Plaintiff has not yet conducted an investigation to determine the identity of the alleged infringer.

25.     Plaintiff's statement that Defendant is the same as John Doe is a misrepresentation to this Court by Plaintiff that IP users are the same as, and interchangeable with ISP subscribers.

26.      Plaintiff has not alleged facts that support Plaintiff's belief that, in this particular case, John Doe is not just a user but the account holder or administrator.

27.     Plaintiff has not alleged any facts to suggest that Defendant is the IP user who committed the alleged violation of copyright.

28.     Plaintiff stopped its alleged investigation into the identity of the John Doe defendant before ascertaining that person's identity.

4

29.     Plaintiff did not demand the names of all of the users of the IP address or an answer that would identify John Doe .

30.     Plaintiff did not seek to ascertain John Doe's identity at all. At great cost to Defendant, Plaintiff has disregarded Plaintiff's responsibility to bring the correct defendant into court.

31.     Plaintiff's allegation that John Doe and Defendant are the same person assumes facts that are neither alleged nor true.

32.     Plaintiff alleged that Plaintiff's investigator established a file-sharing connection with a computer operated by John Doe.

33.     Plaintiff alleged that its investigator identified copyright infringement by joining a BitTorrent swarm that shared Plaintiff's motion pictures.

34.     Plaintiff alleged that its investigator downloaded some pieces of each of the films' files through that connection.  Plaintiff referred to its Exhibit A.

 35.     The investigator's declaration never alleges more than having observed the IP address, and not the subscriber, on trackers that connected with Plaintiff's intellectual property on a BitTorrent system.

36.     Defendant, an ISP account holder who has neither used BitTorrent nor copied Plaintiff's property, has been named as a defendant in a federal matter because this is expedient for Plaintiff, who has no interest in pursuing a case on the merits of a copyright infringement claim.

37.     Plaintiff has limited its allegation (regarding the amount of its films on the IP address in question) to one or more tiny pieces of data and not any one of the complete films.  Plaintiff's Complaint, Case: 1:18-cv-06447 Document #12 Filed: 01/25/19 Page 4 of 7 PageID #:56, Factual Background No. 18.

38. Plaintiff's investigator did not find a full copy nor did he claim that a full copy was made by *anyone* at the IP address in question.

39. The facts alleged in Plaintiff's complaint do not include sufficient factual allegations to conclude that a complete copy was made or shared.

40. Plaintiff has skipped the step of alleging facts that indicate that a complete copy has been made or shared by anyone at the IP address identified.

## LEGAL STANDARD

In 2007 and 2009, the Supreme Court twice raised the standard of review for 12(b)(6) motions. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 668 (citing *Twombly*, 550 U.S. at 570).

The Court in both *Twombly* and *Iqbal* heard plaintiffs allege circumstances in which the defendants *could have* acted unlawfully, but were unable to truthfully allege circumstances in which the defendants *actually did* act unlawfully. The instant case is much the same. Plaintiff alleges facts that, even if given the presumption of truth, can only prove that there is a (vanishingly small) possibility that Defendant has infringed. This is far below the standard of a facially plausible cause of action required by *Twombly* and *Iqbal*, for the reasons stated below.

In 2018 in *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142 (2018), the Ninth Circuit held that the copyright holder in an infringement action had not sufficiently pleaded a claim of infringement where the defendant's only connection to the infringement was that he was the

6

Internet service subscriber. To establish a claim of copyright infringement, the plaintiff must show that the defendant himself violated one or more of the exclusive rights of the plaintiff. *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142 (2018).

### ARGUMENT

In order to determine whether the pleadings meet the standard of *Twombly* and *Iqbal*, we begin with the assumption that all facts alleged within the Complaint are true. If the facts alleged are true, has an unlawful act been committed by Defendant?

To answer, we examine first what facts must be proven to make a prima facie case of copyright infringement, and then we examine what facts Plaintiff has alleged. Copyright infringement has but two elements: one, that a copy was made, and two, that this defendant made it. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff alleges that a device used Defendant's IP address to participate in a file-sharing swarm, and that this swarm unlawfully reproduced and distributed Plaintiff's copyrighted work. Plaintiff has not factually pled either element of its prima facie case; it has not pled that Defendant made a copy, and it has not pled that a copy was made.

**Plaintiff has failed to plead that any specific defendant has infringed.**

Plaintiff's factual allegations rely upon Exhibit B of its Complaint, which purports to show that the IP address at hand was associated with a file-sharing swarm at specific times. An IP address is associated with an Internet Service account; in Defendant's case, this is the Comcast account for which he paid, which was shared among residents and guests through wi-fi and with family and friends upon request.

Plaintiff has attempted to mislead this Court regarding Comcast's ability to identify an Internet user through an IP address. An ISP cannot do so. In fact, a careful reading of the subpoena and the order crafted by Plaintiff shows that Comcast was not asked for the name of the infringer. Instead, Comcast was asked for the name of the subscriber. Plaintiff did not try to identify the infringer. No explanation is given for Plaintiff's misrepresentation that Defendant must be the John Doe who was allegedly infringing by virtue of being the subscriber to the account. Typically, the number of people with access to an IP address is large. Any device that connects to the Internet through a router has that router's IP address: family, visitors, neighbors, anybody to pass within the zone of the wi-fi router.

This Court should reject Plaintiff's claim as insufficient. Plaintiff has failed to allege facts to support its assumption that Defendant is John Doe.

In 2018 the Ninth Circuit held that a plaintiff must show more of a connection between the defendant and the infringement than the defendant's subscription to the Internet. *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142. Courts in this district have already concluded that the person paying an Internet bill may not be the purported infringer. PTG Nevada, LLC v. Does 1-24, Docket No. 1:16-cv-01621, Dkt. 27-1 (N.D. Ill. Sept. 13, 2016). See *VPR Internationale v. Does* 1-1,017, No. 11-02068 (ECF Doc. 15 at 2), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address, the correlation is still far from perfect . . . [t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."). Other courts in this Circuit have also discussed this issue and reached the same conclusion. See, e.g., *Malibu Media, LLC v. Reynolds*, Case No. 12-cv-6672 (ECF Doc. 51 at 13) (N.D. Ill Mar. 7, 2013); *TCYK, LLC v. Doe*, 2013 U.S. Dist. LEXIS 88402, 6 (N.D. Ill.

June 24, 2013) ("the increasing ubiquity of wireless networks undermines the copyright holder's assumption that the ISP subscriber is the copyright infringer"). Courts further afield have found the same. See *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("It is no more likely that the subscriber to an IP address carried out . . . the purported illegal downloading . . . than to say an individual who pays the telephone bill made a specific telephone call.").

Plaintiff's pleading strategy casts a wide net. It will collect settlements and payouts from those victims too scared or poor to go to court. And it will profit, because the number of people who give in will far exceed the number who fight. This strategy depends on Plaintiff being able to sue, many people. Mere association with an IP address cannot be plausible enough for a claim of copyright infringement to survive modern pleading standards.

### Misrepresentations to this Court

More concerning, however, are the misrepresentations made by Plaintiff regarding its identification of Defendant. Plaintiff falsely states that knowledge of an ISP subscriber is one and the same as knowledge of the John Doe who committed the alleged infringement. To decide in advance without investigation that the infringer must be the subscriber can only result from a lack of interest in identifying the infringer. In some cases, it will be true that the person whose name is on the ISP account is one of the users of the IP address associated with that account. That is not what Plaintiff has suggested, however. Instead, Plaintiff stated to this Court that the subpoena would provide the name of *the* IP user. What Plaintiff has failed to mention is that Plaintiff does not have any interest in spending time or money on actually discovering the infringing party. Instead, Defendant's name was relatively cheap to discover. Plaintiff did not

need to determine the identity of the infringer, because most people are willing to pay the settlement amount that is thousands of dollars less than the price of hiring a federal litigator.

**Plaintiff has failed to allege that a copy was made.**

We now turn to Plaintiff's allegation that Defendant unlawfully reproduced the Work. Plaintiff alleges that a device associated with Defendant's IP address participated in a file-sharing swarm, and that this swarm unlawfully reproduced and distributed Plaintiff's copyrighted work. Plaintiff never factually alleges that anyone associated with this IP address actually made a copy of the Work. Plaintiff cannot provide factual allegations to support its allegation that the swarm reproduced the Work, because the mere presence of a swarm does not indicate a complete copy, or even a substantial portion of one.

In other words, not every swarm contains a complete copy of its seed file, either whole and on one device, or scattered among many. Being in a swarm does not mean you have copied. It only means you have tried to copy. And as much noise as Plaintiff makes about and "willful" participation in a swarm, copyright infringement is a civil offense, not a crime. Attempted infringement is not infringement. For copyright infringement to occur, a copy must be made, one that is substantially similar to the original and able to be viewed by an audience. *Feist*, 499 U.S. at 361. Plaintiff makes loosely defined allegations that the swarm "reproduced" and "infringed" its Work, but can provide no factual support that anybody actually finished their download. It cannot even factually allege that the swarm had an availability of 1.0 or greater. And as another Court has correctly recognized, prior to at least substantial completion of a BitTorrent download, the torrent file is only an "encrypted, unusable chunk of zeroes and ones," and not a copy at all within the legal definition. *Ingenuity 13, LLC v. Doe*, 2013 U.S. Dist. LEXIS 16952, *7 (N.D. Cal. Feb. 7, 2013).

Furthermore, Plaintiff's method of "catching" infringers is suspect, as a court in the Ninth Circuit explains, referring to the spreadsheet results of a geolocation tracker like the one Plaintiff has filed as Exhibit B of its Complaint: "[t]his snapshot allegedly shows that the Defendants were downloading the copyrighted work—at least at that moment in time. But downloading a large file like a video takes time . . . . [i]n fact, it may take so long that the user may have terminated the download. The user may have also terminated the download for other reasons. To allege copyright infringement based on an IP snapshot is akin to alleging theft based on a single surveillance camera shot: a photo of a child reaching for candy from a display does not automatically mean he stole it. No Court would allow a lawsuit to be filed based on that amount of evidence." *Ingenuity 13, LLC v. Doe*, 2013 U.S. Dist. LEXIS 16952, *7 (N.D. Cal. Feb. 7, 2013).

Plaintiff has dragged Defendant into court, with all of the related expenses, on the bare allegation that someone used this IP address to attempt to download unlawful copies of films with unfamiliar names that Defendant has never heard of or seen. Plaintiff seeks statutory damages from Defendant.

Some defendants likely lack the means to defend themselves against Plaintiff's allegations. Without 17 USC § 505, granting attorney's fees to the prevailing party. All of this, premised on the allegation that someone used this IP address merely to *seek* an unlawful copy of Plaintiff's work – *which is not itself unlawful*.

Plaintiff has not alleged that a copy was made. The assertions that Defendant "infringed" or "reproduced" the Work that are peppered throughout the Complaint are unsupported by any factual allegations; they are conclusory and may be discarded.

**Plaintiff is not entitled to the presumption of truth in its allegations.**

We have thus far presumed the truth of Plaintiff's allegations that Defendant's IP address was involved in a swarm, if only for the sake of argument. But we need not presume the truth of every allegation, and indeed allegations that are "mere conclusions" are not entitled to the presumption of truth. *Iqbal* at 670. The allegation naming this IP address is as flimsy as a cobweb. Exhibit B of the Complaint purports to prove the presence of a swarm in this IP address, but the exhibit is merely a column of numbers. The complaint offers no explanation of how to decipher them, or what they prove, or even what software or service provided them. All of this is presented under the aegis of "information and belief."

Plaintiff may also deliberately hamper its own investigation. Despite the fact that Plaintiff cannot plead that any particular individual has downloaded a full copy of the Work, it is perfectly possible to know if a participant in a file-sharing swarm has downloaded a whole copy. The amount of the file downloaded by a BitTorrent user is called the bitfield value. Cohen, B., *The BitTorrent Protocol Specification* (Oct. 20, 2012), available at, http://www.bittorrent.org/beps/bep_0003.html. This bitfield value could show that a peer has downloaded anywhere from 0% to 100% of the swarm file. Plaintiff could learn from the bitfield value of each peer whether that peer has downloaded a substantial portion of its Work - and a substantial portion of the Work must be copied for infringement to occur. *Feist* at 361. This means that Plaintiff could easily identify the real infringers of the Work. But Plaintiff isn't interested in this information - and why would it be? Why would Plaintiff narrow its focus when it could sue everybody connected to the swarm, and everybody connected to every IP address connected to the swarm?

See Exhibit B, second paragraph (emphasis added). Nothing on the spreadsheet included has the file size. The fields are the John Doe number, the IP address, the filename with movie

12

name and the torrent publisher name, the SHA-1 hash number (which provides the algorithm used to compress and unpack data and is usually unique to each swarm participant), the ISP, the state, the city, and the county. Plaintiff may very well have the bitfield value, or some other information that would show that the file was fully downloaded. But they have not provided it in the pleadings. And why not? If Plaintiff has information that could meet *Iqbal*'s standard, why not give it? If Plaintiff cannot be trusted to provide available information that would reveal whether infringement has occurred at all, then neither should we trust the information it does provide. This Court owes Plaintiff no presumption of truth for any of its factual allegations.

      Plaintiff's misrepresentations in its uncontested memorandum in support of discovery in advance of Rule 26 conference allowed improperly identified Defendant to be brought into this matter without any search for the name of John Doe whose actions were seen by the investigator. While there was no opponent to point this out to the Court at that time, it should not continue to go unnoticed. The false statements that allowed Plaintiff to subpoena Comcast should nullify the subpoena and all that came from it. Further, the false statements, now understood by the Court, suggest that the wrong person has been drawn into this matter. This Court should dismiss this case with an order that Plaintiff not file again without alleging a defendant that it *reasonably believes* to have committed the infringement.

      Plaintiff does not have facts enough to invoke the power of this Court.

      This litigation depends upon fear. Plaintiff's victims fear the ever-increasing costs of litigation, and Plaintiff leverages that fear into settlements. This strategy is not unique to this specific plaintiff. See Matthew Sag, *Copyright Trolling, An Empirical Study*, 100 Iowa L. Rev. 1105-1146 (2015). Plaintiff, and other plaintiffs like it, detects a swarm with at least some fraction of a copy of its copyrighted Work. It uses vaguely described, error-prone, and altogether

factually questionable geolocation technology to identify IP addresses which interacted with the swarm. It determines which judicial districts will be most favorable to suit, and then subpoenas internet service providers in that district to discover names associated with those IP addresses. Plaintiff expects - counts upon - the fact that the majority of its victims will settle for nuisance value.

This Court has an opportunity to throw a pebble into the gears of this machine of extortion. We urge the Court to dismiss this action, and to firmly bar this Plaintiff and other predators like it from the realm of discovery where the purpose is not to identify the correct defendant but, instead, to identify any name and address to whom a complaint can be directed.

This Court has the power and the justification - provided by *Twombly* and *Iqbal* - to stop this predatory plaintiff in its tracks. Defendant begs the Court to do so. Require the Plaintiff to meet factual pleading standards.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).


Dated March 2, 2019						Respectfully submitted,

						By: /s/ Susan Malter
						Susan Malter (Bar No. 6207793)
						203 Brampton Lane
						Lake Forest, Illinois  60045
						(224) 552-0452

						Attorney for Defendant
						William Mullins

Certificate of Service

Susan Malter, and attorney, certifies that on March 4, 2019, she filed a copy of the foregoing motion and the attached exhibit with the ECF filing system which will cause notice to be provided to all counsel of record.

/s/Susan Malter