# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action Case No. 1:18-cv-06447 |
| | ) |
| v. | ) Judge Durkin |
| | ) |
| WILLIAM MULLINS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an order dismissing Defendant's counterclaim with prejudice, and in support states:

### I. INTRODUCTION

This case involves a claim of copyright infringement by means of BitTorrent file sharing technology. In its Amended Complaint [CM/ECF 12], Plaintiff alleges that Defendant used BitTorrent technology to illegally obtain and distribute Malibu's copyrighted movies. This allegation is based on evidence that Defendant accessed and shared these copyrighted movies using Defendant's IP address. Plaintiff has identified eleven (11) movies that are at issue in this case. *See* Exhibits A and B to the Amended Complaint [CM/ECF 12].

Defendant's counterclaim fails to state a plausible claim for relief and should, be dismissed. Defendant's Counterclaim for Declaratory Judgment of Non-Infringement is repetitious and unnecessary because it merely restates issues that are already before this court; namely, whether Plaintiff's copyrights are valid and enforceable and whether Defendant is liable for the alleged infringement. Seventh Circuit precedent makes clear that counterclaims that are merely answers

or defenses are *not* independent pieces of litigation and should be dismissed. Further, recent precedent from Judge Virginia Kendall in this District Court, affirms that this Declaratory Judgment Counterclaim should be dismissed. For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's counterclaim.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly* at 570. Allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal* at 677–79.

## III. ARGUMENT

### A. Plaintiff Does Not Employ Improper Techniques to Force Settlement

Defendant begins his counterclaims with a section entitled "Malibu Media's Copyright Monetization Model" [CM/ECF 33, pp. 11-13]. In this section, Defendant makes spurious claims about Plaintiff's behaviors and litigation techniques. Defendant claims that Plaintiff misuses the Court's subpoena power to extort settlements via intimidation. *See Id* at p. 13. These claims are not only patently false, they do not serve any purpose in allowing Defendant's counterclaim to stand.

First, Plaintiff "is *not* [using the legal system as an instrument of abuse]. Malibu is an actual producer of adult films and owns valid copyrights…. A number of Plaintiff's copyrighted works have evidently been making the rounds on BitTorrent. Plaintiff wants to put a stop to it. So Plaintiff has hired a forensic investigator [and files lawsuits]." *Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, *2–3 (E.D. Mich. July 31, 2013). Plaintiff is itself responsible for conceptualizing, producing, selling, and licensing all of its own work as a part of its business; it does not simply "acquire" copyrights for litigation-purposes. *See* Declaration of Colette Pelissier CM/ECF 7-1 at ¶ 5. And, the overwhelming majority of Plaintiff's income is derived from its regular business—producing films for individual subscribers that pay membership fees and engaging in extensive licensing. *Id.* at ¶¶ 7-8. Plaintiff's primary focus is on creating high quality niche adult content for its business, on growing and maintaining its customer base, and on growing and maintaining its licensing deals. Plaintiff litigates simply to preserve the viability of its business and put an end to the widespread infringement of its works—works that Plaintiff has invested tremendous time, effort, and money into creating. *See generally Id*. Consistent with its goals, Plaintiff does not play a numbers game, but instead only sues the worst of its infringers, naming only one defendant per suit. *Id* at ¶ 20. Plaintiff has instructed its legal team not to pursue a case without adequate evidence and a good faith reasonable belief as to liability. *Id* at ¶¶ 20-22. Consistent therewith, Plaintiff only sues individuals that unlawfully infringe numerous of Plaintiff's works over a significant time period (i.e., those that are particularly threatening to Plaintiff's business). *Id.*

Plaintiff is dedicated to only pursuing liable infringers and it settles and litigates in good faith. Defendant's argument attempts to make it seem as though Plaintiff's only motive is to obtain defendants' identifying information in order to "intimidate defendants into paying them

3

money out of fear[.]" *See* CM/ECF 33, p. 13. These charges are demonstrably false; Plaintiff ***never*** extends a settlement offer to a defendant unless and until the defendant is served with a summons and copy of Plaintiff's complaint. Whenever settlements are reached prior to service, it is because the defendant or a defense attorney has contacted Plaintiff to discuss settlement. Further, Plaintiff has no interest in accepting payment from innocent individuals and it *routinely* voluntarily dismisses cases rather than accept settlements when it obtains information to believe that the defendant offering a settlement is innocent or otherwise experiencing genuine financial hardship. *See* Pelissier Declaration at ¶ 20. Courts have taken notice. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 14-cv-00259, 2014 WL 1689935, *5 (D. Colo. April 28, 2014) ("the Court has personally observed Plaintiff's willingness to settle and/or dismiss cases without payment of *any damages* where the defendant has come forward with exculpatory evidence"); *Malibu Media, LLC v. Doe*, No. 13-cv-01523, 2013 WL 4510363, *3 (D. Colo. Aug. 26, 2013) (same); *Malibu Media, LLC v. Does*, No. 12-cv-02598, 2013 WL 1777710, *7 n.3 (D. Colo. Feb. 12, 2013) ("the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement").

Moreover, litigants seeking to abuse the subpoena power will avoid litigation by dismissing a defendant who declines to settle. *See Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 87751 at *3–4 (S.D.N.Y. July 6, 2015) (expressing concern over those who "quickly negotiate settlements on mass scale without any intention of taking the case to trial"). Yet Plaintiff actively litigates to the fullest extent necessary to preserve its business and protect its copyrights. Plaintiff regularly attends and participates in a litany of court proceedings and hearings throughout the country. Plaintiff has taken well over 300 cases deep into discovery and is heavily litigating at least a dozen cases that may go to trial within the next year or two.

Defendant's suggestion that Plaintiff employs tactics to embarrass defendants is actually the exact opposite of the truth. Plaintiff always allows its defendants to litigate through discovery anonymously—appearing to the public as simply a "John Doe." If this Defendant wanted to proceed anonymously, he needed merely to request to do so.

Further, Courts have held that Plaintiff does not engage in improper litigation techniques. "[Defendant] has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. May 17, 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH (E.D. Mich. May 16, 2013) (same).

Notably, after concluding a trial with Plaintiff, the Court found Malibu Media <u>did not</u> use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 (E.D. Pa. June 18, 2013). Similarly, a Court stated: "the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. Feb. 12, 2013). "The fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners." *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. Mar. 7, 2013); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP [CM/ECF 25] at p. 7 (M.D. Fla. July 6, 2012) (same). "It would be unfair to assume that Malibu would employ abusive litigation tactics without any evidence." *Malibu Media, LLC. v. Doe*, No. 15 CIV. 1834 JGK, 2015 WL 4403407, at *3 (S.D.N.Y. July 20, 2015).

Finally, all of Defendant's accusations of wrongdoing have no bearing on his Counterclaim for Declaratory Relief. As further explained *infra*, Defendant's Counterclaim serves no useful purpose and simply adding argument that Plaintiff is a villain does not a separate controversy.

**B. Defendant's Counterclaim for Declaratory Judgment Fails to State a Claim for Relief**

Defendant's Counterclaim fails and should be dismissed because it is redundant and merely addresses the same issues already presented in the Amended Complaint. Additionally, declaratory judgment plaintiffs in copyright actions must be engaged in an actual making, selling, or using activity subject to an infringement charge or must have made meaningful preparation for such activity. *Red Hat, Inc. v. SCO Grp., Inc.*, No. 03-772-SLR, 2004 U.S. Dist. LEXIS 7077, at *3 (D. Del. Apr. 6, 2004) (Holding plaintiff must have engaged in allegedly infringing acts or possessed the capability and definite intention to engage immediately in such acts as declaratory judgment plaintiffs are prohibited from seeking advisory opinions on their potential liability for copyright infringement.) In the instant matter through his Answer, Affirmative Defenses, and Counterclaim [CM/ECF 33, p. 1 ¶ 2], Defendant has expressly denied he has engaged in any infringing acts. Therefore, the relief sought is both redundant of his denials set forth in the Answer and Affirmative Defenses and is an improper attempt to seek an advisory opinion on liability for acts he claims did not take place.

The decision to grant a declaratory judgment is entirely within the Court's discretion. *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453 at *14-15 (N.D. Ill. Jan. 24, 2011). ("In deciding whether to hear a declaratory judgment action, this court's discretion is broad, and should be based on practicality and wise judicial administration.") (internal citation omitted). "The Declaratory Judgment Act [DJA] was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do

so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, (1962). The DJA provides that:

> "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a). "The prerequisite of an actual controversy tracks the limitation of Article III, which extends federal jurisdiction only to actual controversies which arise under the Constitution, laws or treaties of the United States. *Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp.*, 80 F. Supp. 2d 815, 871 (N.D. Ill. 1999). "The constitutional imperative against issuance of advisory opinions is unmistakable." *Id.* There is no actual controversy here because the Defendant's counterclaim merely seeks an advisory opinion that he did not infringe the Plaintiff's copyright. This issue will be addressed in the Plaintiff's action.

When a counterclaim seeks no affirmative relief other than a finding that the Defendant is not liable to Plaintiff for copyright infringement, that counterclaim must be dismissed. *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929 at * 5 (N.D. Ill. June 9, 2014). See also *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985), and *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78 (N.D. Ill. 1973), (what is actually a defense to a suit does not become an independent claim based on its relabeling). Therefore, Defendant's counterclaim of non-infringement should be dismissed.

Further, when a counterclaim merely restates the issues as a "mirror image" to the complaint, the counterclaim serves no purpose. *C. Wright, A. Miller & M. Kane, Federal Practice and Procedure,* § 1406, at 32-33 (1990) (noting "authority that when a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory

7

judgment moot."). *See also e.g., Malibu Media, LLC v. Ricupero*, Case No. 16-3628, 2017 U.S. App. LEXIS 16586 (6th Cir. August 28, 2017) (Affirming the District Court's dismissal of the declaratory judgment counterclaim identical to the one in the instant case where the counterclaim allegations track those made in Plaintiff's complaint and seek only a declaratory judgment that he did not infringe copyrighted works.); *Tenneco Inc. v. Saxony Bar & Tube, Inc.* at 1379. ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

On May 31, 2019, Judge Kendall of this District Court for the Northern District Of Illinois entered an order dismissing what was titled as an Abuse of Process Counterclaim, but also made a request for declaratory relief on the same grounds as the instant Counterclaim (i.e. with Defendant claiming the Counterclaim seeks to prove his innocence, have Plaintiff's claims against him dismissed, and to prevail against Plaintiff as not liable for infringing Plaintiff's copyrights. See *Malibu Media. LLC v. John Doe*, Case No. 18cv5792, United States District Court for the Northern District of Illinois, Order at CM/ECF 36, dated May 31, 2019 (hereinafter the "First Kendall Order"), attached hereto as Exhibit "A" for ease of reference. In that case Judge Kendall held that the counterclaim for declaratory relief served no useful purpose, and arguing that Malibu Media would not be prejudiced by the counterclaim, and/or that the counterclaim would deter Malibu Media from filing future claims, are not legally valid reasons to maintain a counterclaim. *See Id*. At p. 1-2. Therefore, Judge Kendall struck the request for declaratory relief as redundant and "no more than a restatement of Defendant's general denial of liability." *Id.* At p. 2.

Judge Kendall reaffirmed this recent precedent on in a June 6, 2019, Order in See *Malibu Media. LLC v. John Doe*, Case No. 18-cv-7657, United States District Court for the Northern District of Illinois, Order at CM/ECF 31, dated June 6, 2019 (hereinafter the "Second Kendall Order"), attached hereto as Exhibit "B" for ease of reference.

These rulings are founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If Defendant wins at trial, the jury's verdict will find him not liable and validate either the denial of liability or affirmative defenses already pleaded. In this regard, Defendant's counterclaim does nothing to clarify and settle the legal relationships in issue or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Defendant's counterclaim is a mere mirror-image of the allegations in Plaintiff's complaint and accordingly, it should be dismissed.

Defendant's counterclaim does not contain an independent claim for relief. Indeed, Defendant's counterclaim adds nothing to the pleadings already put before this Court since he seeks only a declaration that he did not infringe Plaintiff's works and requests that the Court enter a judgment that Plaintiff's "claims for infringement be denied in their entirety." [CM/ECF 33, p. 13, ¶ A]. As stated above, this goal will be accomplished should Defendant prevail at trial. Defendant's mere denials of liability provide no basis for an independent action and accordingly, his counterclaim should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's counterclaim with prejudice.

Dated: June 24, 2019				Respectfully submitted,

											MEDIA LITIGATION FIRM, P.C.
					By:		/s/ *Mary K. Schulz*
											Mary K. Schulz, Esq.
											1144 E. State Street, Suite A260
											Geneva, Il 60134
											Tel: (312) 213-7196
											Email: medialitigationfirm@gmail.com
											*Attorneys for Plaintiff*


## **CERTIFICATE OF SERVICE**

I hereby certify that June 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

				By:		/s/ *Mary K. Schulz*