```
                     IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

   MALIBU MEDIA, LLC,                   )   Docket No. 18 C 6447
                                        )
                  Plaintiff/            )   Chicago, Illinois
                  Counterdefendant,     )   August 8, 2019
                                        )   9:07 a.m.
             v.                         )
                                        )
   WILLIAM MULLINS,                     )
                                        )
                  Defendant/            )
                  Counterplaintiff.     )


                TRANSCRIPT OF PROCEEDINGS - Motion Hearing
                 BEFORE THE HONORABLE THOMAS M. DURKIN

   APPEARANCES:


   For Malibu Media:        MS. MARY K. SCHULZ
                            Media Litigation Firm PC
                            1144 E. State Street
                            Suite A260
                            Geneva, IL 60134


   For William             MS. SUSAN MALTER
   Mullins:                Susan Malter Law
                           203 Brampton Lane
                           Lake Forest, IL 60045


                           MS. LISA L. CLAY
                           Lisa L. Clay, Attorney at Law
                           2100 Manchester Road
                           Suite 1612
                           Wheaton, IL 60187


   Court Reporter:         LAURA R. RENKE, CSR, RDR, CRR
                           Official Court Reporter
                           219 S. Dearborn Street, Room 1432
                           Chicago, IL 60604
                           312.435.6053
                           laura_renke@ilnd.uscourts.gov
```

1     (In open court.)
2         THE CLERK:  18 C 4946, Malibu Media v. Obrochta;
3  18 C 6447, Malibu Media v. Doe; and 18 C 8437, Malibu Media v.
4  Doe.
5         MS. SCHULZ:  Good morning, your Honor.  Mary Schulz on
6  behalf of Malibu Media in all three cases.
7     (Proceedings had not herein transcribed.)
8         THE COURT:  And 18 CV 6447.
9         MS. SCHULZ:  Mary Schulz on behalf of Malibu Media.
10        MS. MALTER:  Susan Malter on behalf of the defendant,
11 William Mullins.
12        MS. CLAY:  Lisa Clay, also on behalf of defendant.
13        THE COURT:  All right.  We're here on a status and
14 also a motion to dismiss the counterclaim.
15        MS. SCHULZ:  Your Honor --
16        THE COURT:  Have you had any settlement discussions?
17        MS. SCHULZ:  We tried.  We didn't really discuss
18 settlement, your Honor.  I provided some information as
19 instructed regarding the investigation we conducted and
20 anticipated any exculpatory information.  I didn't --
21        MR. WILLIAMS (on telephone):  Hello.
22        MS. SCHULZ:  -- get -- I didn't get very much.
23        THE CLERK:  One moment, please, Mr. Williams.  Okay?
24        MR. WILLIAMS (on telephone):  Yes, ma'am.
25        THE CLERK:  Thank you.

1        MS. MALTER: Your Honor --
2        THE COURT: All right. Well, bottom line is I think I
3    had asked if there was some information you could provide that
4    Mr. Mullins was not the person who had actually downloaded the
5    movies or engaged in the conduct alleged in the complaint,
6    provide it to plaintiffs, and see if you could work it out.
7    Apparently that didn't work out.
8        MS. SCHULZ: That's right.
9        THE COURT: That -- from your perspective -- what's
10   the perspective of the defendants?
11       MS. MALTER: From our perspective, your Honor, your
12   motion to dismiss -- I mean your denial of our motion to
13   dismiss was in reliance on assertions and allegations by the
14   plaintiff: first, that there existed evidence of copyright
15   infringement in the first place; and, second, that there had
16   been a full investigation. In fact, you asked -- you said that
17   normally there are -- plaintiffs conduct investigations. And
18   counsel for plaintiff had said, "Yes, your Honor, there was a
19   full investigation. That is our procedure."
20       At our meet-and-confer, we learned that there is no
21   evidence that the plaintiff or plaintiff's counsel has seen at
22   all, no data, although the specific data -- the PCAPs, the
23   TAR files -- they haven't seen it or had access to it and have
24   objected to sharing that in their initial discovery. They
25   don't want to give us any evidence on which their complaint is

1  based.

2  You asked us for informal discovery.  We shared
3  exculpatory information.

4  You also asked them -- I don't know if you want me to
5  read from the transcript, but you asked them to --

6  THE COURT:  What I'm going to do -- I apologize.  I
7  thought this would be briefer.  I'm going to recall you because
8  I've got a prisoner on the line.  I'm going to recall so I can
9  give full consideration to your arguments.

10  MS. MALTER:  Thank you.

11  THE COURT:  So please hang around and we'll --

12  MS. SCHULZ:  Thank you.

13  THE COURT:  -- recall you.

14  (The Court attends to other matters.)

15  THE CLERK:  Okay.  18 C 6447, Malibu Media v. Doe.

16  THE COURT:  And the prosecutor on Cardenas is not back
17  yet?

18  MR. PEILET:  No, your Honor.

19  THE COURT:  Okay.  Very good.

20  MS. SCHULZ:  Good morning again, your Honor.  Mary
21  Schulz on behalf of Malibu Media.

22  MS. MALTER:  Susan Malter on behalf of defendant,
23  William Mullins.

24  MS. CLAY:  Lisa Clay, also on behalf of defendant.

25  THE COURT:  All right.  I think we were hearing from

1    the defendants that you didn't receive -- or didn't believe --
2    don't believe you've received any information from the
3    plaintiff that goes into what their good-faith basis was to
4    proceed against Mr. Mullins.
5            MS. MALTER:  Yes, your Honor.  When you suggested
6    informal discovery go forward, I think optimistically, you
7    suggested that we share -- you said:  "... if it's not
8    password-protected or ... if he can present evidence that other
9    people have hacked into his computer of some kind -- in some
10   way, I'm confident Ms. Schulz" --
11           THE COURT:  Slow down.
12           MS. MALTER:  Oh.
13           THE COURT:  My court reporter can't take it if you're
14   going that fast.
15           MS. MALTER:  I'm sorry.
16           "... if it's not password-protected or there's a -- he
17   can present evidence that other people have hacked into his
18   computer of some kind -- in some way, I'm confident Ms. Schulz
19   is going to look at that and, you know, credibly evaluate it."
20           So we sent information that was exculpatory.  We
21   showed the weakness of the type of password -- I don't know how
22   much detail you want, but we shared information that was
23   exculpatory.
24           Then you said, suggesting to Ms. Schulz:  "... I
25   assume you're going to let counsel know -- and this is

1  something you ought to do just to see if you can resolve the
2  case.  Let counsel know what it is that convinced you and your
3  client to name him when you amended the complaint because I
4  know you start as a John Doe.  You end up amending a complaint
5  and name someone when you become certain that it's the person
6  who downloaded it ..."
7        And we have not received anything from Ms. Schulz that
8  explains any further investigation or anything other than the
9  IP address.  She restated what she'd said in the complaint but
10 nothing new.
11       We had a meet-and-confer, and at the meet-and-confer,
12 Ms. Schulz made clear that the plaintiff doesn't have access to
13 and has not seen or reviewed any evidence of copyright
14 infringement, so none of the PCAPs, none of the TAR files, none
15 of the Torrent files or MySQL and the logs that were described
16 in the declarations or in the complaint.
17       THE COURT:  Okay.  Ms. Schulz.
18       MS. SCHULZ:  Your Honor, I sent an e-mail to both
19 counsel on June 12th stating a number of things -- I don't know
20 if you want me to read it -- but explaining that based on the
21 investigation we did prior to amending the complaint, we had
22 found that there was not just the 11 infringed works from
23 Malibu Media, but more than 70 downloads to that ISP address.
24       And the review of those -- the material found that the
25 majority -- I'm sorry.  Not the majority -- that the movies,

1  music, software, and other adult entertainment was age-
2  appropriate to Mr. Mullins and to the household.  We don't --
3           THE COURT:  How old is Mr. Mullins?
4           MS. SCHULZ:  I believe he's 43, but I'm --
5           THE COURT:  Does he live at -- whatever.  He's in his
6  mid-40s.  Is he single?  Does he live there with adult
7  children?  Does he have --
8           MS. MALTER:  He's married, I think.  He has a small
9  child.
10          THE COURT:  All right.  And is it a residence or an
11 apartment?
12          MS. MALTER:  It's a residence.  He's had --
13          THE COURT:  I -- they're all residences.  I'm sorry.
14 Is it a home or an apartment?
15          MS. MALTER:  He's in a condo.  I sent pictures of the
16 building to show how close all the units are together.  There's
17 a bunch of six multi-unit buildings.  He said he used the same
18 password that was like 1234 for -- since he graduated from
19 college, that he lets everyone anywhere use it until as soon as
20 he got notice of this.
21          He also had had multiple different Wi-Fi systems
22 because they had terrible connections.  He turned everything --
23 changed -- took it all apart.  He just uses one Wi-Fi now.  He
24 created a password because part of -- because he hadn't
25 considered this possibility that people might -- that someone

1 might do that.

2 But we're -- we didn't get any information about an
3 actual investigation conducted by plaintiff. So even what
4 Ms. Schulz just said now doesn't indicate anything other than
5 they looked up his age.

6 THE COURT: Well, they -- they're not -- I had
7 suggested there be an investigation or some type of informal
8 discussion because that's often how these cases get resolved.
9 The -- you know, the grandmother who is alleged to have
10 downloaded porn is implausible, and it turns out the -- you
11 know, the grandson is using the grandmother's computer, or
12 there's -- there's hacking or something where somebody is
13 downloading pornography when it's clear the defendant is
14 unlikely to be the person doing it. I had suggested such
15 informal discussions because that's how these are resolved.

16 They have alleged, as they're allowed to, a plausible
17 complaint. If it turns out the basis for their allegations
18 were made in bad faith, there are severe sanctions for that.
19 If it turns out they acted in good faith but are wrong, then I
20 have to decide whether -- then the case -- they lose. But on
21 its face, as I held last time, it's a plausible complaint.

22 What I would suggest, rather than brief a
23 counterclaim -- what's your counterclaim? There's a motion to
24 dismiss. What is the basis of the counterclaim? I haven't
25 read the brief, so --

1    MS. CLAY: Oh, I'm sorry. It's a declaration of
2 noninfringement.
3    THE COURT: Okay. All right. So it's the mirror
4 image of the --
5    MS. CLAY: That is not our position, but I understand
6 that might be yours.
7    THE COURT: Well, it's -- it's -- well, "declaration
8 of noninfringement," what do you mean? He didn't do it?
9    MS. MALTER: No.
10    Oh, go ahead.
11    THE COURT: Oh. This is you're alleging that -- well,
12 go ahead. I won't restate it. Tell me.
13    MS. MALTER: We're alleging that there was no
14 infringement and that we haven't seen any evidence of
15 infringement, and we're alleging that there's -- we're alleging
16 that there are statements that are being made about the data
17 that the plaintiff can't support and knows it can't support.
18 So not that our client didn't commit infringement, but there's
19 actually no copyright infringement underlying.
20    THE COURT: I see.
21    MS. MALTER: We've served discovery. And what we'd
22 like to do is in 60 days file a motion to compel if we still
23 don't get the data we're looking for and then have a status in
24 60 to 90 days.
25    We've brought in a national expert who -- well,

1  *pro hac vice*, so that's just a pending motion. But he is the
2  expert in looking at this data to identify whether it actually
3  means what plaintiff claims to have.
4    THE COURT: All right. Well, that's further than
5  these cases typically go.
6    Is your client prepared to testify under oath or under
7  penalty of perjury that --
8    MS. MALTER: Yes.
9    THE COURT: -- he did not download these things?
10   MS. MALTER: Yes, your Honor.
11   THE COURT: All right.
12   MS. SCHULZ: Your Honor, if I may. There's been a lot
13  of discussion about what's been provided and not. Defendant
14  claims that he's given his password out but refuses to indicate
15  to whom it might have been given. And our -- and I understand
16  that that isn't an issue at this point.
17   But the basis -- the information that we provided to
18  counsel demonstrates our Rule 11 requirements and our
19  satisfaction of our good-faith belief that it was not just
20  anybody, but it was Mr. Mullins.
21   THE COURT: All right. Well, here's what I'm going to
22  do. I'm going to enter and continue the motion to dismiss the
23  counterclaim. This case doesn't go forward if Mr. Mullins is
24  not the person who did this. Maybe it's against someone else.
25   But I -- I respect your counterclaim, what you're

1   alleging.  But we need to get -- we.  You need to get to the
2   bottom either to satisfy the plaintiff that Mr. Mullins is not
3   the person that downloaded it, or not.  If Mr. Mullins did or
4   they're not satisfied, then we'll -- I'll hear briefing and
5   allow you to respond to their motion to dismiss.  I'm not
6   dismissing the counterclaim at this point.
7           MS. CLAY:  Your Honor --
8           THE COURT:  Yeah.
9           MS. CLAY:  -- my concern here is that I think we're
10  working at this backward.  The plaintiff is the person who has
11  a burden of proof, not the defendant.  We have asked for the
12  very basic data that the plaintiff is suggesting is in their
13  possession and that forms the basis of their complaint.  And
14  all we have to do to verify that Mr. Mullins did or didn't do
15  what has been alleged is look at that evidence.
16          THE COURT:  All right.
17          MS. CLAY:  They're refusing to give it to us.  And --
18          THE COURT:  Well, here --
19          MS. CLAY:  -- that's a problem.
20          THE COURT:  Here's what I'm going to do.  I'm going to
21  give you a 90-day discovery cutoff.
22          Sandy, that's when?
23          THE CLERK:  I think that takes us to November.
24          THE COURT:  That far?  Okay.
25          MS. SCHULZ:  Time flies.

1       THE COURT:  Yeah.
2       THE CLERK:  Maybe like November the 12th.
3       THE COURT:  That's your discovery cutoff.
4       You have -- I'm going to allow you to take discovery
5  on your counterclaim.
6       I'm going to allow you to take discovery on your
7  complaint.  Take the dep of Mr. Mullins.
8       If you think there's data that the plaintiff has that
9  you need to pursue your counterclaim -- which I haven't ruled
10 on the -- whether I'm going to dismiss it or not -- I'll allow
11 discovery to take place.
12      MS. CLAY:  Okay.
13      THE COURT:  Issue subpoena -- well, it's a production
14 request.  They're a party.
15      MS. CLAY:  It is.  We --
16      THE COURT:  And --
17      MS. CLAY:  -- issued them yesterday.
18      THE COURT:  Fine.  And they can either respond by
19 giving it to you, respond by saying it's overbroad.  And you
20 either agree -- and if you disagree, come in on a motion to
21 compel.
22      Take the dep of Mr. Mullins.  That may solve a lot of
23 problems.
24      How you decide what goes first I'm going to let the
25 parties decide.  I think I know what I would do, but I'm not

1 the attorney on the case. So you both have free rein to take
2 the discovery that you think you need to support your claims in
3 the order in which you want to do it.
4     I'll set you for a status in 45 days, midway through
5 that discovery period, to see how you're proceeding.
6     THE CLERK: Can you come back maybe on October the
7 1st?
8     MS. CLAY: I'm on trial that week. But Mr. Curt --
9     THE COURT: We'll do it --
10     MS. CLAY: Mr. Edmondson is available, and he --
11     THE COURT: All right.
12     MS. CLAY: -- can certainly handle it.
13     THE COURT: That's fine.
14     MS. SCHULZ: Your Honor --
15     THE COURT: It's really just a status report to see
16 that --
17     MS. CLAY: Certainly.
18     THE COURT: -- discovery is proceeding in some type of
19 orderly fashion.
20     Yeah.
21     MS. CLAY: And could we also -- just as a sort of
22 clarification issue, I am certain we will need to file a motion
23 to compel. Would you like that to come before you, or would
24 you like a referral to Magistrate --
25     THE COURT: No, you --

| | |
|---|---|
| 1 | MS. CLAY: -- Finnegan? |
| 2 | THE COURT: -- can bring it before me. |
| 3 | MS. CLAY: Okay. Very good. |
| 4 | THE COURT: But don't be -- don't be pessimistic. You |
| 5 | never know. |
| 6 | MS. CLAY: Oh, I know. |
| 7 | THE COURT: All right. Well, there's more history |
| 8 | here than I -- |
| 9 | MS. CLAY: Yes, clearly. |
| 10 | THE COURT: -- I may be aware of. Okay. |
| 11 | MS. SCHULZ: Not with me, your Honor. |
| 12 | THE COURT: Okay. |
| 13 | MS. SCHULZ: So I object to the characterization of |
| 14 | the assurance. |
| 15 | Your Honor, would this be appropriate, though, for an |
| 16 | assignment for settlement conference? |
| 17 | THE COURT: Only if both sides say they want to go. |
| 18 | MS. CLAY: We would be happy to engage in a settlement |
| 19 | conference if Ms. Schulz is offering to pay Mr. Mullins for the |
| 20 | privilege of having been sued. If she is expecting a |
| 21 | settlement conference to result in payment to her client -- |
| 22 | THE COURT: We don't need -- |
| 23 | MS. CLAY: -- the answer -- |
| 24 | THE COURT: -- to do this -- |
| 25 | MS. CLAY: -- is no. |

1        THE COURT:  -- on the record.
2        If in the hallway you both decide there is a basis for
3   a settlement conference before Judge Finnegan, I'll make a
4   referral immediately, put a hard stop on all discovery, and you
5   go to Judge Finnegan.  I need both sides to say they want to do
6   it.
7        MS. CLAY:  Correct.
8        THE COURT:  And if either one of you think that the
9   terms the other is insisting on is a nonstarter, I'm not going
10  to waste Judge Finnegan's time --
11       MS. CLAY:  Very good.
12       THE COURT:  -- because it would be a waste.
13       So you've got a status date.  I hope you don't come in
14  on a motion to compel, but if you do, meet and confer first,
15  and if you can't reach agreement, I'll hear your motion.
16       MS. CLAY:  Thank you, your Honor.
17       MS. SCHULZ:  Thank you, Judge.
18       THE COURT:  Thank you all.
19       MS. MALTER:  Thank you, your Honor.
20       (Concluded at 10:08 a.m.)
21                   C E R T I F I C A T E
22    I certify that the foregoing is a correct transcript of the
23  record of proceedings in the above-entitled matter.
24
    */s/ LAURA R. RENKE*                          *September 1, 2019*
25  LAURA R. RENKE, CSR, RDR, CRR
    Official Court Reporter