```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

MALIBU MEDIA, LLC,                )    Docket No. 18 C 6447
                                  )
            Plaintiff/            )    Chicago, Illinois
            Counterdefendant,     )    October 23, 2019
                                  )    9:42 a.m.
       v.                         )
                                  )
WILLIAM MULLINS,                  )
                                  )
            Defendant/            )
            Counterplaintiff.     )


       TRANSCRIPT OF PROCEEDINGS - Status/Motion Hearing
           BEFORE THE HONORABLE THOMAS M. DURKIN


APPEARANCES:


For Malibu Media:      MS. MARY K. SCHULZ (via telephone)
                       Media Litigation Firm PC
                       1144 E. State Street
                       Suite A260
                       Geneva, IL 60134


For William            MS. SUSAN MALTER
Mullins:               Susan Malter Law
                       203 Brampton Lane
                       Lake Forest, IL 60045


Court Reporter:        LAURA R. RENKE, CSR, RDR, CRR
                       Official Court Reporter
                       219 S. Dearborn Street, Room 1432
                       Chicago, IL 60604
                       312.435.6053
                       laura_renke@ilnd.uscourts.gov
```

```
1            (In open court.)
2               THE CLERK:  18 C 6447, Malibu Media v. Doe.  And I
3    need to get Ms. Schulz on the line.
4            (Clerk places telephone call.)
5               THE COURT:  Let's hear the 2999 one first.  I think
6    that's the shorter of the two.
7            (The Court attends to other matters.)
8               THE CLERK:  Ms. Schulz, if you can remain on the line,
9    please.
10              MS. SCHULZ:  Yes.
11              THE CLERK:  Okay.  18 C --
12              MS. RUSSELL:  Thank you.  Have a good day, all.
13              THE CLERK:  Thank you.
14              18 C 6447, Malibu Media v. Doe.
15              MS. SCHULZ:  Mary Schulz on behalf of Malibu Media.
16              MS. MALTER:  Susan Malter on behalf of defendant,
17   William Mullins.
18              THE COURT:  All right.  This is a motion for voluntary
19   dismissal with prejudice by plaintiff.
20              Malibu moves for this under -- for -- moves to dismiss
21   its claim for copyright infringement against defendant with
22   prejudice under Federal Rule of Civil Procedure 41(a)(2).  In
23   considering whether to grant a motion under Rule 41(a)(2), I
24   must look at whether the defendants will suffer undue prejudice
25   from dismissal.
```

1       Seventh Circuit has emphasized four factors to guide a
2  Court's discretion:  (1) The defendant's effort and expense in
3  preparing for trial; (2) excessive delay and lack of diligence
4  on the plaintiff's part in prosecuting the action; (3)
5  insufficient explanation for the need to take a dismissal; and
6  (4) the defendant's filing of a motion for summary judgment.
7  That's *Ratkovich v. SmithKline*, 951 F.2d 155, page 158
8  (7th Cir. 1991).
9       The Court is free to impose such terms and conditions
10 as necessary, including dismissal with prejudice.  That's the
11 same case at pages 157 and 158.
12      Here the case is in its early stages, and the parties
13 have not filed motions for summary judgment.  Moreover, the
14 defendant does not argue that these factors militate against
15 dismissal.  Accordingly, the Court grants Malibu's motion to
16 dismiss its claim against defendant with prejudice.
17      Now, Malibu also moves to dismiss defendant's
18 counterclaim for declaratory relief as moot, arguing that a
19 justiciable -- justiciable controversy no longer exists because
20 it does not wish to pursue its infringement claim.
21      But Malibu does not admit noninfringement; rather,
22 Malibu states that its dismissal -- it seeks dismissal because
23 the time and expense it would incur to pursue this action
24 outweighs any potential recovery.
25      The defendant is still entitled to assert he did not

1 infringe Malibu's copyright and attempt to clear his name.
2 He's being -- he has been accused of being a pornography thief,
3 a downloader.  Malibu generously has decided to dismiss their
4 complaint.  Mr. Mullins is still accused, given the fact that
5 Malibu does not admit they have the wrong guy -- he has still
6 publicly been accused of being a pornography thief.
7 	So unless and until Malibu issues a statement of
8 noninfringement, a justiciable -- justiciable controversy still
9 exists and defendant may seek declaratory relief.
10 	My suggestion is to the parties that Malibu file a
11 statement on the docket that it brought this action in good
12 faith but, after further review, determined that defendant did
13 not infringe its copyrights.  That would allow Mr. Mullins to
14 point to the public record that he is not a pornography thief
15 and would no longer make this, in my mind, a case in
16 controversy that would allow for any requirement of a federal
17 disposition.
18 	I don't know whether Malibu is willing to do that.
19 I'll first hear from Ms. Schulz.  Then I'll hear from counsel
20 in court as to that proposal.
21 	MS. SCHULZ:  Your Honor, Mary Schulz.
22 	I certainly will present that to my client and
23 hopefully get a swift response.  I cannot -- I'm not authorized
24 to -- to commit to that at this point.
25 	THE COURT:  All right. And from the -- Mr. Mullins'

1 attorney.

2 MS. MALTER: Your Honor, our concern is the question
3 about good faith. We've sought evidence of actual -- any
4 finding of infringement and whether there was any investigation
5 at all. And during the period -- we never got our MIDP
6 disclosures. They asked for an extension because of undue
7 burden.

8 But we've never been shown that the plaintiff has ever
9 had good-faith reason or reviewed any evidence that showed
10 infringement. It wasn't a question, as far as we understand,
11 of who did the copyright infringement; it's a question of
12 whether anyone at this IP address at all has committed
13 copyright infringement.

14 And that's -- that's the reason the good-faith -- even
15 if they say, "We in good faith looked for something," it --
16 it's becoming more difficult to believe it because we don't
17 have the PCAPs or even the most basic things.

18 And if I understand correctly what Ms. Schulz said
19 during our telephone meet-and-confer, it was that they had
20 never wanted to spare the expense -- or they didn't want to
21 spend the money to pay their investigator to actually see any
22 evidence of infringement by this -- at this IP address.

23 THE COURT: All right. Ms. Schulz, is that true?

24 MS. SCHULZ: Only partly, your Honor. We didn't want
25 to incur the expense of obtaining the PCAPs.

1  But, your Honor, the PCAPs are not a necessary item to
2  proceed in good faith. We have -- and I've pointed out we have
3  the ancillary downloading that was done with this IP address.
4  And it is sufficient to show that improper downloading -- not
5  just of our material but of others -- has occurred at this
6  IP address consistent with the -- the public information we
7  have regarding the subscriber.
8  So it is absolutely incorrect to say we had no reason
9  to believe that this subscriber was, in fact, impermissibly
10  downloading not only our works but others'.
11  THE COURT: Have you shown that -- the original
12  information you used to justify the filing of the complaint to
13  defendants?
14  MS. SCHULZ: I characterized it. I did not give a
15  complete summary of those -- those downloads.
16  At this juncture, however, I believe that that would
17  be appropriate to do. The reason we didn't is if we were going
18  to proceed with litigation, we didn't want to necessarily
19  advise the defendant of the nature of that -- that material,
20  the specifics of it.
21  At this point it seems totally appropriate. And I
22  would recommend to my client that we do that.
23  THE COURT: I think you should because I recognize,
24  obviously, you file many of these cases. And you're -- the
25  challenge of defendants is they don't believe you had a

1 good-faith basis to file a complaint.  I think you need to show
2 them the basis by which you filed the complaint.
3     Then I think, as I said, a reasonable disposition of
4 the counterclaim would be a public statement that the -- if --
5 if the -- Malibu agrees with it -- that the defendant,
6 Mr. Mullin [*sic*], is not someone who downloaded -- illegally
7 downloaded pornography, which is what the allegation in the
8 complaint was.  I can understand his being perturbed if that's
9 not true.
10     And I think it will go a long way to removing any case
11 in controversy if there is a statement put on the record by
12 Malibu if that is the fact.  They're challenging the good-faith
13 nature of your complaint.  I think where we stand right now
14 that it should be provided to them, the information you used to
15 justify the filing.  The issue of who is a prevailing party,
16 whether fees are appropriate in this case is something I'm
17 going to put off until after this aspect has been completed.
18     The over -- the original complaint is dismissed.  The
19 motion to dismiss the counterclaim is denied without prejudice.
20 It may be renewed if we -- if what I'm suggesting takes place.
21     And, Ms. Schulz, how much time do you need to provide
22 the information you used to file this complaint to defense
23 counsel?
24     MS. SCHULZ:  Your Honor, I would ask -- not that it
25 would take this time, but just an abundance of caution -- if I

Case: 1:18-cv-06447 Document #: 53 Filed: 11/06/19 Page 8 of 10 PageID #:404

8

1 could have two weeks for that.

2 And could I also have an order that would be a
3 standstill order acknowledging that the counterclaim -- or the
4 defendant's claim now is -- is the only thing that's there? I
5 don't want to have the defendant run up attorneys' fees by
6 proceeding with -- with litigation on that issue until we've
7 got some opportunity to respond to your suggestion.

8 THE COURT: That's -- that's fine. There'll be -- if
9 it doesn't work out, there'll be a declaratory judgment action
10 that proceeds.

11 MS. SCHULZ: I understand.

12 THE COURT: Why don't we set it for a status in three
13 weeks. The only action that should take place before that is,
14 Ms. Schulz, you provide the information to defense counsel --
15 or Mr. Mullins' counsel, now plaintiff's counsel in this case.

16 MS. SCHULZ: Yes.

17 THE COURT: You get back to both them and me when you
18 come back on the status with your position on a public
19 statement about Mr. Mullins that's docketed. And then we'll
20 discuss how we proceed going forward.

21 I'm reserving the issue of prevailing party and any
22 request for fees and costs until everything else gets revolved.

23 So three weeks is when, Sandy?

24 THE CLERK: How is November 14th at 9:00 for everyone?

25 MS. SCHULZ: Good for me.

| | |
|---|---|
| 1 | MS. MALTER: It's good for me too. |
| 2 | THE COURT: And then two weeks to turn over the |
| 3 | information. |
| 4 | When is that, Sandy? |
| 5 | THE CLERK: Two weeks -- |
| 6 | MS. SCHULZ: Thank you. |
| 7 | THE CLERK: Two weeks before the 14th? |
| 8 | THE COURT: No, two weeks from today. |
| 9 | THE CLERK: Oh. That would be the 7th -- well, the |
| 10 | 6th, actually. |
| 11 | THE COURT: Okay. November 6th to turn over that |
| 12 | information to attorneys for Mr. Mullin [*sic*]. And we'll |
| 13 | proceed, and you can report on where things are at when you |
| 14 | come back in three weeks. |
| 15 | Anything -- |
| 16 | MS. SCHULZ: Thank you, your Honor. |
| 17 | THE COURT: Anything else, Ms. Schulz, from you? |
| 18 | MS. SCHULZ: Not from me. |
| 19 | THE COURT: And, Ms. Malter, anything else? |
| 20 | MS. MALTER: No. Thank you, your Honor. |
| 21 | THE COURT: All right. Thank you all. |
| 22 | MS. SCHULZ: Thanks. |
| 23 | (Concluded at 9:54 a.m.) |
| 24 | |
| 25 | |

1    C E R T I F I C A T E

2       I certify that the foregoing is a correct transcript, to

3    the extent possible, of the record of proceedings in the

4    above-entitled matter given the limitations of conducting

5    proceedings via telephone.

6

7    */s/ LAURA R. RENKE*                              *November 6, 2019*
     LAURA R. RENKE, CSR, RDR, CRR
8    Official Court Reporter