```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   MALIBU MEDIA, LLC,              )  Docket No. 18 C 6447
                                     )
 4                  Plaintiff/       )  Chicago, Illinois
                    Counterdefendant,)  November 14, 2019
 5                                   )  8:58 a.m.
          v.                         )
 6                                   )
     WILLIAM MULLINS,                )
 7                                   )
                    Defendant/       )
 8                  Counterplaintiff.)

 9
                  TRANSCRIPT OF PROCEEDINGS - Status
10          BEFORE THE HONORABLE THOMAS M. DURKIN

11
     APPEARANCES:
12

13   For Malibu Media:    MS. MARY K. SCHULZ (via telephone)
                          Media Litigation Firm PC
14                        1144 E. State Street
                          Suite A260
15                        Geneva, IL 60134

16
     For William          MS. SUSAN MALTER
17   Mullins:             Susan Malter Law
                          203 Brampton Lane
18                        Lake Forest, IL 60045

19
                          MS. LISA L. CLAY
20                        Lisa L. Clay, Attorney at Law
                          2100 Manchester Road
21                        Suite 1612
                          Wheaton, IL 60187
22

23   Court Reporter:      LAURA R. RENKE, CSR, RDR, CRR
                          Official Court Reporter
24                        219 S. Dearborn Street, Room 1432
                          Chicago, IL 60604
25                        312.435.6053
                          laura_renke@ilnd.uscourts.gov
```

1      (In open court.)

2      (Clerk places telephone call.)

3           MS. SCHULZ:  This is Mary Schulz.

4           THE CLERK:  Hi, Ms. Schulz.  It's Sandy with Judge

5      Durkin calling on 18 C 6447, Malibu Media v. Doe.

6           MS. SCHULZ:  Mary Schulz on behalf of Malibu Media.

7           THE COURT:  And let's have the attorneys in court

8      identify themselves.

9           MS. CLAY:  Lisa Clay on behalf of defendant.

10          MS. MALTER:  Susan Malter on behalf of defendant.

11          THE COURT:  All right.  The original complaint in this

12     case was dismissed by the plaintiff.  The counterclaim remains.

13     I had suggested that possibly a statement from Malibu Media

14     that Mr. Mullins did not steal or download the movie would go a

15     long way possibly to trying to get this case resolved.

16          There was a "Statement of Non-Infringement."  From

17     what I can see, that apparently has not satisfied the

18     defendant.  Is that correct?

19          MS. CLAY:  Correct, your Honor.

20          THE COURT:  Counterplaintiff.

21          All right.  And you're asking for additional time now

22     to conduct discovery on your case.  Why is there a case in

23     controversy if you say he didn't download it?

24          MS. CLAY:  Your Honor, the problem is we're back to

25     bad faith.  And I apologize.  I'd hoped I'd have time to look

1    back at the transcript.

2          You had ordered counterdefendant to produce certain

3    evidence, and it was very specific.  They still have not done

4    that.

5          THE COURT:  Let's stop right there.

6          Ms. Schulz, where is that information?  I did -- I do

7    recall ordering it to be disclosed, and it's been represented

8    in the motion to extend discovery that it wasn't turned over.

9          MS. CLAY:  That is correct.

10         MS. SCHULZ:  Your Honor, I don't know what she's

11   talking about.  I did disclose since the last hearing details

12   of our investigation.

13         I apologize.  I, frankly, haven't read the motion to

14   continue discovery -- extend discovery.

15         THE COURT:  It's Document 54.  If you need time to

16   read it, I'll recall the case and we'll recall you.

17         MS. SCHULZ:  Thank you.

18         MS. CLAY:  Actually, if --

19         MS. SCHULZ:  I can do that.

20         MS. CLAY:  -- if we did that --

21         THE COURT:  Pardon me?

22         MS. CLAY:  I would like to recall as well.  I'd like

23   to find a couple of sections in the transcript from the --

24         THE COURT:  All right.  We'll --

25         MS. CLAY:  -- last time --

1      THE COURT:  -- recall the --

2      MS. CLAY:  -- I'd like to point out.

3      THE COURT:  -- case probably in about 10, 15 minutes

4  when I have --

5      MS. CLAY:  Perfect.

6      THE COURT:  -- the other cases heard.

7      MS. SCHULZ:  Thank you, your Honor.

8      MS. CLAY:  Thank you, your Honor.

9      THE COURT:  Thank you.

10     MS. MALTER:  Thank you.

11   (The Court attends to other matters.)

12     THE CLERK:  18 C 6447, Malibu Media v. Doe.

13     And let me get Ms. Schulz on the line.

14   (Clerk places telephone call.)

15     MS. SCHULZ:  This is Mary Schulz.

16     THE CLERK:  Hi.  Good morning.  It's Sandy with Judge

17  Durkin calling on 18 C 6447, Malibu Media v. Doe.

18     THE COURT:  All right.  Good morning.  Let's have the

19  attorneys in court identify themselves.

20     MS. CLAY:  Yes, your Honor.  Lisa Clay on behalf of

21  defendant.

22     MS. MALTER:  Susan Malter on behalf of defendant.

23     THE COURT:  All right.  As we said last time, there

24  was a -- plaintiff voluntarily dismissed their complaint.  The

25  defendant had filed a counterclaim.  That counterclaim is still

1    pending.  And then there was a motion to extend discovery on

2    the counterclaim for another six months, until May 15th, 2020.

3          Has everyone read that motion now?  Obviously, the

4    counterdefendants have read it.  They prepared it.  But -- or

5    counterplaintiff has read it.  They prepared it.  But,

6    Ms. Schulz, have you read it?

7          MS. SCHULZ:  Yes, your Honor, I have.

8          THE COURT:  All right.  Do you oppose the motion for

9    extending discovery?

10          MS. SCHULZ:  Yes, your Honor, I do.

11          THE COURT:  Why?

12          MS. SCHULZ:  Because, your Honor, as I read the

13    complaint, the counterclaim, it is for a declaration of

14    noninfringement.  With the filing of our "Statement of

15    Non-Infringement," that should moot the counterclaim.

16          And there needs -- there shouldn't be any need for

17    further discovery because the essence of the counterclaim has

18    been satisfied.

19          THE COURT:  All right.  Response?

20          MS. CLAY:  Your Honor, I'd like to go back just a

21    moment because I think one of the issues that we're struggling

22    with is Ms. Schulz describes evidence in a different way -- and

23    I'm putting "evidence" in air quotes -- and counterdefendant --

24    or sorry -- counterplaintiff is describing it a very different

25    way.

1            I want to be very targeted in what the issue here is.

2    In paragraph 18 of plaintiff's original amended complaint, they

3    suggest "Plaintiff's investigator downloaded from Defendant one

4    or more pieces of each of the digital media files identified by

5    the file hashes listed on Exhibit A."

6            So when you hear counterplaintiff discuss evidence and

7    a request for evidence, that is the evidence that we have been

8    asking Ms. Schulz to produce since I got involved in this case

9    X number of months ago.  So if we can just stay focused on that

10   evidence.

11           At the first hearing that I attended, which was I

12   believe in August -- and this was after you had denied

13   defendant's motion to dismiss.  We were in discovery.  And you

14   encouraged the parties to engage in discovery informally, which

15   we, meaning the defendant/counterplaintiff, attempted to do in

16   good faith.

17           We did not get cooperation from

18   plaintiff/counterdefendant.  What we got was a list of -- of

19   movies -- okay? -- not the underlying evidence.

20           At that hearing, Ms. Schulz made certain

21   representations and admitted that she did not have that

22   evidence, admitted that she had not reviewed that evidence.

23   And in meet-and-confers between the parties, she doubled down

24   on that.  She admitted that again.

25           At the next hearing, which was in August -- or

1    sorry -- in October -- and this was after we had attempted to

2    get that evidence through both formal and the informal

3    discovery process that you had requested and after you had

4    ordered Ms. Schulz to provide us that evidence -- you once

5    again, after they filed their Rule 41, said in the context of

6    our counterclaim, our declaration request, that they needed to

7    produce -- and I want to quote your language -- the

8    "information you used to justify the filing."

9           In my mind, that means the documentation that I just

10   described from paragraph 18.  Ms. Schulz has never given us

11   that.

12          And just as an aside, your Honor, I asked Ms. Schulz

13   repeatedly to continue this so that my technical counsel could

14   be here today.  She refused.  So the person who is in the best

15   position to explain to you what that evidence is, how easy it

16   is for Malibu Media to produce it because it's been produced

17   multiple times in the past -- Ms. Schulz would not agree to

18   that continuance.

19          And so, unfortunately, I'm prejudiced because I don't

20   have that experience and I am not technically competent to

21   describe what that evidence is, what it looks like, and what it

22   should be produced -- the form that it should be produced in.

23          THE COURT:  When can your counsel be available, your

24   co-counsel?

25          MS. CLAY:  He's in Russia at the moment.  And then the

1    week that you're unavailable, I disappear the week after that.

2    The first time he and I are both available is the middle of

3    December, unfortunately.

4         THE COURT:  All right.

5         Well, any objection to continuing this motion to

6    extend discovery, Ms. Schulz, to the middle of December?

7         MS. SCHULZ:  Your Honor, my only objection to

8    continuing this matter was I requested that we're --

9    Mr. Mullins stay further activity in this case, not run up

10   fees, all in accordance with the previous request I made in

11   court in October.  That was -- that was not -- that request was

12   denied.  I'm fearful that any delays will just result in more

13   court filings, more running up of fees for what I consider to

14   be a moot issue.

15        THE COURT:  Well, I haven't decided it's moot.  If you

16   have a motion to dismiss you want to file saying that the case

17   is moot in light of the document that was filed, saying --

18   well, there was a lot of things there that were -- the

19   "Statement of Non-Infringement" contained many paragraphs

20   saying, "We didn't do anything wrong," "we," Malibu Media.

21        But ultimately there was a statement, "Based" --

22   paragraph 11 -- "Based on the denials of infringement and the

23   information provided by Mullins, Malibu now believes that the

24   infringement was done by someone other than Mullins."

25        That ought to satisfy Mr. Mullins.  But apparently it

1  doesn't.  And if you think that statement moots the case, you

2  ought to file a motion to dismiss based on that.

3        I -- I don't know what Mr. Mullins's motivation is to

4  continue this in light of the fact that Malibu Media has said

5  unequivocally, after ten paragraphs of equivocation, in

6  eleventh -- the eleventh paragraph, they said he didn't do it.

7  That's how I read it.  It's common English.  And anyone -- if

8  Mr. Mullins was worried about his reputation, his -- attacks on

9  his character or anything else, paragraph 11 ought to satisfy

10 him because it's written in plain English.

11       But if you think, Ms. -- Ms. Schulz, that moots the

12 case, file a motion to dismiss saying there's no case in

13 controversy.

14       MS. SCHULZ:  Your Honor --

15       THE COURT:  I'll let the other side respond to it, and

16 I'll rule on it in due course.  I'm not prepared to rule on it

17 orally today.

18       Go ahead, Ms. Schulz.

19       MS. SCHULZ:  Your Honor, I just want to mention that

20 counsel indicated to me in an e-mail that she thought that the

21 declaration was improper.  What -- or not proper.  I requested

22 her suggestions on what would be proper.  I'm still open to

23 modifying that declaration if -- if she wants to give me some

24 suggestions.  In the meantime, we will file a motion to

25 dismiss.

1          THE COURT:  All right.  Notice it up for a date in

2  December we're going to have where the co-counsel for

3  counterplaintiff can be here.

4          What date would you want to do it?

5          MS. CLAY:  Let me look.

6          May I briefly respond to that exchange?

7          THE COURT:  It -- I don't really need a response.  I'm

8  not -- I'm not being short.  I've got two other matters where

9  people are in custody, and I -- I --

10          MS. CLAY:  Understood.

11          THE COURT:  -- want to move forward.

12          MS. CLAY:  I believe the earliest day that both

13  Mr. Edmondson and I are available is the -- December 12th.

14          THE COURT:  How does that work, Sandy?

15          THE CLERK:  No.  You're not here.

16          THE COURT:  Oh.  Then I'm not here.  Let's do it the

17  following week.

18          MS. CLAY:  All right.

19          THE COURT:  Assuming the case we just had up is not

20  going to go, how is the 17th?

21          THE CLERK:  That's fine.

22          MS. SCHULZ:  I'm available on the 17th, your Honor.

23          MS. CLAY:  I will make myself available.

24          THE COURT:  All right.  And if your co-counsel -- is

25  he from Chicago? -- he or she from Chicago?

1    MS. CLAY:  No.

2    THE COURT:  Where is --

3    MS. CLAY:  No, he is not.  He lives in Oregon.

4    THE COURT:  He's free to participate by phone.

5    MS. CLAY:  If he were not in Russia, he would have

6    done that today.

7    THE COURT:  All right.

8    MS. CLAY:  But that's not an option.

9    THE COURT:  The only reason he's coming in,

10   apparently -- I assume -- is to explain why a request you made

11   for certain information as part of the original case wasn't

12   complied with, according to -- according to you, and

13   technically how that information is something Malibu Media can

14   provide as he can explain it.

15   MS. CLAY:  That's one piece of it.

16   The other piece of it is we will, unfortunately --

17   I -- I want to take Ms. Schulz's commentary about fees to

18   heart.  But what she has filed is -- is improper for lots and

19   lots of reasons.  I can address some of those reasons.  I

20   understand you're --

21   THE COURT:  By what she filed, you mean the complaint?

22   MS. CLAY:  This "Statement of Non-Infringement."

23   THE COURT:  There's no rules for what that is.  That's

24   meant to be a -- almost a -- I don't know how it could be

25   improper when there's no rules relating to how it should be

1    prepared.  It contains a statement Mr. Mullins didn't download

2    the movies.  It contains ten paragraphs of "We acted in good

3    faith throughout it."

4            I'm almost -- since it's not a -- an actual pleading,

5    it didn't even have to be, frankly, filed with the Court.  It

6    would be something I had anticipated would be a communication

7    between Mr. Mullins through counsel and Malibu Media so that

8    Mr. Mullins would know he's not going to be labeled a

9    pornography downloader and thief, which I assume is something

10   he was offended by and thought the complaint was made in bad

11   faith and that this apology, or at least representation, would

12   satisfy him.

13           So I don't know how this could be improper because

14   there's no rules as to what it should contain anyway.  It was a

15   suggestion by me in the nature of maybe one way to try and

16   resolve this case without continuing to incur a lot of

17   attorneys' fees for both sides.

18           But we'll have that -- we'll have a status on the --

19           What was the date again, Sandy?

20           THE CLERK:  17th.

21           THE COURT:  (Continuing) -- 17th at 9:00.

22           Ms. Schulz, you may want to come in for this.

23           MS. SCHULZ:  I believe I will.

24           THE COURT:  Yeah, because it's more difficult to get

25   two people on the phone.  Your co-counsel from Oregon doesn't

1   have to fly in because I'm not sure how much time this is going

2   to take.

3              MS. CLAY:  Of course not, your Honor.  Thank you.

4              THE COURT:  And, Ms. Schulz, if you intend to file a

5   motion to dismiss because you believe there's no case in

6   controversy, file it on or before -- well, file it before that

7   date so we can set -- at least set a briefing schedule.  Notice

8   it up --

9              MS. SCHULZ:  [Unintelligible.]

10             THE COURT:  -- for that date but have it on file so

11  the other side knows how much time they need to respond to it.

12             MS. SCHULZ:  I will.

13             THE COURT:  Okay.  Anything else we need to discuss

14  today?

15             MS. CLAY:  No, your Honor.  Thank you.

16             THE COURT:  All right.

17             MS. MALTER:  Thank you, your Honor.

18             THE COURT:  And, Ms. Schulz, anything else?

19             MS. SCHULZ:  Your Honor, again, I plead that we do a

20  standstill with regard to further litigation in this matter,

21  with the exception of my filing the motion to dismiss.  And --

22             MS. CLAY:  No.

23             MS. SCHULZ:  And we won't even need to have a response

24  to that because that will be taken care of at the hearing on

25  the 17th.

1          THE COURT:  Well, you're optimistic on that.  I'm not

2  sure that's going to be true.  I'll likely give the other side

3  a chance to respond.  The only thing --

4          MS. SCHULZ:  I understand.

5          THE COURT:  But --

6          MS. SCHULZ:  But between now and the 17th, I would

7  like to not have discovery requests issued and -- and on and on

8  and on.

9          THE COURT:  Are you going to be issuing more discovery

10  between now and the 17th?

11          MS. CLAY:  Here's what I would prefer, your Honor.

12  I -- I want to be respectful of Ms. Schulz's concern.  I think

13  we need to determine where we are procedurally.

14          You have a representation from counterdefendant [*sic*]

15  that whatever we do will not show up on a bill when we get to a

16  point where we are looking to seek fees in this case.

17          Now, I would prefer that I be allowed to do whatever I

18  want to do.  If Ms. Schulz is concerned about attorneys' fees,

19  which is the only concern she has expressed, I can assuage that

20  for her.

21          THE COURT:  Well, let's do it this way.  Unless it's

22  agreed discovery --

23          MS. CLAY:  Mm-hmm.

24          THE COURT:  -- because even though you may not be

25  seeking costs for discovery you propound, she may have to incur

1    fees on behalf of her client to respond to it.

2            So unless it's agreed discovery, let's hold off till

3    the 17th.  If I don't dismiss the case, I'll likely extend the

4    discovery cutoff and let this case proceed as a normal case.

5            MS. CLAY:  Thank you.

6            THE COURT:  So nothing unless it's by agreement

7    between now and the 17th.

8            MS. CLAY:  Perfect.

9            THE COURT:  All right.  Thank you all.

10           MS. CLAY:  Thank you.

11           MS. MALTER:  Thank you, your Honor.

12           MS. SCHULZ:  Thank you, Judge.

13        (Concluded at 9:34 a.m.)

14                    C E R T I F I C A T E

15       I certify that the foregoing is a correct transcript, to

16    the extent possible, of the record of proceedings in the

17    above-entitled matter given the limitations of conducting

18    proceedings via telephone.

19

20    */s/ LAURA R. RENKE*                    *November 22, 2019*
      LAURA R. RENKE, CSR, RDR, CRR
21    Official Court Reporter

22

23

24

25