```
 1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3     MALIBU MEDIA, LLC,               )   Docket No. 18 C 6447
                                        )
 4                    Plaintiff/        )   Chicago, Illinois
                      Counterdefendant, )   December 17, 2019
 5                                      )   9:41 a.m.
            v.                          )
 6                                      )
       WILLIAM MULLINS,                 )
 7                                      )
                      Defendant/        )
 8                    Counterplaintiff. )

 9
                  TRANSCRIPT OF PROCEEDINGS - Motion Hearing
10                BEFORE THE HONORABLE THOMAS M. DURKIN

11
       APPEARANCES:
12

13     For Malibu Media:      MS. MARY K. SCHULZ
                              Media Litigation Firm PC
14                            1144 E. State Street
                              Suite A260
15                            Geneva, IL 60134

16
       For William            MS. SUSAN MALTER
17     Mullins:               Susan Malter Law
                              203 Brampton Lane
18                            Lake Forest, IL 60045

19
                              MR. J. CURTIS EDMONDSON (via telephone)
20                            Law Offices of J. Curtis Edmondson PLLC
                              3699 NW John Olsen Place
21                            Hillsboro, OR 97124

22
       Court Reporter:        LAURA R. RENKE, CSR, RDR, CRR
23                            Official Court Reporter
                              219 S. Dearborn Street, Room 1432
24                            Chicago, IL 60604
                              312.435.6053
25                            laura_renke@ilnd.uscourts.gov
```

1   (In open court.)

2   THE CLERK: 18 C 6447, Malibu Media v. Doe. And I
3   need to get someone on the line for that one.

4   (Clerk places telephone call.)

5   MR. EDMONDSON: Good morning. This is Curt.

6   THE CLERK: Good morning. This is Sandy with Judge
7   Durkin calling on 18 C 6447, Malibu Media v. Doe.

8   THE COURT: All right. Good morning. Let's have
9   everyone identify themselves for the record, starting first
10  with the person on the phone.

11  MR. EDMONDSON: Yes, your Honor. Curtis Edmondson for
12  the defendant.

13  MS. MALTER: Susan Malter for the defendant.

14  MS. SCHULZ: Mary Schulz on behalf of Malibu Media.

15  THE COURT: All right. We're up on a -- two things.
16  One is a motion to extend discovery, which is opposed, and then
17  there's a motion to dismiss the counterclaim.

18  And, finally, was any of the discovery that was
19  requested by Mr. Mullins turned over by you, Ms. Schulz?

20  MS. SCHULZ: There's been nothing turned over
21  recently.

22  THE COURT: All right. Is there still material that
23  the -- Mr. Mullins' counsel believes should have been turned
24  over?

25  MS. MALTER: Yes, your Honor. And, actually,

1  Mr. Edmondson, who is on the line, is the expert about what
2  we'd like turned over.
3           THE COURT:  All right.  Go ahead.
4           MR. EDMONDSON:  Yes, your Honor.  Curt Edmondson for
5  the defendant.
6           I've handled a number of these cases all the way up to
7  trial.  What's typically been provided is data known as PCAPs,
8  which is the raw data showing the transmission of data between
9  the IP address and the monitoring system that's located in
10 Germany.  None of the PCAP data was provided.
11          We also get copies of the -- what's called the
12 reference files, use of the movies produced by Malibu Media, so
13 that it can be compared to the alleged infringing files.  And
14 neither of those two works were produced.
15          And also there is other data, for example, the
16 monitoring data from Comcast.  That wasn't provided.
17          So what I've gotten in the past when I've taken these
18 cases up is large datasets.  And they've never charged me for
19 any of this data.  And in this particular case, they haven't
20 provided those datasets, and their basis for not providing it
21 is they say it costs them money.  And I don't know where that
22 comes from.  So it's -- it's very frustrating, to say the
23 least.
24          THE COURT:  All right. Ms. Schulz?
25          MS. SCHULZ:  Your Honor, the only thing live in this

1 case now is the counterclaim, which seeks declaratory relief,
2 the declaration being that Mr. Mullins is not the culprit, was
3 not the downloader. I filed an affidavit stipulating that.
4 And our complaint has, in fact, been dismissed.
5     I also -- it's up today -- filed a motion to dismiss
6 the counterclaim as being moot. There's no need --
7     THE COURT: I understand. And I'm going to set a
8 briefing schedule on that.
9     But this information they've requested is -- my
10 recollection is they've been requesting it for many months. I
11 would have thought it would be turned over by now. Why can't
12 you turn it over?
13     MS. SCHULZ: Your Honor, my understanding is we were
14 not going to participate in discovery. And I've asked
15 specifically to not -- to hold off on discovery because the
16 counterclaim is now moot.
17     THE COURT: This goes beyond discovery. This goes to
18 the good-faith basis for bringing the lawsuit. Discovery in a
19 case like this would be more extensive. And I'm not ordering
20 more extensive discovery, such as depositions or other types of
21 discovery.
22     But the information that you relied upon which --
23 well, not just information you relied upon, the information
24 that counsel just stated was something that his co-counsel had
25 asked for months and months ago. Is there a reason

1  technically -- technologically why it can't be turned over?
2           MS. SCHULZ:  Not to my knowledge.
3           THE COURT:  All right.  Turn it over.
4           MS. SCHULZ:  And --
5           THE COURT:  Go ahead.
6           MS. SCHULZ:  Excuse me.  Are we -- because I need to
7  be precise when I go back.  Are we talking about the PCAPs?
8           THE COURT:  The precision will have to come from
9  defendant/counterplaintiff.  I think they've sent you a letter
10 asking for this before.
11          But if I'm mistaken, send it again.  And be specific
12 about it.
13          MS. MALTER:  I will, your Honor.
14          THE COURT:  And I'm not ordering depositions.  I'm not
15 ordering more extensive discovery because I'm going to take a
16 briefing schedule on the motion to dismiss the counterclaim.
17 But I believe this goes to the question about the good-faith
18 basis to bring the lawsuit in the first place.
19          And I -- I'm not going to let -- I'm going to order
20 the discovery I just said to take place.  Further discovery
21 will not take place until the motion to dismiss the
22 counterclaim's been decided.
23          How much time do you want to respond to the motion to
24 dismiss the counterclaim?
25          MS. MALTER:  14 days.

```
1                THE COURT:  That's fine.
2                THE CLERK:  That takes you to the 31st.
3                THE COURT:  All right.  If you want 21 days.
4                MS. MALTER:  Thank you.
5                THE CLERK:  January 7th.
6                THE COURT:  All right.  And, Ms. Schulz, how much time
7    do you want to file a reply?
8                MS. SCHULZ:  14 days thereafter.
9                THE COURT:  Sure.
10               MS. SCHULZ:  Your Honor, excuse me.  I --
11               THE COURT:  Let's give you the date first, though.
12               THE CLERK:  21st.
13               THE COURT:  Okay.  Go ahead.
14               MS. SCHULZ:  So what -- this is now a case over
15   Rule 11?
16               THE COURT:  Well, I don't know what it's over.  It --
17   I -- necessarily.  I saw the affidavit that was filed or the
18   declaration filed that you believe Mr. Mullins was not the
19   person who downloaded this.
20               He's still -- I'm not convinced it's moot.  I'm not
21   convinced they can't amend their complaint.  There was a period
22   of time this was pending where -- I'm not going to suggest a
23   theory of liability, but this -- the allegation that he was a
24   porn downloader and a porn thief was pending for some time.
25               They filed a counterclaim.  I don't know what kind of
```

1 cause of action and what kind of damages that can accrue from
2 that. I'm not going to suggest there are any.
3     But I'm not -- I had asked that this information be
4 turned over a long time ago, I had thought. I haven't reviewed
5 every transcript in this case, but I had thought this was
6 supposed to be turned over some time ago. And the -- I'm not
7 going to let the dismissal of the complaint stop at least this
8 minimal turnover of information that would disclose the basis
9 by which this lawsuit was filed.
10     MS. SCHULZ: Your Honor, may I -- that was not my
11 understanding of what was to be turned over. And if -- if --
12 and the only reason I say that is I don't want to be seen by
13 the Court as being obstructionist.
14     So I will contact my client. We will work with
15 counsel and provide the information.
16     THE COURT: All right. We have a briefing schedule
17 set on the motion to dismiss the counterclaim.
18     And, Sandy --
19     And when you work with counsel, this I don't believe
20 should take long.
21     MS. SCHULZ: No.
22     THE COURT: I don't want this to take months and have
23 people come back in on a motion to compel or a protective order
24 filed by you saying they're asking for more than what they
25 should get. I -- my hope is you both understand the technology

1     that was described by counsel.  You're both -- all involved in
2     these cases a lot, so you ought to know -- the language you're
3     speaking ought to be one that you both understand each other.
4           What's the last date of the briefing?
5           THE CLERK:  21st of January.
6           THE COURT:  I'm going to give you a mid-February date
7     to rule on the motion to dismiss the counterclaim.
8           THE CLERK:  Can you come back on February the 11th?
9           MS. SCHULZ:  Yes.
10          MS. MALTER:  Yes.
11          THE COURT:  Okay.  And if I have a written ruling
12    before that, it will just come out on the docket.
13          Okay.  Anything else we ought to discuss?  First, the
14    party on the phone.
15          MR. EDMONDSON:  No, your Honor.  Thank you very much.
16          THE COURT:  Anything else from the attorneys in court?
17          MS. MALTER:  No.  Thank you, your Honor.
18          THE COURT:  Ms. Schulz?
19          MS. SCHULZ:  No.  Thank you.
20          THE COURT:  All right.  And stay up here.  We have
21    another case of yours.
22          MS. SCHULZ:  Oh, yes.
23          THE CLERK:  What do you want to do with the motion to
24    extend discovery?
25          THE COURT:  The motion to extend discovery is entered

1 and continued because I don't know if the counterclaim is going
2 to remain.  So that motion is entered and continued.
3       MS. SCHULZ:  Thank you.
4       THE COURT:  Okay.
5   (Concluded at 9:49 a.m.)
6           C E R T I F I C A T E
7   I certify that the foregoing is a correct transcript of the
8 record of proceedings in the above-entitled matter.
9
10 */s/ LAURA R. RENKE*                    *January 6, 2020*
   LAURA R. RENKE, CSR, RDR, CRR
11 Official Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25