UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALIBU  MEDIA, LLC,

Plaintiff,

v.

WILLIAM MULLINS,

Defendant.

Civil Action Case No. 1:18-cv-06447

Judge Thomas M. Durkin

Magistrate Judge Sheila Finnegan

DEFENDANT'S OPPOSITION TO PLAINTIFF'S COUNSEL'S
MOTION TO WITHDRAW

## I.  INTRODUCTION

Plaintiff/Counter-Defendant Malibu Media ("Malibu"), represented by its long-time attorney, Mary K. Schulz,[1] filed this case and  seven others using a form complaint, Motion for Early Discovery and other tried and true form documents on September 21, 2018 (ECF Dkt. No. 1.) Most recently, in the face of being ordered repeatedly to produce the underlying evidence supporting this claim, Malibu filed a Motion to Dismiss Defendant/Counter-Plaintiff Mullins' ("Defendant" or "Mullins") counterclaim as "moot," restating many of the same arguments made in its prior (and denied) Motion to Dismiss. (ECF Dkt. No. 58.)  On January 7, 2020 Mullins filed his Response/Objection to that Motion, laying out in painstaking detail both Plaintiff and Ms. Schulz's bad faith, both in bringing  this claim (and hundreds of others) without evidence, and then

---

[1] The Northern District of Illinois ECF system lists Ms. Schulz as an attorney in 1118 cases as of January 23, 2020, a vast majority of them for this Plaintiff. As of that same date, 19 of Ms. Schulz's representations with Malibu remain open; she has filed the identical Motion to Withdraw in 16 of those cases.

attempting to obfuscate that fact from this Court for months, disregarding court order after court order. Now, in the face of likely discovery and/or Rule 11 sanctions, Ms. Schulz wishes to abandon her client, but only in part. Defendant submits that Ms. Schulz's motion has nothing to do with Malibu "taking action with which the Schulz has a fundamental disagreement." Ms. Schulz has been complicit with and aided Malibu's activities for years. Ms. Schulz's Motion is a blatant and desperate attempt to separate the inseparable: her own bad acts from those of her client. The Court should not be fooled. Ms. Schulz's Motion should be denied.

## II. STATEMENT OF FACTS

On May 30, 2019 and again on June 14, 2019 Defendant's counsel sent Malibu's counsel, in relevant part, the following request and information:

> "Defendant informally requests any and all documentation of the investigation protocols, systems, or methods used by Plaintiff to ascertain the identities of alleged infringers or John Does before **and after** having obtained IP addresses. Include all data, documents, correspondence, Pcaps, evidence or any documents that refer or relate to investigation including engagement by Plaintiff of any investigator (1) to investigate the alleged downloading and (2) to investigate the identity of the individual who allegedly downloaded and shared a full copy of Plaintiff's intellectual property. Include all data, documents, correspondence, Pcaps, or other evidence of electronic records containing data sent to or from a computer at IP address 73.176.168.82."
> …

(ECF Dkt. No. 48-5, ¶ 17.)[2]

Defendant filed an Answer and Counterclaim on June 3, 2019. Plaintiff served its almost entirely non-responsive MIDPP disclosures on July 8, 2019. On July 13, 2019 Defendant served a Notice of 30(b)(6) deposition. (ECF Dkt. No. 48-5, ¶ 18.) Defendant's counsel sent meet and confer correspondence to Plaintiff's counsel on July 15, 2019 and again on July 24, 2019, expressing their disappointment and concern with the paucity of Plaintiff's disclosures. (ECF

---

[2] *See also* ECF Dkt. No. 48-1, ¶¶ 6, 7.

Dkt. No. 48-5, ¶¶ 19, 20.) The formal telephonic meet and confer that took place on August 2, 2019, accomplished nothing, other than making Defendant's counsel wonder whether there had been a Rule 11 violation, *as Plaintiff's counsel admitted she had not reviewed any of the data referenced in the Complaint and refused to produce any and all alleged evidence based on vague claims of undue expense.* (ECF Dkt. No. 48-5, ¶ 21.) *This was the first of many opportunities Ms. Schulz had to distinguish her own actions from that of her client.* She affirmatively chose not to. *Strike One.*

At the August 8, 2019 status, Attorney Schulz stated on the record that "*the information that we provided to counsel demonstrates our Rule 11 requirements and our satisfaction of our good-faith belief that it was not just anybody, but it was Mr. Mullins.*" (ECF Dkt. No. 48-14 at 10:17-20.) When Defendant protested, the Court ordered that Defendant be allowed "to take discovery on [his] counterclaim. […] Take the dep of Mr. Mullins. If you think there's data that the plaintiff has that you need to pursue your counterclaim – which I haven't ruled on the – whether I'm going to dismiss it or not – I'll allow discovery to take place." (*Id*. at 12:6-11) When Defendants' counsel advised the Court of her confidence that a motion to compel would be necessary, based on her prior experience with Malibu and its counsel, *Ms. Schulz lied to this Court,* and claimed such prior history does not exist. (*Id*. at 14:4-14.)[3] *Strike Two.*

After the hearing Defendant's Counsel followed up repeatedly on Plaintiff's prior discovery requests and served formal requests for production, to no avail. Plaintiff's counsel simply ignored Defendant's counsel's requests for information and/or meet and confers. (See

---

[3] Ms. Schulz and Ms. Clay have been opposing counsel in several cases, most recently *Malibu Media v. Adams*, Case No. 17 cv 8429. The details regarding those interactions are contained in Defendant's Responses and Objections to Plaintiff's Motions to Dismiss. (See ECF Dkt. No. 48, p. 6 fn.11; ECF Dkt. No. 63, p. 5, fn 4.)

email exchanges August 14, 2019 – August 20, 2019 ECF Dkt. No. 48-2, ¶ 15.) In her August

20, 2019 email Attorney Clay asked Ms. Schulz to confirm "in writing that you are refusing to

meet and confer with Curt regarding the outstanding written discovery, so that we can get our

Motion to Compel on that issue filed ASAP. With the short window we have for discovery we do

not have time for this sort of gamesmanship." (*Id.*) ***Ms. Schulz made no attempt to suggest that***

***she had advised her client to cooperate, or that she believed it should.*** Plaintiff filed its initial

Motion to Dismiss (ECF Dkt. No. 44) three days later, shortly after the Offer of Judgment

expired. ***Strike Three.***

The parties briefed Plaintiff's original Motion to Dismiss and appeared for status on

October 23, 2019, where the following exchange took place:[4]

> THE COURT: My suggestion is to the parties that Malibu file a statement on the
> docket that it brought this action in good faith but, after further review,
> ***determined that defendant did not infringe its copyrights….***
> …
>
> MS. MALTER: … We've sought evidence of actual – any finding of
> infringement an whether there was any investigation at all. […] But we've never
> been shown that the plaintiff has ever had good faith reason or reviewed any
> evidence that showed infringement. […] it's becoming more difficult to believe it
> because ***we don't have the PCAPs or even the most basic things***…
> …
>
> THE COURT: Have you shown that -- the original information you used to justify
> the filing of the complaint to defendants?
>
> MS. SCHULZ: I characterized it. I did not give a complete summary of those –
> those downloads. ***At this juncture, however, I believe that that would be***
> ***appropriate to do. […] At this point it seems totally appropriate. And I would***
> ***recommend to my client that we do that.***
>
> THE COURT: I think you should because I recognize, obviously, you file many
> of these cases. And you're – the challenge of defendants is they don't believe you
> had a good-faith basis to file a complaint. ***I think you need to show them the***
> ***basis by which you filed the complaint. […] I think where we stand right now***

---

[4] The transcript of the October 23, 2019 hearing is attached to the Declaration of Lisa L. Clay, attached
hereto as Exhibit A, as Exhibit 1.

> *that it should be provided to them, the information you used to justify the filing….*

(ECF Dkt. No. 63-2, 5:10-8:10, emphasis added.)

Plaintiff did not provide the information ordered produced by the Court. Rather, on November 6, 2019, Ms. Schulz sent another version of her prior "characterization" of the alleged evidence, along with a litany of additional unsubstantiated allegations against Defendant and unnamed others. (ECF Dkt. No. 63-1 ¶ 6.) *Yet again, she made no effort to distinguish her actions from those of her client, instead further marrying her opinion and actions to Malibu's. Strike Four.*

On November 8, 2019, recognizing that Malibu was either refusing to produce requested evidence, or just as likely, *the evidence does not exist*, Attorney Clay emailed Attorney Schulz requesting that the November 14 status be moved and also requesting a date to notice Defendant's request for an extension of time to complete discovery. When Ms. Schulz's refused, Defendant filed his Motion to Extend Discovery Deadline. (ECF Dkt. No. 63-1 ¶ 7.)

On November 12, 2019, Malibu filed a "Statement of Non-Infringement" (ECF Dkt. No. 56) littered with factual misrepresentations intended to suggest both "good faith" and "further review."[5]

---

[5] Specifically, paragraph 8 of the Statement suggests that, "[b]ased on the information available to it, Malibu believed it had a good faith basis for amending its complaint to name Mullins as the defendant." Defendant's problem with this statement is the same problem it has brought to this Court since filing its Motion to Dismiss: Plaintiff continually references "information" but will not provide it to Plaintiff. The "information available to it" must be the PCAPs, .torrent, .tar, and other files Plaintiff alleges are in the possession of its investigator. In light of the Court's repeated demand that these files be provided to Defendant, Plaintiff cannot continue to blithely refer to "information available to it" without producing that information. Equally troubling, the only "further review" referenced in Plaintiff's "Statement of Non-Infringement" is reference, in paragraph 11, to "the denials of infringement and the information provided by Mullins…" This puts the parties back to square one: with Defendant suggesting that there is no good faith basis for the filing in the first instance.

The Court heard argument on Counter-Plaintiff's Motion for Extension of Time at the

November 14, 2019 hearing:

> THE COURT: … And you're asking for additional time now to conduct discovery on your case. Why is there a case in controversy if you say he didn't download it?
>
> MS. CLAY: Your Honor, the problem is we're back to bad faith. […]
>
> THE COURT: Let's stop right there. Ms. Schulz, **where is that information? I did -- I do recall ordering it to be disclosed**, and it's been represented in the motion to extend discovery that it wasn't turned over.
>
> MS. CLAY: That is correct.
>
> MS. SCHULZ: Your Honor, **I don't know what she's talking about. I did disclose since the last hearing details of our investigation.[6] I apologize. I, frankly, haven't read the motion to continue discovery -- extend discovery…**
> …
>
> (Dkt. No. 163-4, 2:24-3:14.)

**Yet again, Ms. Schulz had an opportunity to distinguish her opinions and**

**actions from that of her client. Instead, she lied again, and suggested she had done**

**something she had not. Strike Five.**

On November 18, 2019, Malibu filed its second Motion to Dismiss Defendant's

Counterclaim. (ECF Dkt. No. 158.) The parties appeared for presentment of Plaintiff's

Motion on December 17, 2020, where the following exchange took place:

> MS. SCHULZ: Your Honor, the only thing live in this case now is the counterclaim, which seeks declaratory relief, the declaration being that Mr. Mullins is not the culprit, was not the downloader. I filed an affidavit stipulating that. And our complaint has, in fact, been dismissed. I also -- it's up today -- filed a motion to dismiss the counterclaim as being moot. There's no need –
>
> THE COURT: I understand. And I'm going to set a briefing schedule on that. But this information they've requested is – my recollection is they've been requesting it for many months. **I would have thought it would be turned over by now. Why can't you turn it over?**

---

[6] i.e. the same information she had previously produced, the list of titles, not the evidence Counter-Plaintiff had requested, and not the evidence the Court had ordered produced. (ECF 163-1. ¶¶ 5, 6.)

MS. SCHULZ: Your Honor, *my understanding is we were not going to participate in discovery. And I've asked specifically to not -- to hold off on discovery because the counterclaim is now moot.*

THE COURT: This goes beyond discovery. *This goes to the good-faith basis for bringing the lawsuit.* Discovery in a case like this would be more extensive. And I'm not ordering more extensive discovery, such as depositions or other types of discovery. *But the information that you relied upon which -- well, not just information you relied upon, the information that counsel just stated was something that his co-counsel had asked for months and months ago. Is there a reason technically -- technologically why it can't be turned over?*

MS. SCHULZ: Not to my knowledge.

THE COURT: *All right. Turn it over.*
…

THE COURT: And I'm not ordering depositions. I'm not ordering more extensive discovery because I'm going to take a briefing schedule on the motion to dismiss the counterclaim. But *I believe this goes to the question about the good-faith basis to bring the lawsuit in the first place.*
…

MS. SCHULZ: So what -- *this is now a case over Rule 11?*

THE COURT: Well, I don't know what it's over. It -- I -- necessarily. I saw the affidavit that was filed or the declaration filed that you believe Mr. Mullins was not the person who downloaded this. He's still -- I'm not convinced it's moot. *I'm not convinced they can't amend their complaint.* […] *I'm not going to let the dismissal of the complaint stop at least this minimal turnover of information that would disclose the basis by which this lawsuit was filed.*

(ECF Dkt No. 163-5, 3:9-5:18.)

*For the fourth time, on the record, Attorney Schulz doubles down, claiming "her understanding" and making no effort to distinguish herself from her client. Strike Six.*

Consistent with the Court's directive, Attorney Edmondson first called, then emailed Attorney Schulz asking when she would "provide discovery that support[s] your claim of infringement…" Ms. Schulz's only response was that she had "forwarded [Defendant's] email to

[her] client," and that she could "neither produce the material [Defendant has] requested nor []
provide a date certain when they will be produced." (ECF Dkt. No. 163-1, ¶ 9.)

### III.    LEGAL ARGUMENT

"The grant or denial of an attorney's motion to withdraw in a civil case is a matter
addressed to the discretion of the trial court and will be reversed on appeal only when the trial
court has abused its discretion." *Washington v. Sherwin Real Estate, Inc*., 694 F.2d 1081, 1087
(7th Cir. 1982) (citing *Moore v. Sunbeam Corp*., 459 F.2d 811, 829 (7th Cir. 1972)). Ms. Schulz
claims that the basis for her request is that Malibu "insists upon taking action with which the
Schulz has a fundamental disagreement." (ECF Dkt. No. 164, p. 1.) This strikes Defendant as
disingenuous for a number of reasons.

First, Ms. Schulz did not move to withdraw when financers filed suit against her client,
alleging fraudulent accountings and failure to pay.[7] Second, Ms. Schulz did not move to
withdraw when her client was first ordered to produce documents. She did not move to withdraw
when her client was ordered again, and again, and yet again, to produce documents. Indeed, Ms.
Schulz moved only after it became apparent that she and her client were the likely recipients of a
hefty attorney fee award, sanctions or both. It appears that Ms. Schulz seeks to avoid going down
with the ship she has captained, steadfastly, since 2012. Equally troubling, Ms. Schulz has not
moved to withdraw from all of her cases, leaving open the suggestion that if there is money to be
made, Ms. Schulz and her client are still simpatico.

The Court has discretion to deny Ms. Schulz's request, and Defendant asks that the Court
use that discretion to do so given the facts here.

---

[7] https://www.techdirt.com/articles/20190813/17203942777/giant-copyright-troll-malibu-media-sued-investors.shtml

**WHEREFORE**, Defendant William Mullins respectfully requests the Court deny Plaintiff/Counter-Defendant's Motion to Withdraw, set a date for Defendant to Amend his Counterclaim and a separate date for Defendant to file his §505 and 28 U.S.C. § 1927 Motions regarding Fees and Costs related to the Dismissal with Prejudice of Plaintiff's Complaint.

Respectfully submitted this 24th day of January, 2020.

/s/ *Lisa L. Clay*
Lisa L. Clay
Attorney at Law
2100 Manchester Road, Suite 1612
Wheaton, IL 660187
630.456.4818
lisa@clayatlaw.com
ARDC # 6277257

JOSEPH CURTIS EDMONDSON, ESQ.
*Pro Hac Vice*
**EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**
3699 NE John Olsen Ave.
Hillsboro, Oregon 97124
503.336.3749
jcedmondson@edmolaw.com

Susan Malter
Attorney at Law
203 Brampton Lane
Lake Forest, Illinois 60045
312.282.5858
susanmalter@gmail.com
ARDC # 6207793