```
 1                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3     MALIBU MEDIA, LLC,              )   Docket No. 18 C 6447
                                       )
 4                    Plaintiff/       )   Chicago, Illinois
                      Counterdefendant,)   January 27, 2020
 5                                     )   9:48 a.m.
              v.                       )
 6                                     )
       WILLIAM MULLINS,                )
 7                                     )
                      Defendant/       )
 8                    Counterplaintiff.)

 9
                 TRANSCRIPT OF PROCEEDINGS - Motion Hearing
10                 BEFORE THE HONORABLE THOMAS M. DURKIN

11
       APPEARANCES:
12

13     For Malibu Media:      MS. MARY K. SCHULZ
       (via telephone)        Media Litigation Firm PC
14                            1144 E. State Street
                              Suite A260
15                            Geneva, IL 60134

16
       For William            MS. SUSAN MALTER
17     Mullins:               Susan Malter Law
                              203 Brampton Lane
18                            Lake Forest, IL 60045

19
                              MS. LISA L. CLAY
20                            Lisa L. Clay, Attorney at Law
                              2100 Manchester Road
21                            Suite 1612
                              Wheaton, IL 60187
22

23     Court Reporter:        LAURA R. RENKE, CSR, RDR, CRR
                              Official Court Reporter
24                            219 S. Dearborn Street, Room 1432
                              Chicago, IL 60604
25                            312.435.6053
                              laura_renke@ilnd.uscourts.gov
```

1   (In open court.)
2     THE CLERK: Let me get Ms. Schulz on the line.
3     THE COURT: All right.
4   (Clerk places telephone call.)
5     MS. SCHULZ: This is Mary Schulz.
6     THE CLERK: Hi, Ms. Schulz. It's Sandy with Judge
7 Durkin. And this is Case 18 C 6447, Malibu Media v. Doe.
8     THE COURT: All right. Let's have everyone identify
9 themselves for the record, starting first with the person on
10 the phone.
11     MS. SCHULZ: Mary Schulz on behalf of Malibu Media.
12     MS. MALTER: Susan Malter on behalf of defendant
13 Mullins.
14     MS. CLAY: Lisa Clay on behalf of defendant/
15 counterplaintiff William Mullins.
16     THE COURT: All right. There's a motion to withdraw
17 filed by Ms. Schulz. And then there was an objection to it
18 filed by Mr. Mullins. Have you seen that, Ms. Schulz?
19     MS. SCHULZ: I have.
20     THE COURT: All right. Ms. Schulz, if I allow you --
21     MS. SCHULZ: Your Honor --
22     THE COURT: Go ahead.
23     MS. SCHULZ: I apologize. I should amend my
24 appearance, not on behalf of Malibu Media, but on my own
25 behalf.

1  THE COURT: All right. Well, you're -- you're still
2  on file for Malibu Media.
3  MS. SCHULZ: Yes.
4  THE COURT: I haven't granted your motion to withdraw.
5  You have three other cases up in front of me today on
6  Malibu Media, and then this is the fourth of them. Were I to
7  allow you to withdraw, who is coming in for Malibu Media?
8  MS. SCHULZ: Your Honor, I've been told they're
9  looking for someone. They haven't obtained anyone yet.
10 THE COURT: I typically don't allow counsel to
11 withdraw from representing a corporation unless a new
12 appearance is filed by another attorney or I get the principals
13 of the company on the phone and impress upon them the fact that
14 the companies can't represent them pro se -- themselves pro se
15 and that failure to obtain counsel will result in the entry of
16 a default judgment against them.
17 I was going to rule today on the question of whether
18 or not this case -- whether or not the counterclaim should
19 proceed because of the issue of whether or not, given the
20 statement that Mr. Mullins is not the person who infringed,
21 whether or not there's still a case in controversy that belongs
22 in federal court.
23 You were supposed to file a reply by January 21st.
24 Instead, you filed your motion to withdraw. Is that correct,
25 Ms. Schulz?

1         MS. SCHULZ: Yes, your Honor.

2         THE COURT: Do you intend to file a reply?

3         MS. SCHULZ: I do not. And I have not been authorized
4  by Malibu Media to file any reply.

5         THE COURT: Well, how do -- how do the attorneys for
6  Mr. Mullins want to proceed?

7         MS. CLAY: Well, your Honor, I do believe you hit the
8  nail on the head at the last status when Ms. Schulz suggested
9  that this was a Rule 11 situation. I think that's where we
10 find ourselves.

11        If we do not have leave to file an amended
12 counterclaim to address what is likely abuse of process or some
13 other failing of the plaintiff's complaint, we will be looking
14 to file Rule 11 sanctions. We will also -- as I filed --
15 vociferously be objecting to Ms. Schulz's exceedingly
16 suspicious request to withdraw, given the fact that she has not
17 withdrawn categorically from all of her representations of this
18 client.

19        THE COURT: Well, suspicious -- motions to withdraw by
20 attorneys are often cryptic because they would implicate
21 attorney-client conversations if they were completely fulsome
22 in the reasons why they're getting out. You can read behind
23 the affidavits of attorneys sometimes, or motions by attorneys,
24 where it's a financial issue or it's a disagreement over the
25 way the litigation is proceeding. Looks like both were

1 implicated here.

2 Ms. Schulz, how much can you tell me beyond what's in
3 your motion that is -- that you can say, given the restrictions
4 you have under attorney-client communications?

5 MS. SCHULZ: Yes, your Honor.

6 To correct Ms. Clay, to my knowledge, I filed a motion
7 on every one of the Malibu cases that are currently open. If I
8 have missed any, that's my mistake. But it is my intention and
9 my desire to withdraw my representation entirely of this
10 client.

11 That is because, with regard to this case in
12 particular, I have demanded from my client and given them a
13 deadline for the production of the documents that Mr. Mullins'
14 attorneys have sought. I have not received either those
15 documents nor any reason that they cannot or should not be
16 produced.

17 I am therefore powerless to continue my representation
18 in this case. And for that reason and -- and other reasons,
19 I'm withdrawing from all my representation.

20 THE COURT: Well, what I intend to do is enter and
21 continue this motion for about two weeks, which ought to be
22 adequate time for Malibu Media to get new counsel.

23 If they don't, I'm going to require the principals of
24 Malibu Media to travel to Chicago, where I'll conduct a hearing
25 both as to why I shouldn't enter a default judgment -- why they

1 haven't gotten counsel.  They're the most litigious party in
2 this courthouse.  And if they're going to cause the -- their
3 current attorney to withdraw, they can only do that if they
4 have other lawyers.
5         I've got four cases up today involving Malibu Media
6 and one involving current counsel on the defense side, others
7 involving other counsel, some where no counsel's been -- filed
8 an appearance.
9         They can't pursue these cases in this building and
10 expect us to wait for them to find counsel.  If they're going
11 to discharge one lawyer, they should do it with full knowledge
12 of who they're going to have come in to take that lawyer's
13 place.
14         So I'm going to enter and continue this -- I've got a
15 couple things to say.  I'm going to enter and continue this for
16 two weeks.  If there is good cause that is agreed to by Malibu
17 Media principals and defense counsel that they are very close
18 to getting new counsel, then I have no -- there's nothing magic
19 about two weeks.  But there has to be a deadline, or nothing's
20 going to happen.
21         I'm not going to grant your motion to withdraw until I
22 know there's new counsel coming in, or I'm going to require
23 these owners to come to Chicago and explain to me their efforts
24 to get new counsel.
25         Second issue is I've asked Ms. Schulz repeatedly to

1 turn this information over to defense counsel so that I know
2 and they can know that the basis of suing Mr. Mullins, who was
3 just a John Doe at one point, was done in good faith within the
4 rules under -- within the Rule 11 strictures.
5 　　　　　　If Ms. Schulz has made requests of her counsel -- of
6 her clients to get that information and they've refused to give
7 it to her, then I have doubts and questions about whether the
8 principals of Malibu Media ought to have sanctions entered
9 against them for causing the filing of a lawsuit without having
10 a good-faith basis to file it.
11 　　　　　　That information is in their hands. If they're not
12 providing it to their current counsel, then they're going to
13 have to explain to me why not. I'll give defense counsel here
14 every opportunity to put those people on the stand, and you can
15 ask them any questions you want that don't implicate
16 attorney-client communications. And they can come to Chicago,
17 and I'll be happy to set aside some time for a hearing.
18 　　　　　　Ms. Schulz, you can relate that to your still current
19 client, even if there's been a discharge informally between
20 you. But you can relate to them what I've said, or you can
21 have the transcript written up and send it to them.
22 　　　　　　But I'm going to enter and continue all four of the
23 Malibu Media cases that are set for today. I think there's
24 four.
25 　　　　　　THE CLERK: Well, there are four. But on one of them,

1  I need to get a defense counsel on the line.

2  THE COURT: Oh. Well, we're going to -- we'll call
3  her after the call to kick the case over because there's a
4  motion to withdraw filed in each of these.

5  Is that correct, Ms. Schulz?

6  MS. SCHULZ: Yes, your Honor.

7  I just wish to correct one point with regard to my --
8  my disagreement that these documents are essential with regard
9  to a Rule 11 issue. I don't believe they are. And in my own
10 defense with regard to that, I -- that is my -- I maintain
11 that. I do fully understand what you're saying with regard to
12 the production of the documents, however.

13 THE COURT: Well, I -- I -- my suspicion is raised
14 when documents which would prove that the case was brought in
15 good faith aren't being turned over. It's that simple.

16 And if they're not being turned over because you have
17 them and you're not turning them over, Ms. Schulz, that's a
18 problem for you. It sounds like you don't have those
19 documents.

20 And if your client won't turn it over, they need to
21 understand the significant adverse inference I'm going to draw
22 from that refusal to turn over such documents, to the point
23 where I may order them turned over myself rather than just you
24 requesting them, and their failure to turn them over to defense
25 counsel upon my request will result in a finding of contempt.

1    So there's different layers here that I hope can all
2 be avoided. But the first step is for them to get lawyers in,
3 filing an appearance in two weeks, or they need to be here.
4 That gives them plenty of time to make travel arrangements.
5    And as I said, if they -- after consulting with the
6 lawyers in this case, moving it a few days one way or the other
7 will accomplish new counsel to come in, I'm happy to move it a
8 few days.
9    But the two weeks is when, Sandy?
10    THE CLERK: Two weeks takes you to February 10th,
11 which is a Monday.
12    THE COURT: Any objection to that by counsel in court?
13    MS. CLAY: No, your Honor.
14    THE COURT: Ms. Schulz?
15    MS. SCHULZ: No, your Honor.
16    THE COURT: All right. February 10th.
17    And we'll call Ms. Russell and tell her that her
18 matter's been moved to February 10th also. I'm not going to
19 rule or do anything on that case, the other Malibu Media case
20 where she's got an appearance, until we have the issue of who
21 are the lawyers on the case resolved.
22    Any questions, Ms. Schulz?
23    MS. SCHULZ: No. Thank you, your Honor.
24    THE COURT: Any questions from the attorneys in court?
25    MS. CLAY: I would just like the record clarified with

1  regard to the motion to dismiss. Are we entering and
2  continuing that again?
3          THE COURT: Yes, because I needed to get a reply. And
4  I assume whoever's coming in to represent Malibu Media may want
5  to file a reply to your response. If they don't, I'll rule on
6  it as it is, but, in fairness, I'll give -- you know, lawyers
7  leave clients all the time. But you can't have this many cases
8  pending in this courthouse, discharge counsel, and not have
9  counsel in the wings ready to file appearances simultaneously.
10 It's just not acceptable, in my view.
11         So that's how we'll do it.
12         MS. CLAY: I appreciate that, your Honor.
13         MS. SCHULZ: Thank you, your Honor.
14         MS. CLAY: Thank you.
15         THE COURT: Thank you.
16         MS. MALTER: Thank you.
17    (Concluded at 10:00 a.m.)
18                    C E R T I F I C A T E
19    I certify that the foregoing is a correct transcript of the
20 record of proceedings in the above-entitled matter.
21
22 */s/ LAURA R. RENKE*                                *February 3, 2020*
   LAURA R. RENKE, CSR, RDR, CRR
23 Official Court Reporter
24
25