UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>　　　　　　Plaintiff,<br><br>V.<br><br>WILLIAM MULLINS,<br><br>　　　　　　Defendant | Civil Action Case No. 1:18-cv-06447<br><br>Assigned Judge:<br>　　The Honorable Thomas M. Durkin<br><br>Designated Magistrate Judge:<br>　　The Honorable Sheila Finnegan |

**DEFENDANT'S SUPPLEMENTAL BRIEF RE:
CROSS COMPLAINT FOR DECLARATORY RELIEF OF NON-INFRINGEMENT**

Defendant WILLIAM MULLINS ("Defendant" or "Mullins") files this motion for sanctions against Plaintiff MALIBU MEDIA, LLC ("Plaintiff" or Malibu), pursuant to this Court's order.

Before this Court is the issue whether Plaintiff's voluntary dismissal without prejudice moots Defendant's cross complaint for declaratory relief of non-infringement. This issue has been addressed previously by two district courts. Recently by the Western District of Washington involving the pornographic movie studio, Strike 3 Holdings,, and also by the Northern District of California in a case involving Malibu Media.

The Western District of Washington ruled on this same issue and said a motion for declaratory relief of non-infringement should not be dismissed. See *Strike 3 Holdings, LLC vs. JOHN DOE (73.225.38.130)* 17-cv-01731 (Order on February 3, 2020, Docket 188 WDWA) attached as Exhibit 1.

Supplemental Brief – Page: 1

In the *Strike 3 Holdings* the facts are identical to the present case before this Court. Strike 3 alleged that John Doe, who was a retired cop, was an egregious infringer of their pornographic works. *Id.* Early on, Plaintiff's filed a voluntary dismissal only after the retired cop brought a counterclaim for declaratory relief of non-infringement. Strike 3 argued that the Court was without jurisdiction in that the case was "moot" due to the dismissal of the claim of infringement.

The Court in the Western District of Washington rejected that argument by stating:

> In such actions, which are often premised on a cease-and-desist letter or similar threat received by the plaintiff from the defendant, thequestion is whether, "under all of the circumstances," a "substantial controversy" exists "between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See *MedImmune*, 549 U.S. at 127.
>
> Unlike in *MedImmune*, in this matter, Strike 3 did not merely threaten John Doe, or render him reasonably apprehensive, about the prospect of a lawsuit. See *MedImmune*, 549 U.S. at 121-22; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555-56 (9th Cir. 1989) (a declaratory judgment action presents a case or controversy "if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues" his allegedly infringing actions). Instead, Strike 3 took the very "real" steps of commencing this proceeding and seeking expedited discovery so that John Doe could be served with summons and a copy of the Complaint.

Here, Malibu has done exactly the same thing as Strike 3. Malibu sought early discovery, then sued Defendant, not as a "John Doe" (which is normal), but by his real name in an effort to "shame" him into a settlement[1].

---

[1] Malibu has a long history of trying to "shame" defendants into settlements by associating their names with salacious works. See *Malibu Media v Does, et. al* WDWI (Case No 3:13-cv-00207 ECF 31 – Opinion and Order of Sanctions by Judge William M. Conley).

The Court in the Western District of Washington also cited to a case in the Northern District of California involving the same Plaintiff, Malibu Media.

In 2015, Malibu Media filed hundreds of lawsuits in the Northern District of California which were consolidated before Judge Alsup. Malibu's objective of these lawsuits was quick and easy settlements. One John Doe did not infringe and also filed a cross complaint for Declaratory Judgment of Non-Infringement. See *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 76.126.99.126*, 2016 WL 3383758 at *2 (N.D. Cal. June 20, 2016) (attached as Exhibit 2). Malibu moved to dismiss the cross complaint, which was denied by Judge Alsup who ruled:

> Malibu Media's motion seems more like a gimmick designed to allow it an easy exit if discovery reveals its claims are meritless. Section 505 of Title 17 of the United States Code provides that a "prevailing party" may be awarded attorney's fees in a copyright infringement action; however, when a copyright plaintiff voluntarily dismisses a claim without prejudice, the defendant is not a prevailing party. *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009).
> Absent defendant's counterclaim, if events reveal that this case is meritless, Malibu Media could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however, defendant's counterclaim remains alive, he will be able to press his counterclaim.

Malibu Media was well aware that their position to contest the declaratory relief of non-infringement was legally weak since at least 2016. The Seventh Circuit has previously ruled that there is declaratory relief jurisdiction, involving copyrights, when there is a mere threat of a lawsuit. *Klinger v. Conan Doyle Estate, Ltd.,* 755 F.3d 496 (7th Cir. 2014).

Malibu Media's position in this case, and in every case, is a "heads I win, tails you lose", where Malibu walks away with a quick and easy settlement or quickly dismisses if there is pushback.

Malibu, who makes millions of dollars a year in litigation revenue, is just arguing that this one Defendant should be prevented from having his day in Court to clear his name. Malibu is really saying, we have the right to randomly sue anyone without any downside risk. Malibu wants the settlements without having any exposure for attorney fees.

In conclusion, Defendant respectfully requests that this Court retain jurisdiction and allow Defendant to proceed on their counterclaims for declaratory relief of non-infringement and enter a judgment in Defendant's favor.

Dated February 28, 2020          Respectfully submitted,

By: /s/ J. Curtis Edmondson
Admitted Pro Hac Vice
Law Offices of J. Curtis Edmondson
2660 SE 39th Loop, Suite D
Hillsboro, OR 97123
jcedmondson@edmolaw.com
(503) 336-3749

Attorney for Defendant
William Mullins

**Certificate of Service**

I, J. Curtis Edmondson , and attorney, certifies that on February 28, 2020, filed a copy of the foregoing motion with the ECF filing system which will cause notice to be provided to all counsel of record.

/s/J. Curtis Edmondson
Declarant