UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 1:18-cv-06447 |
| ) | |
| v. ) | Judge Durkin |
| ) | |
| WILLIAM MULLINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION FOR DISMISSAL OF COUNTER-PLAINTIFF'S COUNTERCLAIM**

Plaintiff and Counter-Defendant, Malibu Media, LLC, hereby replies in support of Counter-Defendant's Motion for Dismissal of Counter-Plaintiff's Counterclaim, as follows:

**I.  INTRODUCTION**

Plaintiff filed this action based on information that Defendant illegally downloaded its copyrighted movies. Upon further investigation, Plaintiff elected not to pursue its claims against Defendant. For that reason, and to conserve judicial resources and prevent unnecessary expense by the parties, Plaintiff requested that this Court dismiss all of its claims pending against Defendant. The Court properly understood that Plaintiff moved to dismiss its claims for copyright infringement against defendant with prejudice under Federal Rule of Civil Procedure 41(a)(2). *See Transcript of October 23, 2019 Hearing*, at 2:20-23 attached hereto as Exhibit A.  In addition, because this Court's dismissal with prejudice of Plaintiff's claims would eliminate any actual case or controversy in this proceeding, Plaintiff asks that the Court dismiss as moot Defendant's counterclaim. Plaintiff further requests that each side bear its own costs and fees.

A. **There is No Longer a Case or Controversy**

Balancing the various factors elucidated by the 7th Circuit to guide the Court's discretion as to whether to grant Plaintiff's Motion to Dismiss, this Court noted during the October 23, 2019 hearing that this case is in its early stages, and the parties have not filed motions for summary judgment. Thus, the Court granted Plaintiff's Motion to Dismiss its claims against Defendant with Prejudice. *Id at* 3:15-16. The Court noted that this dismissal itself does not eliminate a justiciable controversy. However, the Court opined that if Plaintiff filed a "statement on the docket that it brought this action in good faith but, after further review, determined that defendant did not infringe its copyrights" that Defendant would be able to "point to the public record that he not a pornography thief" which "would no longer make this, in my mind, a case in controversy that would allow for any requirement of a federal disposition." *Id at* 4:7-17. Concluding this hearing, Plaintiff filed a Statement of Non-Infringement on November 12, 2019 (CM/ECF 56). Such actions by Plaintiff thus eliminate any case or controversy in this matter.

In a nearly identical case recently decided in this District, the Court in Bodyguard Prods., Inc. v. Does 1-25, dismissed Defendant/Counter-Plaintiff's counterclaims, including a counterclaim for a declaratory judgment of non-infringement, in response to Plaintiff's motion to dismiss its claims with prejudice. *See, Bodyguard Prods., Inc. v. Does 1-25*, No. 17-CV-7667, 2019 WL 7900686, at *2 (N.D. Ill. Feb. 19, 2019). In so doing, the Court also applied the *Fogerty* factors detailed below to the particular circumstances of the litigation and denied Defendant/Counter-Plaintiff's request for attorneys' fees and costs under Section 5050 of the Copyright Act. *Id. at* *3.

B.  **Each Party Should Bear Own Fees and Costs**

"Section 505 of the Copyright Act does not set forth a standard for awarding attorneys' fees to a prevailing party; it merely authorizes such awards." *Gonzales v. Transfer Techs., Inc.,* 301 F.3d 608, 609 (7th Cir. 2002). "The statute (Copyright Act of 1976, 17 U.S.C. § 505) states that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The word "may" clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533, 114 S. Ct. 1023, 1033, 127 L. Ed. 2d 455 (1994). "[The *Fogerty* Court] did not define the unitary standard to be applied to prevailing parties in copyright suits but in a footnote, quoting a lower court opinion, listed the following nonexclusive factors to guide determination: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance consideration of compensation and deterrence." *Gonzales* at 608. "Since the factors aren't exclusive, and seem rather miscellaneous and ill-assorted, they leave the decision on whether to grant or deny attorneys' fees to the prevailing party in a copyright case pretty much to the discretion of the district judge..." *Id.* at 608.

The 7th Circuit has followed a "presumptive entitlement" to fees for a "prevailing party in a copyright case in which the monetary stakes are small." *Id*. at 610. If applied automatically, such a presumption is not consistent with the copyright statute. See *Kirtsaeng v. John Wiley & Sons, Inc.,* 568 U.S. 519 (2013) (underscoring that "§505 confers broad discretion on district courts "and rejecting an approach that effects a presumption of fees under certain circumstances). The "presumptive entitlement" in *Gonzales* apparently involved the policy rationale that "willful infringements involving small amounts of money" may not be "adequately deterred" absent an award of fees. *Gonzales* at 609-10. That rationale does not apply here.

3

When applying the *Fogerty* factors, attorney fees are not warranted in this case. Should the Court deem otherwise, Plaintiff requests leave to file an appropriate response on the issue of attorney's fees and costs, for which there is no pending motion.

With regard to the first factor – frivolousness, Plaintiff's case is not frivolous. The disastrous effects of illegal downloading are well documented. Plaintiff has expended significant resources in hiring staff, actors and crew to develop and produce its movies. Plaintiff had with no intention of the film being dedicated to the public domain. Plaintiff has expended large sums of money to put its movie into production and the economic costs of illegal downloads have directly affected Plaintiff. Plaintiff's only effective recourse is to sue infringers under the copyright law.

For the second factor, motivation – Plaintiff's motivation is to curb the public's desire to access its copyrighted material for free. As stated above, the effects of illegal downloading have had damaging consequences for both artists and companies involved in the music and film business. This problem of illegal downloading of copyrighted materials is still plaguing the recording and movie industry and Plaintiff is hopeful its efforts will deter such destructive behavior in the future. Since Plaintiff is the holder of the copyright, Plaintiff is entitled to enforce its copyright and to seek a reasonable reimbursement for the use of its protected work.

As to the third factor, it was reasonable for Plaintiff to sue Defendant. Since Defendant's IP address was associated with the illegal download of the movie, Defendant is the individual most likely to have illegally downloaded the film or have knowledge concerning the infringer.

Lastly, with regard to the final *Fogerty* factor of considerations of compensation and deterrence, even if warranted, counsel's fees should be significantly limited. While counsel for Defendant claims to have spent significant resources in pursuing its counterclaim, it is worth noting that that Plaintiff's desire to dismiss the Defendant and end this litigation almost four months ago,

4

which would have significantly reduced counsel's time and effort. Moreover, it should be noted that counsel has expended a great deal of time and effort researching prior cases that have no bearing on the present case. Defendant's grossly inflated fees are largely the result of intellectual curiosity and a desire to protract litigation. As such, with regard to the *Fogerty* factors of compensation and deterrence, even if applicable, counsel's compensation would have been minimal had Defendant agreed to a dismissal early in this matter.

Dismissal of Defendant with prejudice and dismissal of the counterclaim with prejudice disposes of all issues in the case and results in a wash with neither party entitled to fees/costs. Early dismissal, when appropriate, benefits all parties. As one court noted, "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985), quoting *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964). "Consequently, no matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985).

As such, any request by Defendant for fees should be denied on the substantive basis of the factors set forth in *Fogerty. Fogerty v. Fantasy,* 510 U.S. 517, 534 (1994). How other parties or counsel handled litigation matters in other districts is not part of the *Fogerty* analysis. The relevant inquiry involves events in the present case when evaluating the *Fogerty* factors.

II. CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court dismiss Defendant's counterclaim with prejudice, each side bearing its own fees and costs. Defendant cannot demonstrate that the present case was filed for frivolous or improper reasons.

Dated: March 13, 2020            Respectfully submitted,

                                                      Boroja, Bernier & Associates, PLLC

                       By:     /s/ *Joel A. Bernier*
                                       Joel A. Bernier, Esq.
                                       49139 Schoenherr Road
                                       Shelby Township, MI 48315
                                       Tel: (586) 991-7611
                                       Email: Bbclawgroup@gmail.com
                                       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

     I hereby certify that March 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                       By:     /s/ *Joel A. Bernier*