UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:18-cv-06447 |
| | ) |
| v. | ) District Judge Thomas M. Durkin |
| | ) |
| WILLIAM MULLINS, | ) Magistrate Judge Sheila M. Finnegan |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT/COUNTER-PLAINTIFF'S MOTION/PETITION FOR
ATTORNEYS' FEES AND COSTS PURSUANT TO LR 54.3**

Defendant/Counter-Plaintiff William Mullins ("Mullins"), through counsel, makes the following argument in support of counsel's attorneys' fees and non-taxable costs:

**STATEMENT OF FACTS**

I. **Initial Complaint and Proceedings Prior to Defendant/Counter-Plaintiff Mullins' First Offer of Judgment**

Plaintiff Malibu Media (hereinafter "Malibu") represented by Attorney Mary Schulz, filed a form complaint against "Doe, subscriber assigned IP address 73.176.168.82" on September 21, 2018. (ECF Dkt. No. 1.) On September 28, 2018 Malibu filed its form motion for early discovery seeking the identity of IP address 73.176.168.82. (ECF Dkt. Nos. 6 -9) which the Court granted on October 2, 2018. (ECF Dkt. No. 10. Malibu amended its complaint to name Defendant William Mullins (hereinafter "Mullins") on January 25, 2018 (ECF Dkt. No. 12.) Mullins retained Attorney Malter in February of 2019. (Declaration of Susan M. Malter ("Malter Dec."), ¶ 9, 10.) Mullins filed a Motion to Dismiss Malibu's claim on February 27, 2019. (ECF Dkt. No. 15.)

In March of 2019 while the Motion to Dismiss was pending, Mullins did two things:

1

brought Attorney Lisa Clay to his team and served MIDP disclosures. (ECF Dkt. Nos. 26, 27.) Attorney Malter believed that having Attorney Clay join the team would prompt an immediate request for dismissal given Ms. Clay's experience in these case, most importantly the fact that Attorney Michael Hierl, the most prevent BitTorrent plaintiff's litigator in this district, immediately dismisses claims against Ms. Clay's clients within minutes of seeing an appearance from her. (Malter Declaration, ¶11; Declaration of Lisa L. Clay ("Clay Dec.") ¶ 11.) Counsel believe this immediate dismissal is an admission as to the weakness of BitTorrent plaintiff's purported "evidence," and assumed that Malibu would behave similarly. (Malter Dec., ¶12, Clay Dec., ¶11.) They were mistaken.

The Court denied Mullins' Motion to Dismiss Malibu's claims without a written opinion on May 16, 2019. (ECF Dkt. No. 32.) Mullins answered and counterclaimed on June 3, 2019 and Malibu filed a Motion to Dismiss Mullins' claims on June 24, 2019. (ECF Dkt. Nos. 33, 36.) While Malibu's Motion to Dismiss was pending, Mullins served written discovery; expended significant time and effort investigating logistics for the creation of a forensic copy of Mullins' hard drive; made requests for deposition; and attempted to engage Malibu's counsel in LR 37.2 discussions regarding Malibu's deficient MIDP disclosures. (Malter Dec. ¶13-15, Exhibits 1 and 2; Clay Dec. ¶ 12.) Malibu refused to provide requested discovery and refused to schedule depositions. (Clay Dec., ¶12.) In a last ditch-effort to put an end to the litigation, Mullins served a Rule 68 Offer of Judgement on August 6, 2019, seeking no compensation over and above his attorneys' fees, to be determined by the Court, upon entry of a declaration of non-infringement. (ECF Dkt. No. 40.) Recognizing that if Malibu insisted on litigating she would need the assistance of one of her more technically-skilled colleagues, Attorney Clay asked Attorney Curt Edmondson to join the defense team; Attorney Edmondson filed his pro hac vice application the

same day the Rule 68 was served. (Clay Dec. ¶ 12; ECF Dkt. No. 39.) ***At no point prior to August 6, 2020 had Malibu made an offer of any kind to settle this matter.***

### II. Proceedings After the Service of Defendant/Counter-Plaintiff's First Offer of Judgment and the Court's May 26, 2020 Final Judgment

Instead of accepting the Offer of Judgment and putting an end to this farce, on August 23, 2019 Malibu doubled down, filing a Motion to Dismiss its own claims with prejudice, but with each party bearing its own costs and fees. (ECF Dkt. Nos. 43-45.) Mullins' counsel spent significant time on his response in order to educate the Court and to oppose the suggestion that Mullins was not entitled to seek fees. (ECF Dkt. No. 48.)

On October 23, 2019 the Court began the status by stating the standard for Rule 41 dismissal and agreeing to dismiss Malibu's affirmative claims. (Clay Dec. Ex. 1, October 23, 2019 Tr. p. 3:15-16.) When the Court asked Malibu's counsel if it had shown "the original information you used to justify the filing of the complaint to defendants," Malibu's counsel admitted that she "did not give a complete summary of those – those downloads." (*Id*., Tr. 6:11-15.) The court ordered Malibu to do so: "where we stand right now [is] that it should be provided to them, the information you used to justify the filing." (*Id*., Tr. 7-13-15.) Instead of doing so, on November 6, 2019 Malibu's counsel sent an email reproducing a typed list of alleged infringements. (Clay Dec. Ex. 2.)

When Mullins' counsel did not receive the ordered information, she filed a Motion for Extension of Time to Complete Discovery on November 11, 2020. (ECF Dkt. No. 54.) Malibu opposed the Motion and instead filed an 11-paragraph document titled "Statement of Non-Infringement" but the document did not state that Mullins did not infringe and contained more baseless factual statements regarding Malibu's alleged "investigation." (ECF Dkt. No. 56.) The Court entered and continued Mullins' Motion for Extension at the November 14, 2019 hearing

3

and reiterated its order that Malibu's counsel provide the requested data. (Clay Dec. Ex 3, Tr. 2:21-6:10.) Four days later Malibu filed a (duplicative) Motion to Dismiss Mullins' still-pending counterclaim as "moot" in light of its self-styled "Statement of Non-Infringement," again claiming that each party should bear its own costs and fees. (ECF Dkt. No. 58.) ***This case could have ended here if Malibu had not forced Mullins to oppose its claim that the parties should each bear their own costs and fees.***

The parties appeared for presentment of Plaintiff's Motion on December 17, 2020, where the following exchange took place:

> MS. SCHULZ: Your Honor, the only thing live in this case now is the counterclaim…
>
> THE COURT: … my recollection is they've been requesting [production of evidence] for many months. *I would have thought it would be turned over by now. Why can't you turn it over?*
>
> MS. SCHULZ: Your Honor, my understanding is we were not going to participate in discovery. And I've asked specifically to not -- to hold off on discovery because the counterclaim is now moot.
>
> THE COURT: … *Is there a reason technically -- technologically why it can't be turned over?*
>
> MS. SCHULZ: Not to my knowledge.
>
> THE COURT: *All right. Turn it over.*

(Clay Dec. Ex. 4, Tr. 3:9-5:18.)

For the second time, Mullins spent significant time responding to a Motion to Dismiss, outlining Malibu's discovery abuses, general litigation history, failure to abide by the Court's Orders in its January 7, 2020 opposition and objecting to a dismissal that might preclude Mullins from seeking his fees and costs. (ECF Dkt. No. 63.) A week later Attorney Schulz filed a Motion to Withdraw as counsel, which was presented on January 27, 2020 and set for hearing on

4

February 10, 2020. (ECF Dkt. No. 64, 67.) Attorney Joel Bernier of Shelby Township Michigan[1] filed an appearance on February 6, 2020. (ECF Dkt. No. 70.) On February 28, 2020, upon proper leave of Court, Mullins filed his sur-reply objecting to Malibu's "Statement of Non-Infringement" and asking that it be stricken. (ECF Dkt. No. 74, pp. 12-13.)

Yet again, Malibu had an opportunity to put an end to litigation that Malibu had failed to provide a good faith basis for having filed in the first instance. But Malibu and its new counsel opted instead to double-down, filing a "Supplemental Reply in Support of Its Motion for Dismissal of Counter-Plaintiff's Counterclaim (without seeking proper leave from the Court to do so) on March 13, 2020. (ECF Dkt. No. 76.) ***For the third time, Mullins was forced to brief the issue of whether he was entitled to seek his fees and costs – briefing that could have been avoided if Malibu had simply accepted that reality when it filed its November "Statement of Non-Infringement."*** Before the Court could hold further hearings, Court proceedings were shut down pursuant to the COVID-19 Public Emergency. (ECF Dkt. Nos. 77-79.)

On May 5, 2020 the Court ordered the parties to file a joint statement "apprising the Court of whether Plaintiff had produced to Defendant the information to substantiate its good-faith basis for filing the complaint…" (ECF Dkt. No. 81.) Malibu had not done so, and Malibu's new counsel was of no assistance in providing the ordered evidence or complying with the Court's order. Indeed, Attorney Bernier sent Attorney Clay a wholly incorrect draft, requiring that Attorney Clay redraft the order. (Clay Dec. ¶19.)

Shortly after Attorney Clay filed the requested status (ECF Dkt. No. 82) the Court

---

[1] Attorney Bernier's "Super Lawyers" profile reflects that 80% of his practice is devoted to criminal defense and 20% of his practice is devote to family law. Neither his "Super Lawyers" profile nor his firm information discloses that his federal practice is limited exclusively to representation of pornographic film owners Malibu Media and Strike Three Holdings, for whom he has filed 430 cases in the Eastern and Western districts of Michigan. (Clay Dec. ¶ 17.)

granted Malibu's November 18, 2020 Motion to Dismiss Mullins' Counterclaim without prejudice and denied the Motion "to the extent Malibu seeks a determination on attorneys' fees and costs." (ECF Dkt. No. 84.) The Court denied Mullins' long-pending Motion requesting additional time to complete discovery as moot. (*Id.*)

      III.    **Post-Judgment Attempts to Avoid a Fee Petition and Malibu's Non-Compliance with LR 54.3**

Mullins immediately served a second Offer of Judgment in hopes of avoiding motion practice regarding fees. (Clay Dec. ¶20.) Mullins sought, and the Court granted, additional time to comply with LR 54 and to file sanctions motions. (ECF Dkt. No. 86, 87.) On June 26, 2020 Mullis filed his bill of costs, which Malibu did not oppose. (ECF Dkt. No. 88.) Mullins has faithfully complied with both the letter and spirit of LR 54 while Malibu has not. (Clay Dec. ¶¶21-26.) On July 8, 2020 Mullins provided Malibu with billing records for his three attorneys, stating "we will consider reductions to these amounts after reviewing your LR 54 submissions." (Clay Dec. ¶23.) Attorney Bernier responded by suggesting that §1927 motion practice was "highly offensive but also frivolous" and that he was "left with no choice but use every necessary means (within the law) to protect the people who work here and myself, just as you would if the roles were reversed." (*Id.*) Attorney Clay responded by reminding Attorney Bernier of the basic obligations of "competent and ethical attorneys" in evaluating representations. (*Id.*)

Malibu did not comply with LR 54 and provide copies of its bills or objections to Mullins' invoices within the required deadlines. (Clay Dec, ¶¶ 24, 25.) Malibu did eventually provide objections to Mullins' bills, but remained out of compliance with the remainder of LR 54.3(d)(5). (*Id.*) On August 12, 2020 Mullins' counsel wrote to request the missing information; to educate Attorney Bernier regarding LR54; to request the requisite meet and confer; to advise Attorney Bernier of her expectation as to the required joint statement; and to serve a third Offer

6

of Judgment. (Clay Dec. ¶24.) Although several meet and confer conferences did take place, as of the date of this filing Attorney Bernier did not provide the requisite LR 54.3(d)(5) information and waited until the day before this petition was due to provide his non-compliant portion of the draft joint statement. (Declaration of J. Curtis Edmondson (Edmondson Dec. ¶14; Clay Dec. ¶¶ 24-26.)

It remains Mullins' position that a significant portion of Mullins' attorneys' fees and costs could have been avoided if Malibu had agreed to entry of the Rule 68 Judgment Mullins served on August 6, 2019. (Clay Dec. ¶27.)

## LEGAL ARGUMENT

### I. Mullins Is the Prevailing Party Presumptively Entitled to His Fees and Costs

The Court may award costs and fees to a prevailing party under 17 U.S.C. § 505. *Fogerty v. Fantasy*, 510 U.S. 517 (1994). "Prevailing plaintiffs and prevailing defendants are to be treated alike…" 510 U.S. at 534. Where, as here, the Court dismisses the plaintiff's initial claims with prejudice, the defendant is the prevailing party for purposes of § 505. *Clear Skies Nev., LLC v. Hancock*, No. 15 C 6708, 2017 U.S. Dist. LEXIS 135511, at *6 (N.D. Ill. Aug. 23, 2017) *citing Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 927 (7th Cir. 2008).)

"When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding attorney fees is very strong." *Basic Designs v. Kerstiens Home & Designs*, No. 1:16-cv-00726-TWP-DLP, 2019 U.S. Dist. LEXIS 170302 at *4 (S.D. Ind. Sept. 30, 2019) *citing Assessment Techs. Of WI, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004); *see also FM Indus. v. Citicorp Credit Servs*. 614 F.3d 335, 339 (7th Cir. 2010). Indeed, it is well-established in the Seventh Circuit that prevailing defendants in copyright litigation are "presumably entitled" to their attorneys' fees. *See Woodhaven Homes &*

7

*Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7Th Cir. 2005); *Mostly Memories, Inc. v. Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). This analysis is that much more watertight where, as here, Mullins was also successful in obtaining the remedy sought in his counterclaim – a declaration of non-infringement. (ECF Dkt. No. 56.)

Malibu has wasted countless hours of both Mullins' and this Court's time arguing without basis that it should have been able to dismiss its original filing, present no evidence of a good faith basis for that filing, and then cut and run without consequence – a strange position to take given that after this Court ordered production of actual evidence Malibu's counsel withdrew and Malibu stopped filing these cases. (Clay Dec. ¶¶ 17, 18.) It is, therefore, undisputed that Mullins is the prevailing party.

**II.     All of the *Fogerty* Factors Weigh in Mullins' Favor**

In evaluating a request for an award attorneys' fees under §505, the Court must evaluate the so-called "*Fogerty* factors," described in a recent Northern District case as follows: "(1) that the action was frivolous because plaintiff had no evidence to support its claim; (2) that plaintiff's motivation in filing suit was questionable because it filed a multiplicity of suits each involving similar infringement allegations with quick settlements and improperly joined defendants; (3) that the action was objectively unreasonable because it lacked evidence to support it; and (4) that awarding fees would advance the  considerations of compensation and deterrence. *Clear Skies Nevada, LLC v. Hancock*, 2017 U.S. Dist. LEXIS 135511 at *7-8.

A. *Malibu's action was frivolous*

This prong is a slam dunk for Mullins. Early in this litigation Malibu's counsel admitted to having never reviewed the alleged "evidence" at issue, an admission that should have prompted Malibu to rethink ongoing litigation. (Malter Dec., Ex. 2.) Malibu thought otherwise,

8

opting instead to continue the farce that actual evidence existed, making frivolous and untruthful filing after frivolous and untruthful filing, including a "Statement of Non-Infringement" that acknowledges, obliquely, that Mullins did not infringe. (ECF Dkt. No. 56.) This Court ordered Malibu to produce the information it relied upon to file its complaint on October 23, 2019, November 14, 2019 and December 17, 2019. (ECF Dkt. No. 63, pp. 6 – 11.) Malibu remains in contempt of those orders.

For his part, Attorney Bernier must have known that the claim was frivolous, as evidenced by his inability to procure the requested information – a status of affairs this Court did not find sympathetic: "Malibu Media indicated that COVID-19 had contributed to Malibu's inability to produce information to substantiate its good-faith basis for filing this lawsuit. That representation warrants little sympathy as the Court ordered Malibu to produce that information more than seven months ago." The first factor weighs unambiguously in favor of Mullins.

B. *Malibu's motivation*

Judge Kendall said it best, and her analysis applies even more to the facts presented in this case in light of Malibu's inability to produce any evidence to support their claims:

> With respect to the second *Fogerty* factor, Plaintiff's motivation in this case is questionable given the multiplicity of suits each involving quick settlements, especially when considering the amount of damages it would be entitled to if successful. Defendant's expert, Eric Fruits,[2] explains that Plaintiff's lawsuit is in keeping with a "sue-then-settle" strategy, by which it seeks to settle lawsuits because it expects to lose money by going to trial, given the small amount in controversy. [citation omitted] … This litigation strategy thus hews closely to the concern evinced by the second *Fogerty* factor given [Malibu's] overriding desire to settle these small claims out of court.

2017 U.S. Dist. LEXIS 135511 at *8-9.

---

[2] Attached to the Declaration of J. Curtis Edmondson as Exhibit 2.

Malibu's improper motivations are also laid bare by its repeated efforts, despite well-established case law in this jurisdiction and all other jurisdictions in which the undersigned has practiced, entitling a prevailing party to seek his/her fees. The motivations of a party that seeks only the upside of their bargain without acknowledging the downside side should be questioned. In the absence of any evidence of an appropriate motivation for filing this suit, the second *Fogerty* factor weighs strongly in favor Mullins.

C. *Malibu's action was objectively unreasonable*

Mullins' position is that none of Malibu's actions in this matter have been reasonable. Consider the following:

- Malibu did not meaningfully in engage in discovery to support its own claims, even when Mullins offered to produce a forensic copy of his computer for inspection and sit for a deposition;
- Malibu outright refused to produce a scintilla of the discovery requested by Mullins despite the fact that Malibu's form complaint relied upon that "evidence;"
- Mullins gave Malibu several easy exits that would have minimized the cost of this litigation significantly. Malibu has declined them all;
- Malibu disregarded three Court orders compelling production. This fact alone should tip the scale of "objectively unreasonable" in Mullins' favor;
- All Malibu had to do to end this litigation was agree to a dismissal with prejudice and acknowledge that Mullins was entitled to seek his fees. But Malibu continued to present

filings to this Court making the factually and legally baseless request that each party bear its own costs as fees, the last one as recently as in March of 2020.[3]

The third factor weighs heavily in favor of an award in Mullins' favor.

### D. *Awarding fees will advance the considerations of compensation and deterrence*

It is the last *Fogerty* factor, "compensation and deterrence," that concerns the undersigned most directly. In light of Malibu's refusal to comply with Court orders and in light of Malibu's unnecessary continuance of litigation that can and should have ended well over a year ago, in response to the service of Mullins' August 6, 2019 Offer of Judgment, this Court should award fees to compensate Mullins and to deter BitTorrent plaintiffs and their counsel from continuing these "sue then settle" and "cut and run" litigation tactics.

This Court can and should award fees "to deter [Malibu's] repeated instances of copyright infringement or overaggressive assertions of copyright claims…") *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1988-89 (2016). Malibu's claims are exactly the type of claims the Supreme Court had in mind in *Kirtsaeng*: those that lack strong evidence and that are filed for alleged infringements, "no matter how slight.*" Design Basics, LLC v. Heller & Sons, Inc.*, No. 1:16-cv-175-HAB, 2019 U.S. Dist. LEXIS 150905 at *16 (N.D. Ind. Sept. 3, 2019). This Court's failure to award fees would send a clear message to Malibu that their definance of Court orders was acceptance and authorized. This Court's failure to award fees would send an equally clear message to Malibu and other BitTorrent plaintiffs that this Court continues to

---

[3] It bears mentioning that the last of these filings was made by Malibu's new counsel, Joel Bernier, further calling into question his claims that he has no Rule 11 and/or § 1927 exposure. It also bears mentioning that Attorney Bernier claims he has not been paid by his client, and that his work on this matter is contingency. The undersigned wonders whether Attorney Bernier drafted the March 13, 2020 motion that bears his signature, or whether it was drafted by someone else. (Clay Dec. ¶ 25.)

11

authorize and welcome the filing of lawsuits without any evidentiary basis. Mullins and his counsel respectfully suggest that such a license would be contrary to the goals of the Copyright Act and the Supreme Court's analysis of those goals. *See, e.g., Fogerty v. Fantasy*, 510 U.S. 517, 527 (1994) ("Because copyright law ultimately serves the purpose of enriching the general public through access to creative works […] defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them…") The fourth factor provides the strongest weight of all in Mullins' favor.

### III. Compliance with LR 54.3

Malibu's objections to Mullins' fees fall into three categories: those Malibu claims relate to a particular motion for which Mullins is not the prevailing party; those Malibu claims lack sufficient detail; and those Malibu suggests should not be reimbursed because they occur after November 12, 2019, claiming that is "the date on which the defendant had been dismissed with prejudice and a statement of non-infringement had been filed." (Clay Dec. Ex. 9.)

Each of Malibu's objections lack merit. As to a claim that Mullins is not entitled to compensation for an individual motion that he lost, "[a]s the Seventh Circuit has stated, 'a plaintiff is not to be denied full attorneys' fees merely because he lost some interim rulings en route to ultimate success. Such setbacks are well-nigh inevitable, and a lawyer who nevertheless was sedulous to avoid them might lose a good cause through an excess of caution.'" *Basic Designs v. Kerstiens Home & Designs*, No. 1:16-cv-00726-TWP-DLP, 2019 U.S. Dist. LEXIS 170302 at *20 (S.D. Ind. Sept. 30, 2019) (*citing Alliance to End Repression v. City of Chi*., 356 F.3d 767, 770 (7th Cir. 2004) (citations omitted)).

As to Malibu's second objection, the only entries that contain redactions are those involving communications Mullins and his counsel seek to maintain as privileged. The level of

specificity is not onerous: "[W]hen such entries, taken in context, are sufficient to identify the substance of the work done, they are not properly excluded." *Basic Designs*, 2019 U.S. Dist. LEXIS 170302 at *21 (*citing Berberena v. Coler*, 753 F.2d 629, 634 (7th Cir. 1985)).

Malibu's third objection – that all time after November 12 should be excluded – speaks to Malibu and its counsel's vexatious and litigation practices. If Malibu had agreed that Mullins was entitled to seek his fees, that would have been the end of that. Malibu had the chance to do so in August of 2019 and declined. It had the chance to do so when it filed its original Motion to Dismiss its own claims. And it had the chance to do so when it filed a "Statement of Non-Infringement." But it did not. It is Malibu, and not Mullins, that dragged out this matter by making arguments that were not "well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Washington v. United States*, No. 93 C 1300, 1993 U.S. Dist. LEXIS 3451, at *5 (N.D. Ill. March 19, 1993).

Since being retained in this matter, Attorney Clay has billed 108.2 hours to date, and also includes 10 hours of time she anticipates spending to file and defend that petition and a subsequent reply (Clay Dec. ¶ 27.) Her hourly rate of $400 is below that of many IP attorneys in the Chicago area and entitled to a presumption of reasonableness, particularly in light of her track record in these cases. (Clay Dec. ¶¶ 3-9.) She has applied a 15% across-the board reduction to her fees as a show of good faith. (Clay Dec. ¶ 28.)

Since being retained in this matter, Attorney Malter has billed 120 hours to date, up to and including work on this petition. (Malter Dec., ¶16, Ex. 3.) Her hourly rate of $200 is far below that of IP attorneys anywhere, and entitled to a presumption of reasonableness, particularly in light of her track record in these cases and her self-imposed reduction in fees. (Malter Dec. ¶¶ 16, 17.)

13

Since being retained in this matter, Attorney Edmondson has billed just under 26 hours, excluding work performed after July 8, 2020. (Edmondson Dec. ¶¶ 14, 15.) He seeks an additional six hours for work performed since his bills were provided to Malibu's counsel in July. (*Id*.) His hourly rate of $350.00, which accounts for his status as highly experienced IP attorney licensed in three states with significant trial practice in these types of cases, is also significantly below that of many IP attorneys in the Chicago area. Attorney Edmondson's rate is also entitled to a presumption of reasonableness particularly in light of his significant experience with BitTorrent plaintiffs, Malibu among them. (*Id*.)

All told, Mullins' fee request is broken down as follows:

| Attorney | Hours Billed hourly rate | Voluntary Reductions | Costs sought | Total requested |
| --- | --- | --- | --- | --- |
| Lisa L. Clay | 118.2 x $400 = $47,280.00 | [$7692.00] | $100.35 | $39,688.35 |
| Susan Malter | 120 x. 200 = $24,000 | [$4481.00] | $131.00 | $19650.00 |
| J. Curtis Edmondson | 32 x $350 = $11,200.00 | [$1680.00] | $150.00 | $9670.00 |
| Total Sought | | | **$381.35** | **$69,008.35** |

### IV.    Rule 11 and 28 U.S.C. §1927 Sanctions

For reasons of expedience and based largely on lead counsel's workload, Mullins has elected not to file separate briefs requesting Rule 11 and §1927 sanctions. (Clay Dec. ¶ 22.) The absence of these filings should not prevent the Court from considering imposition of sanctions given that the Court retains the ability to award sanctions of its own accord, on its own motion. *See, e.g. Hadnott v. City of Chi*., No. 07 C 6754, 2009 U.S. Dist. LEXIS 14514 at *18 (N.D. Ill. Feb. 24, 2009) ("A district court has inherent authority to sanction conduct that abuses the judicial process) (*citing Mortano v. City of Chi*., 535 F.3d 558 563 (7th Cir.2008)); *Washington v. United States*, No. 93 C 1300, 1993 U.S. Dist. LEXIS 3451, at *5 (N.D. Ill. March 19, 1993) ("Under Rule 11 of the Federal Rules of Civil Procedure, a court may, on its own motion, impose

a fine as a sanction against a plaintiff who signs a complaint without first making a reasonable inquiry to determine whether it is well grounded in fact an warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."); *Turner v. Sec'y of Treasury, NA,* 84-57 C, 1984 U.S. Dist. LEXIS 24267 at *20 (S.D. Ind. Aug. 17, 1984).

Sanctions can also be assessed against attorneys, for the same reasons. *See, e.g. Alcan Aluminum Corp. v. Lyntel Products, Inc*. 656 F. Supp. 1128, 1139-40 (1987) (assessing a $15,000 fine against counsel pursuant to Rule 11); *Jolly Group, Ltd. v. Medline Indus. Inc.* 435 F.3d 717 (7th Cir. 2006) ("Of course, a district court acting under §1927 is not bound by the parties motions and may, in its sound discretion, impose sanctions *sua sponte* as long as it provides the attorney with notice regarding the sanctionable conduct[4] and an opportunity to be heard.") Mullins encourages this Court to consider assessing sanctions payable to both Mullins and the Court against Malibu and its prior and current attorneys for the reasons described herein.

## CONCLUSION

For all of the reasons described herein, prevailing party William Mullins respectfully requests an Order:

(a) Entering judgment awarding him $69,389.70 in attorneys' fees and costs;

(b) Assessing sanctions against Malibu Media, Attorney Mary Schulz and/or Attorney Joel Bernier individually, in an amount deemed reasonable by the Court;

(c) Any other remedy this Court deems just and reasonable.

---

[4] To account for this, the undersigned represents through her certificate of service that a copy of this Motion will be emailed to former counsel Mary Schulz at medialitigationfirm@gmail.com.

Respectfully submitted this 25th day of August, 2020



   /s/   Lisa L. Clay

One of the Attorneys for Defendant/Counter-Plaintiff William Mullins

| | |
|---|---|
| Lisa L. Clay<br>Attorney at Law<br>2100 Manchester Road, Suite 1612<br>Wheaton, IL 660187<br>630.456.4818<br>lisa@clayatlaw.com<br>ARDC # 6277257 | JOSEPH CURTIS EDMONDSON, ESQ.<br>*Pro Hac Vice*<br>**EDMONDSON IP LAW, LAW OFFICES OF J. CURTIS EDMONDSON, PLLC**<br>3699 NE John Olsen Ave.<br>Hillsboro, Oregon 97124<br>503.336.3749<br>jcedmondson@edmolaw.com |

Susan Malter
Attorney at Law
203 Brampton Lane
Lake Forest, Illinois 60045
312.282.5858
susanmalter@gmail.com
ARDC # 6207793

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2020, I served the foregoing document on all counsel of record and interested parties by filing same with the ECF system, which will provide service to all counsel of record. I also hereby certify that on August 25, 2020 I served the foregoing document on former counsel by emailing same to the email she communicated with me when she was counsel of record.

    Mary K. Schulz, Esq.                         medialitigationfirm@gmail.com

      /s/   Lisa L. Clay, Esq.