# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM MULLINS, )<br>)<br>Defendant. )<br>) | Civil Action Case No. 1:18-cv-06447<br><br>Judge Durkin |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
### FOR ATTORNEYS' FEES AND COSTS

NOW COMES Plaintiff, Malibu Media, LLC, ("Malibu"), by and through undersigned counsel, in response and in opposition to Defendant's Motion for Attorneys' Fees, and makes the following argument:

## INTRODUCTION

Malibu filed this lawsuit based on its reasonable, good faith belief that its valuable copyrights had been unlawfully copied and distributed by the IP address belonging to Defendant. However, after extensive further investigation, Plaintiff elected not to pursue its claim against Defendant and subsequently filed a Motion for Voluntary Dismissal with Prejudice of Plaintiff's Claims and to Dismiss Defendant's Counterclaim (ECF Dkt. No. 43). Thereafter, Plaintiff also filed a Statement of Non-Infringement (ECF Dkt. No. 56) in response to the Court's suggestion that doing so would appease Defendant. Defendant is now attempting to convince this Court that Plaintiff's action in filing and maintaining this suit were frivolous and objectively unreasonable. However, these arguments fail, as Defendant has failed to demonstrate that Plaintiff's act of filing this suit rises to the level necessary to award attorneys' fees in a copyright infringement action.

For the reasons set forth herein, Plaintiff respectfully requests that this Court deny Defendant's Motion for Attorneys' Fees.

## FACTS

### I. PLAINTIFF'S GOOD FAITH MOTIVATION IN FILING SUIT

Plaintiff, Malibu Media, LLC, (d/b/a/ "X-art.com") operates a wildly popular subscription-based website. *See* Declaration of Colette Pelissier ("Pelissier Dec") attached hereto as Exhibit A. Plaintiff creates its own content which is infringed on a massive scale worldwide. *Id.* Indeed, Plaintiff's investigator documented and recorded Defendant's IP address distributing 11 of Malibu's copyrighted films between June 13, 2018 and August 6, 2018 by means of BitTorrent file sharing technology (ECF Dkt. No. 7-3). Upon the return of its subpoena to Defendant's Internet Service Provider, Plaintiff amended its complaint to allege that Defendant used BitTorrent technology to illegally obtain and distribute Malibu's copyrighted movies. Notably, Plaintiff filed this action only after it had gathered significant evidence in its favor to support what it in good faith believed was a valid and likely successful copyright infringement claim since John Doe Defendant's IP address had been habitually used to infringe Plaintiff's copyrighted works over numerous months. Accordingly, Plaintiff sought and was granted leave to serve limited, immediate discovery on the John Doe Defendant's Internet Service Provider, Comcast Cable Communications Management, LLC, so that Plaintiff could learn Defendant's true identity (ECF Dkt. No. 6 and 9). Comcast Cable subsequently identified Defendant as the subscriber associated with the IP address recorded infringing Plaintiff's copyrights. *See* Response from Comcast Cable attached hereto as Exhibit B. Plaintiff, thereafter, engaged in additional research and investigation and determined that the Defendant and his spouse were the only adults living at the address associated with the Internet service account. Further, Plaintiff's investigator recorded widespread

infringement of third-party content by Defendant's IP address, which was age and demographic appropriate to Defendant. In addition, Plaintiff determined that the infringing activity associated with the Defendant's IP address ceased shortly after the service of the subpoena on Comcast Cable. These facts lead Plaintiff to form a good faith basis to believe that Defendant was the party responsible for the infringement of Plaintiff's copyrights at issue.

After amending the complaint to name Defendant, and service of same on Defendant, Defendant retained counsel who promptly filed a Motion to Dismiss (ECF Dkt. No. 15) and an Amended Motion to Dismiss (ECF Dkt. No. 23) based on the failed argument that Plaintiff's Amended Complaint should be dismissed because an IP address alone cannot identify an online copyright infringer. Indeed, when the Defendant's Amended Motion to Dismiss was denied (ECF Dkt. No. 32) Defendant's counsel immediately sought the assistance of additional counsel who have waged a crusade against various content producers who bring copyright infringement claims against John Doe defendants for copyright infringement committed using BitTorrent. Thereafter, the parties' counsel engaged in substantial communications, including Plaintiff's counsel seeking any information the Defendant wanted to provide to support his denial of liability as well as the possibility of settlement. Specifically, Defendant denied liability and averred that he "shared his wi-fi password freely with guests and neighbors." *See* Letter from Susan M. Malter attached hereto as Exhibit C. In addition, after receiving notice from Comcast Cable regarding the infringement attributed to his IP address, "Defendant made substantial changes to the Internet system used in his home" by disabling the built in wi-fi included with his cable router, wi-fi which Defendant admittedly shared freely with neighbors, as well as shutting off the guest account and changing the wi-fi password. *Id.* During the subsequent months, Defendant filed and Answer and Counterclaim seeking a declaratory judgment of non-infringement (ECF Dkt. No. 33), to which Plaintiff filed a

Motion to Dismiss (ECF Dkt. No. 36) because Defendant's counterclaim merely restated issues already before the Court; namely, whether Defendant committed the alleged copyright infringement. After engaging in discussions with Defendant's counsel and undertaking further investigation, Plaintiff made the decision to dismiss its claims against Defendant and moved to dismiss the Amended Complaint on August 23, 2019 (ECF Dkt. No. 43). At this point, the case should have ceased, but Defendant and his counsel continued to aggressively litigate in an obvious attempt to rack up additional attorney fees, which Defendant had teed up to seek by filing the counterclaim in the first place.

## ARGUMENT AND AUTHORITY

### I. LEGAL STANDARD

Plaintiff does not dispute that 17 U.S.C. § 505 gives courts discretion to award attorneys' fees to the prevailing party in copyright infringement actions, and that plaintiffs and defendants are to be treated alike under this analysis. *See, e.g., Fogerty v. Fantasy, Inc.,*, 510 U.S. 517, 533 (1994). A discretionary award of attorney's fees is to be "based on the totality of the circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136. S.Ct. 1979, 1985 (2016). This inquiry requires "a more particularized, case-by-case assessment." *Fogerty at* 533.

Under the Copyright Act, "[t]here is no precise rule or formula for making [attorneys' fees' determinations', but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id., at* 534 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The Supreme Court has approved a non-exclusive list of factors for courts to consider in awarding attorneys' fees in a copyright case, including "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence."

*Fogerty,* 510 U.S. at 534 n. 19. "[S]uch factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty*, at 534 n.19. "[I]t generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *White v. Alcon Film Fund, LLC*, No. 1:13-cv-1163-TCB, 2015 U.S. Dist. LEXIS 180622, at *10 (N.D. Ga. Jan. 30, 2015). A court is not required to consider or weigh all of these factors, nor is it limited to these factors alone; "there is no precise formula for making these determinations." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

## II. THE COURT SHOULD NOT AWARD ATTORNEYS' FEES BECAUSE MALIBU'S CLAIMS WERE OBJECTIVELY REASONABLE AND MOTIVATED BY A DESIRE TO PROTECT ITS VALUABLE INTELLECTUAL PROPERTY.

Although Plaintiff ultimately decided to dismiss its claims against Defendant, Plaintiff had a reasonable basis to originally pursue this suit in an attempt to protect its valuable intellectual property. This Court has the discretion whether to award attorneys' fees to the prevailing party under the Copyright Act using the *Fogerty* factors.

### a. Plaintiff's Claims Were Not Frivolous

The first two *Fogerty* factors, frivolousness and objective reasonableness, both concern the merit of the losing party's legal positions and are often considered together. The Supreme Court explained that the objective reasonableness of the losing party's position is an important but non-controlling factor in the fee analysis, and that courts must also consider all other relevant factors. *Kirtsaeng*, 136 S. Ct. at 1982-83. For a claim or defense to be objectively unreasonable, it must be clearly meritless or otherwise devoid of legal or factual basis. *Silberstein v. Fox Entm't Grp.,*

*Inc.*, 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008)). A claim of copyright infringement will be successful if the plaintiff if able to prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In order to establish the second element of a claim for copyright infringement, a plaintiff must demonstrate by either direct or circumstantial evidence that the defendant copied the constituent elements of Plaintiff's work that were original. *Id.* Plaintiff advanced the plausible argument that Defendant, the only adult male living in the home, using the IP address assigned to him by his Internet service provider, engaged in the willful infringement of Plaintiff's copyrights. This claim was based on Plaintiff's investigator identifying and recording Defendant's IP address engaging in the infringing conduct as well as the downloading of third party content that is age and demographically appropriate for the Defendant. Courts around the country have found this to be plausible and Plaintiff's motivation in filing this lawsuit was **only** its desire to vindicate its rights as a copyright owner and to prevent the unauthorized copying and distribution of its copyright protected works. *See* Pelissier Dec. There is no argument to be made that Plaintiff had any ulterior motive other than the enforcement of its valuable copyrights, which are infringed on a massive scale worldwide. *Id.*

    b. **Plaintiff's Claims Were Not Objectively Unreasonable**

As discussed above, Plaintiff's position was legally and factually reasonable, even if it ultimately opted to abandon its case. Even a cursory review of the evidence that drove the decision to file suit demonstrates why Malibu concluded that Defendant had copied its protected films and believed that Plaintiff would ultimately prevail in this litigation. Plaintiff filed this lawsuit knowing the following facts: (1) it owned valid copyrights in the films at issue; (2) someone using IP address 73.176.168.82 downloaded and distributed those copyrighted films using BitTorrent;

6

(3) the applicable Internet service provider would be able to identify the subscriber associated with the infringing IP address; and (4) Plaintiff's investigator captured a significant amount of additional evidence of third party downloading via IP address 73.176.168.82 that could be used to correlate the actual infringer to the infringing activity. As a result, Plaintiff had a prima facie case of copyright infringement over IP address 73.176.168.82 under the control of Defendant. Indeed, under the Copyright Act "plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty,* at 527. The fact that additional evidence came to light during the course of the litigation lending to the possibility that Defendant was not the actual infringer does not make Malibu's position objectively unreasonable at the outset. Indeed, early on, Defendant relied upon bare denials of non-infringement. And, Plaintiff in this case, as in all others it files, seeks exculpatory information at the outset of cases in an effort to ensure it maintains infringement suits against actual infringers. "Contrary to [Defendant's] assertion, [Plaintiff] could not have been expected to simply take his word for the fact that he had not infringed [Plaintiff's] copyrights, given the substantial evidence implicating [Defendant]." *E.g., Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015) (affirming the District Court's denial of defendant's motion for attorney fees). As early as February 17, 2019, Defendant had the opportunity to resolve this matter without incurring significant attorneys' fees. Defendant chose not to do so and instead unleashed counsel in a scorched earth approach by filing Motions to Dismiss attacking the reliability of the Plaintiff's evidence and the technology used by Plaintiff's investigator to identify and record the acts of infringement. While Defendant did offer to produce his hard drive for inspection at an early stage of litigation, such an act does not change the analysis. Indeed, simply providing a hard drive for examination does not absolve a Defendant from liability. In fact, Plaintiff has witnessed numerous instances where only some hard drives were produced by a defendant, hard drives had been

manipulated to conceal downloading activity, or other actions by defendants are undertaken which appear to be in the spirit of a quick resolution to litigation, but do not in actuality generate those results as they do not paint the entire picture.

Rewarding a defendant whose 'defense' includes the withholding of information which could have led to not only the *early* resolution of the case, but also to the discovery of the true infringer, simply does not further the purposes of the Copyright Act. As the Court in *Priority Records* astutely explained:

> In exercising its discretion, the Court concludes that [Defendant] would not be entitled to attorney fees in conjunction with this case, even if the dismissal were considered an adjudication on the merits. Since filing this action, Plaintiffs have taken reasonable steps to try to prosecute this case and litigate against the proper defendant(s). They brought suit against [Defendant] because she was the registered user for the IP address from which the allegedly improper downloading and file sharing occurred. As evidenced by their letters and motions, Plaintiffs have been trying to take action against only those party responsible. To the extent [Defendant] has incurred legal fees in this action, such fees are primarily the result of tactics designed to impede the ability of Plaintiffs to prosecute this action in an efficient manner…. Therefore, [Defendant]'s request for attorney fees is denied.

*Priority Records L.L.C. v. Chan*, No. 04-CV-73645-DT, 2005 U.S. Dist. LEXIS 20360, at *6-7 (E.D. Mich. May 19, 2005). Here, the imposition of fees would send one message; a message that is in direct conflict with the purpose of the Copyright Act: that Defendants and their counsel can withhold relevant and material evidence exonerating the defendant and then unreasonably and unnecessarily multiply the proceedings. Had Defendant provided the information regarding the making of his wi-fi freely available to his houseguests and neighbors, and then making significant modifications to that practice upon learning of the instant suit, which occurred in June 2019, then this suit might have been resolved much earlier. Indeed, Plaintiff in February 2019 and March 2019 requested exculpatory information from Defendant yet received nothing until months later.

Defendant has failed to cite any case law which would remotely support the notion that their "gotcha" tactics serve the purposes of the Copyright Act. On the other hand, Plaintiff prosecuted its copyrights in good faith and with proper motivation. Accordingly, this factor weighs in favor of Plaintiff and against Defendant's entitlement to attorneys' fees.

### c. Motivation

Defendant also argues that Plaintiff's motivation in bringing this action was questionable because its claims were frivolous. However, the Court did not believe that Malibu's claims were patently frivolous. Indeed, this Court denied Defendant's Motion to Dismiss evidencing that Plaintiff's claims were plausible when filed. (ECF Dkt. No. 32). There are no facts before the Court that support a finding that Malibu was motivated by improper ends or that it brought anything other than what it believed to be a legitimate, good faith copyright claim. *See FASA Corp. v. Playmates Toys, Inc.*, 1 F. Supp. 2d 859, 866 (N.D. Ill. 1998) ("While there is in hindsight no doubt that [Plaintiff] may have litigated with too broad of a brush, there are absolutely no facts ... that support any factual finding of improper motivation by [Plaintiff] in bringing its unsuccessful lawsuit.").

### d. Considerations of Compensation and Deterrence

The Supreme Court's final enumerated consideration is "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (citing *Lieb,* 788 F.2d at 156). Those considerations, however, are "inextricably intertwined with the reasonableness or frivolousness of the [p]arties' positions, as well as their motivation in litigating the dispute." *Oravec,* 2010 WL 1302914, at *8 (citing *Luken v. Int'l Yacht Council, Ltd.,* 581 F. Supp. 2d 1226, 1246 (S.D. Fla. 2008)) (rulings on frivolousness and objective unreasonableness govern the court's determination with regard to compensation and deterrence).

Having shown that Plaintiff's claims were neither frivolous nor objectively unreasonable, there is little need to deter claims brought in good faith with a sufficient, albeit ultimately unsuccessful, factual basis.

Further, Defendant should not be compensated for elongating the litigation in hopes of securing a large attorneys' fees award. Defendant took a risk. He risked incurring attorneys' fees when they were not necessary and for a period of time over which he relied on bare denials and attacks on Plaintiff's detection and recording methods in the face of a prima facie case of infringement. He absolutely should not be compensated for taking that risk under the circumstances of this matter. Defendant advocates for the "risk-preferring" approach rejected by the Supreme Court. *Kirtsaeng,* at 1987-88.

Finally, there is no compelling need to deter Plaintiff's enforcement of its copyrights. "Copyright is based on the belief that by granting authors the exclusive rights to reproduce their works, they are given an incentive to create, and that 'encouragement of individual effort by personal gain is the best way to advance public welfare through the talents of authors and inventors in 'Science and the useful Arts.'" *Mazer v. Stein*, 347 U.S. 201, 219, 74 S.Ct. 460, 471, 98 L.Ed. 630 (1954). "The monopoly created by copyrights thus rewards the individual author in order to benefit the public." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156, 95 S.Ct. 2040, 2043, 45 L.Ed.2d 84 (1975). This will not occur if the works of authors can be stolen, on or offline, without an effective means of deterring infringement and penalizing infringers. Indeed, "[e]ncouraging piracy would do an immense disservice to the public purposes that animate copyright, with little commensurate gain." *Sony BMG Music Entm't v. Tenenbaum*, 672 F. Supp. 2d 217, 234 (D. Mass. 2009). As such, the Copyright Acts goal of deterring infringement is satisfied here.

### III. RULE 11 AND 28 U.S.C. §1927 SANCTIONS

To the extent that Defendant suggests that sanctions are warranted against Plaintiff or its counsel, such an argument fails. Sanctions are to be imposed sparingly. *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867, Fed. Sec. L. Rep. P 92, 402 (7th Cir. 2003). Defendant briefly mentions 28 U.S.C. § 1927 which provides for sanctions where a party unreasonably and vexatiously multiplies case proceedings. Defendants have not been able to point to any action throughout this process that would be considered "vexatious" or "unreasonable" as required by the statute, titled "counsel's liability for excessive costs." 28 U.S.C. § 1927.

Further, Pursuant to Federal Rule of Civil Procedure 11, a court may only impose a sanction after the party against whom sanctions are sought has been given "notice and a reasonable opportunity to respond." (Fed. R. Civ. P. 11). The motion must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11. *Id.* Defendant did not provide Plaintiff with the required notice, as required by Rule 11, and as such, any such claim attempted to be brought here by Defendant is without merit. *Id.* Further, neither Malibu's former nor current counsel have engaged in any behavior that would warrant the imposition of sanctions. Specifically, as counsel of record for a number of Malibu-initiated complaints alleging online copyright infringement, both counsel have had the opportunity to review and examine the evidence on which Malibu bases its lawsuits. The evidence that gave rise to Malibu's good faith basis to bring the instant suit is no different. As such, sanctions are wholly inappropriate.

### CONCLUSION

For the reasons stated herein, Defendant's motion for attorneys' fees is without adequate basis, and it should be denied.

Dated: September 25, 2020    Respectfully submitted,

Boroja, Bernier & Associates, PLLC

By: /s/ *Joel A. Bernier*
Joel A. Bernier, Esq.
49139 Schoenherr Road
Shelby Township, MI 48315
Tel: (586) 991-7611
Email: Bbclawgroup@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that September 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Joel A. Bernier*

12