UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff-Judgment Debtor/ | ) | |
| Citation Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 18 C 6447 |
| WILLIAM MULLINS, | ) | |
| | ) | Judge Thomas M. Durkin |
| Defendant-Judgment Creditor, | ) | |
| and | ) | |
| | ) | |
| COLETTE PELISSIER, | ) | |
| | ) | |
| Third-party representative of | ) | |
| the corporate citation respondent. | ) | |

## JUDGMENT CREDITOR'S MOTION FOR A RULE
## TO SHOW CAUSE DIRECTED TO COLLETTE PELLISSIER[1]

Judgment creditor, William Mullins, through the Peacock Law Group, pursuant to Fed. R. Civ. P. 69 and Ill. S. Ct. R. 277(h), moves for the court to issue a rule to show cause directed to Colette Pelissier, the owner and designated representative of the judgment debtor, Malibu Media, LLC, who in derogation of this court's order has produced <u>no</u> documents and has <u>not</u> appeared for a judgment debtor examination.  In support of his motion, he states:

## BACKGROUND

1.      On February 17, 2021, the court entered judgment in favor of Mullins as a prevailing party under § 505 of the Copyright Act, and against Malibu Media,

---

[1] This is a contested motion and a proposed, agreed briefing schedule is suggested below.

and it remains unsatisfied in the total amount of $48,656.73 plus interest and costs. Dkt. 104.

2.　　On April 20, 2021, the Clerk of Court issued a citation to discover assets directed to Malibu Media with a return date of May 12, 2021, for both the production of documents and a personal appearance by the designated corporate representative, Colette Pelissier, and it was served that day. Exhibit A., a copy of the citation and the email conveying it to counsel.

3.　　Pursuant to agreement between counsel, Malibu Media accepted service of the citation to discover assets via an April 20, 2021, email to its attorney of record. Ex. A *and see* Exhibit B, Declaration of Joseph Stewart at ¶ 2.

4.　　On May 13, 2021, Malibu Media, through its attorney, requested an extension of the May 12, 2021, return date. Dkt. 105. The motion was based on allegations that: (1) Malibu Media's "principal member resides out of state" (¶ 2); that the principal member "needs additional time to compile documents for inspection and copying by the Defendant" (¶ 3); and that the principal member "requires additional time to make logistical arrangements necessary to appear for the debtor examination and to obtain local counsel to represent [the principal member] at such examination." *Id*. *See* also Ex. B, ¶¶ 5-6.

5.　　Mullins agreed to stagger the return dates: documents to be produced in 28 days and a personal appearance in 35 days. (Ex. B, ¶¶ 5-6.) Accordingly, an unopposed order was submitted to the court for a June 9, 2021, document deadline and a June 16, 2021, personal appearance deadline, and that order was entered, *but*

with *a scrivener's error*, indicating the personal appearance deadline was in 2022. Dkt. 107; Ex. B, ¶ 6 and note 2.

6.     Malibu's requested extension deadlines expired with Malibu producing no documents and making no arrangements for the debtor examination.  Ex B, ¶ 11.

7.     When undersigned counsel sought to inquire with Malibu Media's attorney about these defaults, he got the run-around.  Ex B, ¶¶ 12-19.  For example, opposing counsel argued that Colette Pelissier's examination did not have to take place until July ***2022***, relying on the previously mentioned scrivener's error.  *Id*. at 12.   As another example, assuming Ms. Pelissier did not have *physical* custody of records, Mr. Bernier could not say what prevented her from obtaining copies from a bank or from Malibu Media's lawyers or accountants.  *Id*. at ¶ 12.

8.     The undersigned had numerous email communications and telephone conferences with Malibu's counsel as recounted in the attached declaration.  In sum, Attorney Bernier could not answer basic questions about why Malibu Media—a seemingly profitable internet purveyor of adult films and, as this court found, a "prolific litigant" (Dkt. 99, p. 10)— has <u>none</u> of the banking records or accounting records the citation to discover requests.

9.     Attorney Bernier's Motion to Withdraw (Dkt. 105) occurred at the culmination of the judgment creditor's months' long effort to obtain documents and testimony from Malibu Media and Colette Pelissier.  (Ex B, ¶¶ 12-17.)  Mr. Bernier filed the motion without giving undersigned counsel notice or complying with this court's standing order regarding notice and briefing, and he knew at the time of

filing that Mullins wished to move forward with this motion, seeking to hold Colette Pelissier in contempt of court. (*Id*. at ¶¶ 13 & 15.)

10.    When this court entered its attorney's fee award against Malibu Media, a critical premise for the fee-shifting liability was "Malibu's continued unwillingness to disclose information from its pre-filing investigation. . ."; its "repeatedly refus[ing] to turn over specific information"; and because "Malibu has consistently refused to cooperate with Court orders requiring it to turn over pre-filing investigation files that would purportedly show whether the company had a good-faith basis for suing Mullins." (Dkt. 99 at 8, 11, and 13.)    Malibu has continued its obstreperous conduct in post-judgment proceedings, flouting the enforcement of a judgment this court intended as a deterrence to its prejudgment obstreperous behavior. *Id*. at 5 & 11-13.

11.    On July 16, 2021, counsel for the parties agreed to the following briefing schedule: 21 days, on or before August 6, 2021, for a response to both the instant motion and Mr. Bernier's Motion to withdraw. *See* Ex. B, ¶ 18.

### DISCUSSION

Malibu Media has yet again caused Mullins to unnecessarily expend thousands of dollars in attorneys' fees.  Mullins has exhausted good faith efforts made to convince Malibu Media and its counsel to do what the law expects.  Only with a contempt citation hanging over them is there a chance that Malibu Media will act lawfully, so the entry of the requested rule is necessary. The court has already found Malibu "repeatedly refused to turn over specific information" and

consistently "refused to cooperate with Court orders requiring it to turn over [documents]." Dkt. 99 at 8, 11, and 13. Any rule this court enters should be enforced with the imposition of daily fines against Colette Pelissier. In the last three months it would have required little effort on her part to contact a bank, an accountant, or a lawyer having Malibu Media records, and for her to then arrange for their production to Mullins. She has not lifted a finger to do so.

Federal Rule of Civil Procedure 69 incorporates Illinois Supreme Court Rule 277, governing citation proceedings, and Rule 277(h) provides that a person who disobeys a citation may be punished by contempt of court. *See Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 191 (7th Cir. 2008). This court should enter a rule ordering Colette Pelissier to personally appear before this court on a date and time certain and show cause why the court should not hold her in contempt of court for failing to previously appear for the citation examination and failing to produce responsive documents. This court should also enter a rule ordering Colette Pelissier to bring with her to court on the date ordered all responsive documents to the 20 document requests set out in the rider to the citation. Ex. A. Finally, this court should also order that Colette Pelissier be subject to daily fines if she either fails to appear on the date ordered or fails to produce all responsive documents.

WHEREFORE, for the reasons set forth above, the judgment creditor requests that the court enter a rule to show cause directing Colette Pelissier to

appear on a date and time certain, with responsive documents, and in default of doing so face daily fines.

Respectfully submitted,

THE PEACOCK LAW GROUP

By: s/ Joseph A. Stewart
JOSEPH A. STEWART
Principal Attorney
161 North Clark Street, Suite 1600
Chicago, Illinois 60601
(312) 741-1070
joseph.stewart@thepeacocklawgroup.com

| | |
|---|---|
| **From:** | Joseph Stewart |
| **To:** | Boroja Bernier Associates |
| **Subject:** | Judgment for $48,656.73 entered in Malibu Media v. Mullins, 18 C 6447 (ND Ill 2/17/21) |
| **Date:** | Tuesday, April 20, 2021 4:19:00 PM |
| **Attachments:** | citation to judgment debtor Malibu Media.issued 4.20.21.pdf |
| **Importance:** | High |

*Malibu Media LLC*
*c/o Joel Bernier*

### Re:   Judgment for $48,656.73 entered in *Malibu Media v. Mullins*, 18 C 6447 (ND Ill 2/17/21)

Dear Mr. Bernier:

I am writing to demand immediate payment in full of the referenced judgment debt <u>on or before April 27, 2021</u>.  The judgment plus two months post-judgment interest ($283.83/month) amounts to **$49,224.39**.   Your client can plan to make such payment to my firm <u>in the next seven (7) days</u> to avoid liability for any further interest, or costs (none incurred to date), or more attorney's fees.

If your client refuses to immediately pay this judgment, we enclose a citation to discover assets the Clerk of the District Court issued today and directed to **Ms. Collette Pelissier as the manager of Malibu Media**, which you agreed to accept on behalf of your client.  The citation to discover assets initiates proceedings supplementary to execution on a money judgment, allowing Mr. Mullins, as judgment creditor, to obtain documents and testimony from Ms. Pelissier concerning the assets of Malibu Media that can be used to satisfy the court's judgment.  Pursuant to the enclosed citation, certain specified financial documents and testimony are due <u>on or before May 12, 2021. As stated in the citation, a failure to provide the information subjects a party to the court's contempt authority.</u>

Be aware that the citation is not only a device to discover assets but also *requires* that the judgment debtor, Malibu Media, preserve and ***not*** transfer assets that can be used to satisfy a judgment (the "transfer prohibition").  As a result, Malibu Media is prohibited under the law from paying out any funds to third parties for any reason, except to creditors having legal priority over Mr. Mullins, as judgment creditor, who by virtue of the citation served on Malibu Media now has a ***lien*** on all of Malibu Media's assets.  Be further aware that under the law, if a corporate officer pays out corporate funds to a third party in violation of the citation's transfer prohibition, the officer becomes personally liable to the judgment creditor.  Thus, if Ms. Pelissier pays an ordinary trade creditor or allows an ordinary trade creditor to be paid from Malibu Media funds, a court can order her to personally pay any unpaid judgment to the extent she made or allowed prohibited third-party payments.  *City of Chicago v. Air Auto*



*Leasing Co.*, Illinois Court of Appeals (1st Cir. 1988).

   Your client should gather the necessary funds and make arrangements with my firm to satisfy the judgment as soon as possible to avoid the disruption, expense, and inconvenience of supplementary collection proceedings.

Regards,

Joseph A. Stewart
The Peacock Law Group
150 N. Michigan Avenue
Suite 800
Chicago, Illinois 60601
joseph.stewart@thepeacocklawgroup.com
(312) 741-1070

Issued by the

# United States District Court

### NORTHERN DISTRICT OF ILLINOIS

**Malibu Media, LLC,**

  **Plaintiff/ Judgment Debtor,**

**CITATION TO DISCOVER ASSETS**

  V.

CASE NUMBER:  18 C 6447

**William Mullins,**

  **Defendant/Judgment Creditor.**

TO: Malibu Media, LLC, c/o its attorney, Joel A. Bernier, Boroja, Bernier & Associates, PLLC; Attn: *Colette Pelissier*

On February 17, 2021, the court entered judgment in favor of William Mullins and against Malibu Media, LLC, and it remains unsatisfied in the total amount of $48,656.73 plus interest and costs.

**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or that to which he may be entitled, or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to judgment debtor, until further order of court or termination of the proceedings. You are required to withhold the payment or transfer of any money or other property no more than twice the amount of the unsatisfied judgment.

**YOUR FAILURE TO APPEAR AND ANSWER MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.**

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below

  to be examined under oath to discover assets or income not exempt from the enforcement of the judgment.

| PLACE OF TESTIMONY<br>**219 S. Dearborn, Chicago, Illinois 60604** | COURTROOM<br>**1441** | DATE AND TIME<br>**May 12, 2021 9:30 a.m.** |
| --- | --- | --- |

☐ YOU ARE COMMANDED to appear in the at the place, date, and time specified below to be examined under oath to

  discover assets or income not exempt from the enforcement of the judgment.

| **PLACE OF TESTIMONY** | **DATE AND TIME** |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place,

  date, and time specified above:  See attached rider.

| **CERTIFICATE OF ATTORNEY**<br>The undersigned certifies under penalties of perjury provided by law (735 ILCS 5/1-109) that on February 17, 2021 judgment was entered against the defendant for $48,656.73 in the **United States District Court for the Northern District of Illinois** in case number 18 C 6447, and the balance now due is $48,656.73 plus interest and costs. | **THOMAS G. BRUTON, Clerk of the District Court** |
| --- | --- |
| /s/ Joseph A. Stewart<br>THOMAS G. BRUTON, CLERK | |
| ~~Jen Kildaare~~ | |
| (By) DEPUTY CLERK | April 20, 2021<br><br>DATE |

| **PROOF OF SERVICE** | | |
|---|---|---|
| DATE | PLACE | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

| **DECLARATION OF SERVER** |
|---|

I declare under penalty of perjury under the laws of the United States of America that I am over 21 years of age and the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

| **Notice to judgment debtor pursuant to the Illinois Code of Civil Procedure § 2-1402(b)** |
|---|

### CITATION NOTICE

In the United States District Court
for the Northern District of Illinois
219 S. Dearborn St., Chicago, Illinois

**Malibu Media, LLC** Judgment Debtor

v.

**William Mullins,** Judgment Creditor

Amount of judgment: **$48,656.73**

This citation is directed to you, the judgment debtor.

**NOTICE:** The court has issued a citation against you, the judgment debtor. The citation directs that you appear at the place designated above to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to you, the judgment debtor, or in which you, the judgment debtor, has an interest. The citation was issued based on a judgment against you, the judgment debtor, in favor of the judgment creditor in the amount stated above. On or after the date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

**(1)** Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits, public assistance benefits; unemployment compensation benefits, worker's compensation benefits; veteran's benefits, circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

**(2)** Under Illinois law, every person is entitled to an estate in homestead, when it is owed and occupied as a residence, to the extent its value of $15,000, which homestead is exempt from judgment.

**(3)** Under Illinois law, the wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.

**(4)** Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

An individual judgment debtor (but not a corporate judgment debtor) may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 S. Dearborn, 20th Floor, Chicago, Illinois 60604. When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing.

RIDER TO THE CITATION TO DISCOVER ASSETS
SERVED ON THE JUDGMENT DEBTOR IN
MALIBU MEDIA, LLC V. WM. MULLINS, CASE NO. 18 C 6447

Produce all documents and things in your possession or control concerning the following list of items:

1. Statements of account for the last 3 years, and bankbooks, passbooks, or checkbooks for any type of financial account in which you, the judgment debtor, have any interest and is maintained by or for you in a bank, savings and loan, securities firm, brokerage firm, or any other financial institution.

2. Your state and federal income tax returns for the last 3 years.

3. Applications for loans or credits.

4. Applications for insurance for real or personal property.

5. Financial statements, both audited and unaudited, for the last 3 years.

6. General ledger and/or accounting records for the last 3 years.

7. Any listing of accounts receivable, including loans or debts payable to you.

8. Any listing of real or personal property.

9. Safety deposit boxes.

10. Stock certificates, bonds, certificates of deposit and any other security instrument.

11. Promissory notes or any other records of money due you.

12. Titles to motor vehicles, boats or any other titled personal property.

13. Titles to real estate.

14. Beneficial interests in trusts.

15. Interests in partnerships.

16. Copies of royalty payments for the last 12 months.

17. Any interest in a pension, retirement, deferred compensation or profit-sharing fund.

18. Any life insurance policy in which the debtor's owner(s) is the policy's insured or beneficiary.

19. Any document identified in paragraphs 1 through 18 for any business (*i.e.*, sole proprietorship, LLP, LLC, partnership, or corporation) in which the judgment debtor is an owner, member, general partner, or majority shareholder.

20. Any other documents which may contain information concerning your property, income, or indebtedness due you.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALIBU MEDIA, LLC,                          )
                                            )
   Plaintiff-Judgment Debtor/ Citation   )
Respondent,                                 )
                                            )
              v.                       )
                                            )
WILLIAM MULLINS,                            )   No. 18 C 6447
                                            )
   Defendant-Judgment Creditor,             )   Judge Thomas M. Durkin
                                            )
          and                      )
                                            )
COLETTE PELISSIER,                          )
                                            )
   Third-party representative of            )
the corporate citation respondent.          )

**DECLARATION**

    Joseph A. Stewart, counsel to Mr. Mullins, declares under oath that:

    1.     I am a licensed attorney and admitted to the bar of this court for over

three decades.  I entered my appearance in this case (Dkt. 103) for the purpose of

enforcing this court's February 2021 judgment against Malibu Media for $48,656.73

in attorneys' fees and costs.  Dkt.  104.

    *Citation to Malibu Media and Colette Pelissier*:

    2.     Through attorney-of-record for Malibu Media, Joel Bernier, the

judgment debtor agreed to accept service of a citation to discover assets, which was

issued by the Clerk (Dkt. 108) and served by the undersigned via email on April 20,

# Exhibit B

2021.  The citation named <u>Colette Pelissier</u> as the designated representative of the judgment debtor, pursuant to Illinois Supreme Court Rule 277 (applicable under Fed. R. Civ. P 69) requiring an individual be named when serving a corporate citation respondent.

3.      In serving the citation, undersigned counsel's email emphasized in his email to Mr. Bernier what the citation itself states and the law provides, including the fact that "certain specified financial documents and testimony are due on or before May 12, 2021[, and that], a failure to provide the information subjects a party to the court's contempt authority."  Counsel's email further emphasized that the citations "transfer prohibition" required Ms. Pelissier, or any other individual Malibu Media employee) to impound nonexempt corporate funds or face personal liability (*citing City of Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873 (1ˢᵗ Cir. 1998).

4.      Before I served the citation, Mr. Bernier indicated in a telephone conversation with me that Malibu Media intended to hire local counsel to handle the citation proceedings.

5.      On May 13, 2021, attorney Bernier filed a motion on behalf of Malibu Media requesting an extension of the May 12, 2021, return date. Dkt. 105.  The motion was based on allegations that: (1) Malibu Media's "principal member resides out of state" (¶ 2); that principal member "needs additional time to compile documents for inspection and copying by the Defendant" (¶ 3); and that the principal member "requires additional time to make logistical arrangements necessary to appear for the

debtor examination and to obtain local counsel to represent [the principal member] at such examination." *Id.*

6.     Undersigned counsel took the motion—presented presumably by Malibu Media, Ms. Pelissier, and their attorney—at face value.  Accordingly, he agreed to the entry of an order allowing a 28-day extension (to 6/9) to produce documents[1] and a 35-day extension (to 6/16) for Ms. Pelissier's deposition/debtor exam.  The court entered such an extension order on May 18, 2021. Dkt. 107.[2]

7.     On May 17, 2021, I received an email from attorney Bernier indicating, "We are trying to confirm with our client that the specific dates [for a citation examination] are available."  I received no further email communication from him until June 11, 2021.

8.     On June 11, 2021, attorney Bernier sent the undersigned an email that attached a two-page pdf document, and the email stated in full: "I am sending you the completed rider for the citation.  I did not receive this until after close of business and am passing it along at my earliest convenience."  *See* attached Exhibit 1.  The email attachment ("Completed Rider") purports to be a seriatim address of the document rider attached to the Malibu Media citation.  However, the "Completed

---

[1] The citation required the production of twenty (20) categories of banking, accounting, and tax documents typically possessed by a business entity such as Malibu Media generally for a period of three years. Motion for Rule, Ex. A, citation rider.

[2] Due to a scrivener's error, the court's order states that: "The Plaintiff shall appear for the debtor's exam at a mutually convenient time and place on or before June 16, ***2022***." Dkt. 107 (emphasis supplied).  However, the parties negotiations were over a 30-day extension, and ultimately the dates were staggered 28/35 at Mullins' request to prompt the production of documents first, allowing for a more productive examination a week later.

Rider" bears no title, no author, and no signature and is, therefore, of an unknown origin. As to the 20 document requests, the Completed Rider iterates and reiterates the word "none" to 17 of those 20 categories. Ex. A. As to two categories—*i.e.*, banking and accounting records—the Completed Rider alleges that Malibu Media "is not in possession, custody, or control of any responsive documents." *Id*. As for tax records, the Completed Rider alleges that "Malibu Media has not filed state or federal tax returns for the last 3 years [but] …is in the process of completing such returns and will supplement this response when appropriate." *Id*.

9.      The "Completed Rider" is, in the undersigned's opinion, a worthless and unreliable statement that was not compliant with the rules for supplementary proceedings under Fed. R. Civ. P. 69.

10.      Seeking to avoid writing a lengthy email recounting the dozens of ways in which Malibu Media's responded inadequately, I immediately e-mailed Bernier as follows:

> "Joel: I would like to discuss your client's written response. <u>When can you talk today</u>? Also, I was given to understand that your client needed more time to secure new counsel. I'd like to understand therefore your continued participation in this case."

11.      I received no response from attorney Bernier to my June 11, 2021, email. The June 9, 2021, return date for documents came and went without Malibu Media producing a single document. Moreover, I did not receive any follow-up communication from Bernier further to his May 17, 2021, promise to get dates when Colette Pelissier would be available for deposition. *See supra* ¶ 7. Consequently, the

June 16, 2021, return date for Pelissier's examination came and went without any personal appearance.

12.     On July 6, 2021, I wrote attorney Bernier and requested a telephone conference. We spoke on July 8, 2021. I summarized the wholesale failure of Malibu Media to comply with the citation both as to documents and as to Colette Pelissier's debtor examination. Attorney Bernier attempted to rely on a scrivener's purporting to allow until 2022 for an exam error (*see supra* n. 2) and he argued that Pelissier had not violated the citation or court order. However, attorney Bernier understood that Colette Pelissier and Malibu Media would need to respond to a motion for rule to show cause, and he agreed to talk to his client to determine if documents could be produced and dates for an examination. I further requested and attorney Bernier agreed to provide the last instance in which Malibu Media paid him and the transferee bank. The parties agreed to speak on July 12, 2021.

13.     On July 8, 2021, the undersigned sent attorney Bernier an email he had requested so that Bernier could convey certain issues more pointedly with his client. *See* attached Exhibit 2. The email sets out the cardinal "defaults" of Malibu Media and Defendant's additional concerns that: (1) Colette Pelissier was operating Malibu Media in derogation of the citation's transfer prohibitions; and (2) that she and Malibu Media were engaged in "game playing" and "intransigence" for which we would seek further legal fees. *Id*. at points III and IV.

14.     On July 12, 2021, I spoke with attorney Bernier.  He advised that "over the weekend" he had sent Malibu Media a letter of resignation.  He further advised that he had <u>not</u> actually talked to Colette Pelissier but rather to an attorney named "Erik Johansen," a "corporate attorney" for Malibu Media.  Mr. Bernier could not identify the state out of which that lawyer practiced, but he promised to get back to me.  Mr. Bernier further advised that "Erik Johannesen" (sp.?) stated that Malibu Media has "no documents" and that the website (*i.e.*, x-art.com) Malibu Media operates is "not making any money."   Knowing that my client was considering a motion for rule to show cause, attorney Bernier suggested that he would get further information and "authority" from the corporate attorney, and we agreed to talk on Wednesday, July 13, 2021, at 2 EST/1 CST.   I further advised attorney Bernier that my client would not settle without first seeing accounting and banking records.

15.     After close of business on July 12, 2021, attorney Bernier wrote the undersigned seeking clarification of my opinion on his conduct in this matter and required my response "in order for us to continue our conversation at 2:00 p.m. Wednesday [7/13] that's 1:00 p.m. for you. . ."

16.     On July 13, 2021, the undersigned responded to that email, but an hour or so later, Joel Bernier filed "Plaintiff's Attorney's Motion to Withdraw," indicating that "Plaintiff has discharged Bernier . . ." Dkt. 109, ¶ 2.

17.     On July 14, 2021, I received an email from Joel Bernier which in part states:

Since our last discussion this past Monday, I have sent multiple emails (which included our communications, copied verbatim), I have tried calling the owner of Malibu Media LLC, Ms. Pelissier, sent her multiple text messages, and have heard nothing back.

18.     On July 16, 2021, I exchanged emails with attorney Bernier and we agreed that Malibu's response to Mullins' Motion for Rule would be due August 6, 2021, and that Mullins' response to attorney Bernier's Motion to Withdraw would also be due on August 6, 2021.

I declare under penalty of perjury that the foregoing is true and correct other than when stated on information and belief.  /s/ Joseph Stewart, signed July 16, 2021.

Mr Stewart:

I am sending you the completed rider for the citation.  I did not receive this until after close of business and am passing it along at my earliest convenience.

Thanks,

Joel

--
## Boroja, Bernier & Associates, PLLC
**49139 Schoenherr**
**Shelby Township, MI 48315**
**Phone: (586) 991-7611**

Statement of Confidentiality

The contents of this e-mail message and any attachments are confidential and are intended solely for addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately **notify** the sender by reply e-mail or phone and **delete** this message and its attachments, if any.

Ex. 1

1.      Statements of account for the last 3 years, and bankbooks, passbooks, or checkbooks for any type of financial account in which you, the judgment debtor, have any interest and is maintained by or for you in a bank, savings and loan, securities firm, brokerage firm, or any other financial institution.

Response: Following diligent search, Malibu Media, LLC is not in possession, custody, or control of any responsive documents.  Bank statements for portions of 2018 and 2019 may be in the possession, custody, or control of Lomnitzer Law Firm, P.A.

2.      Your state and federal income tax returns for the last 3 years.

Response: Malibu Media, LLC has not filed state or federal tax returns for the last 3 years.  Malibu Media, LLC is in the process of completing such returns and will supplement this response when appropriate.

3.      Applications for loans or credits.

Response: None.

4.      Applications for insurance for real or personal property.

Response: None.

5.      Financial statements, both audited and unaudited, for the last 3 years.

Response: None.

6.      General ledger and/or accounting records for the last 3 years.

Response: Following diligent search, Malibu Media, LLC is not in possession, custody, or control of any responsive documents.  Accounting records for portions of 2018 and 2019 may be in the possession, custody, or control of Lomnitzer Law Firm, P.A.

7.      Any listing of accounts receivable, including loans or debts payable to you.

Response: None.

8.      Any listing of real or personal property.

Response: None.

9.      Safety deposit boxes.

Response: None.

10.      Stock certificates, bonds, certificates of deposit and any other security instrument.

Response: None.

11.     Promissory notes or any other records of money due you.

Response: None.

12.     Titles to motor vehicles, boats or any other titled personal property.

Response: None.

13.     Titles to real estate

Response: None.

14.     Beneficial interests in trusts.

Response: None.

15.     Interests in partnerships.

Response: None.

16.     Copies of royalty payments for the last 12 months.

Response: None.

17.     Any interest in a pension, retirement, deferred compensation or profit-sharing fund.

Response: None.

18.     Any life insurance policy in which the debtor's owner(s) is the policy's insured or beneficiary.

Response: None.

19.     Any document identified in paragraphs 1 through 18 for any business (i.e., sole proprietorship, LLP, LLC, partnership, or corporation) in which the judgment debtor is an owner, member, general partner, or majority shareholder.

Response: None.

20.     Any other documents which may contain information concerning your property, income, or indebtedness owed you.

Response: None.

**From:**        Joseph Stewart
**To:**          Boroja Bernier Associates
**Subject:**     FW: Information request
**Date:**        Thursday, July 8, 2021 10:44:00 AM
**Attachments:** order extending return dates to June 2021.pdf
                 citation to judgment debtor Malibu Media.issued 4.20.21.pdf
                 NIL 939 - Response to Rider .pdf

Joel:

    I.          Documents

Your client's written "response" to the citation is completely inadequate.

The response is unsigned and gives no indication who is addressing the citation or if is addressed in an authorized or regular manner.  You're literally "passing " the response on demonstrates that you have exercised no due diligence about the substance of the response and were obviously not vouching for its accuracy.  Moreover, the response repeatedly purports that Malibu is not in "possession, custody, or control" of numerous documents.  Malibu Media is obviously mistaken.  I only need to remind you of our discussion about bank records.  In the three months the citation's been pending, Collette could have obtained responsive records from Malibu's Bank.  She's offered no excuse why she has not and is clearly thumbing her nose at the court.  This same reasoning applies to records held by Malibu Media's agents, like the Lomnitzer law firm.  Such records are presumably in MM's "possession, custody, or control"  until MM affirmatively demonstrates they do <u>not</u> control such documents.

    II.         Examination

Your client failed to produce documents, making an exam less than effective, and failed to make arrangements for an exam to be taken by video.

I won't knock down once again the straw man you erected to the exam.  At this point, my client withdraws any offer to examine MM/Collette remotely, telephonically or by video.  Collette will need to personally appear in Chicago for deposition.

    III.      Transfer prohibition/personal liability

As I laid out the law in prior emails, I will not repeat the case law standing for the proposition that Collette is likely to have made herself personally liable for the judgment by operating Malibu Media in derogation of the citation's transfer of assets prohibition.  To the extent Collette has allowed outflows of money without reserving for the Mullin judgment, she's personally on the hook.  That's one reason we'd like the bank records pronto.

    IV.      Further liability for attorneys' fees.

Ex 2

For the legal fees associated with my time composing this email, reiterating what I said to you on the telephone not an hour ago, and all my other time enforcing this judgment, my client will seek to tax

those fees against Malibu Media and Collette, personally.  I will not go into detail reiterating what I said earlier.  Suffice to say that the judgment amount is the summation of the legal expense Malibu Media foisted on Mr. Mullins by its inequitable conduct in this proceeding.  Now, Malibu Media's intransigence and game playing signals it wants to foist more unnecessary legal costs on my clients. We're going to ask the court for an additional award of attorneys' fees.

V.      Meeting

I expect to address these issues on Monday afternoon at 3:00 CST/4:00 EST.

Regards,


**Joe Stewart**
**TPLG**