UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff-Judgment Debtor/ | ) |
| Citation Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM MULLINS, | ) No. 18 C 6447 |
| | ) |
| Defendant-Judgment Creditor, | ) Judge Thomas M. Durkin |
| and | ) |
| | ) |
| COLETTE PELISSIER, | ) |
| | ) |
| Third-party representative of | ) |
| the corporate citation respondent. | ) |

## MOTION FOR PREJUDGMENT ATTACHMENT ORDER[1]

William Mullins, through the Peacock Law Group, moves this court for an order of prejudgment attachment that, once the original judgment is satisfied in early to mid-November, would allow the continuing restraint of the X-Art.com Proceeds to secure the payment of penalties, including attorney fees that the court is scheduled to adjudicate. The motion is made necessary by Malibu Media's history of thumbing its nose at court process and court orders. In support of his motion Mullins states that:

---

[1] The court ordered a briefing schedule for this motion such that it would be filed on November 5, 2021 and any response would be due November 12, 2021. Dkt. 134. On the record the undersigned indicated the motion would be filed on October 25, 2021, and his notes indicate that any response would be due seven days thereafter, *i.e.*, November 2, 2021. The attachment motion is time-sensitive, and Mullins requests that the responses be ordered by a date certain on or before November 2, 2021.

## BACKGROUND

1. This motion was originally made in court on judgment creditor William Mullins' oral motion for a prejudgment attachment order. 10/22/21 Hearing (transcript requested). The court previously issued an asset restraining order (Dkt. 117), and a turnover order relating to assets found in the possession of Epoch.com, LLC. Dkt. 133.

2. Mullins requests an attachment order, and consequent attachment lien, to become effective as soon as the existing judgment lien is exhausted by funds restrained and tendered by Epoch to Mullins to satisfy the original judgment totaling about $52,500. Mullins estimates Epoch (the garnishee) will have either turned over or withheld such an amount on or about November 4, 2021. At that juncture, these supplemental judgment enforcement proceedings will have one issue remaining: the extent of penalties and attorney fees to which Malibu Media and Zo Digital are liable. Said attorney's fees issue is a money claim not yet reduced to judgment for which a pre-judgment remedy is appropriate.

3. Mullins requests that the court clarify that the existing restraining order shall remain, and that, Epoch shall continue restraining funds subject to the requested attachment order and lien once it has restrained and turned over funds on the original judgment of approximately $52,500.

4. Mullins bases the prejudgment attachment request upon Malibu Media's history of diverting and concealing assets, as well as Malibu's history of hindering, delaying, and frustrating these post-judgment proceedings.

5. Moreover, the attachment is necessary to continue <u>uninterrupted</u> the court's authority to restrain funds and to continue <u>uninterrupted</u> Mullins' enforcement lien.

## DISCUSSSION

6. Rule 64 provides for provisional and prejudgment remedies, incorporating state procedures where no federal rule exists; prejudgment attachment is a remedy by which a debtor's property is held to satisfy a debt. Fed. R. Civ. P. 64. "The Illinois Attachment Act requires a court to construe the attachment statute 'in the most liberal manner for the detection of fraud.'" *Old Kent Bank v. Stoller*, 627 N.E.2d 265, 272 (Ill. App. Ct. 1993). A creditor possessing a money claim may seek an attachment against a debtor's property, either at the suit's commencement or thereafter. Fed. R. Civ. P. 64; 735 ILCS 5/4-101.

7. To qualify for a prejudgment attachment remedy, a plaintiff must have a "claim for money" (735 ILCS 5/4-101) and, by a *preponderance of the evidence*, establish: (a) "cause," or one of nine predicate acts (*e.g.*, concealing assets); and (b) a probability of success on the money claim. *U.S. Bank Nat'l Ass'n v. Rose*, 2014 IL App (3d) 130356, ¶ 16(Ill. App. 2014).

8. In *Rose*, the appellate court reversed the trial court's denial of an attachment request, determining the proponent had in fact proved the two elements (cause and likely success) by a preponderance of the evidence. *Id*. at ¶ 16. In reversing the trial court, *Rose* observed that under the plain language of the statute once the creditor crossed the statutory threshold, "the trial court is entitled to limited

3

discretion in its decision whether to grant attachment." *Id*. *Rose* held that "[i]f the factual findings established both cause and a probability of success the [trial] court retains no discretion to deny attachment—the court 'shall' enter the order." *Id*. (emphasis in original) (*citing* 735 ILCS 5/4-101). *Rose* therefore reversed and instructed the trial court to order the attachment of the debtor's assets as the prejudgment statute required. *Id*. at ¶ 32.

9. Regarding cause, of the eleven defined causes those applicable to this case are that the debtor Malibu Media: (1) "is not a resident of [Illinois];" and (6) "fraudulently conveyed" its assets; and (7) "fraudulently concealed" its assets. 735 ILCS 5/4-101(1), (6), and (7). Malibu Media is a California company, and the two other causes the court has already found as a matter of fact against Malibu Media. As for fraudulent conveyances, see Dkt. 133, Order on Omnibus Motion for Turnover at ¶ 16 ("Malibu Media allowed $83,210.64 to be diverted despite such transfers being specifically prohibited by the citation to discover assets Mullins served on Malibu Media and subject to his judgment lien."). As for fraudulent concealment, *see* Dkt. 117, Asset Restraining Order at ¶ 3 ("[Malibu Media's] and Pelissier's willful default in the production of documents is the equivalent of 'hiding assets' from a judgment creditor and thus a contempt of court."). These are found and incontrovertible facts.

10. Consequently, under *Rose* Mullins has established *cause* for a prejudgment attachment.

11. Regarding probability of success on the merits, at the last court hearing (10/22/21), the district court indicated its intention to award Mullins attorney's fees;

4

those remarks left only the *amount* of those fees to be determined. Mullins was allowed to and ordered to file a fee petition on or before November 22, 2021. Dkt. 134. As such, Mullins has achieved de facto partial judgment on Malibu Media's liability for penalties. Consequently, under *Rose* Mullins has established a probability of success on the underlying merits of his claim for money against Malibu Media.

12. Once the original judgment amount is satisfied, a prejudgment attachment is necessary to re-affirm the court's *authority* to restrain the X-Art.com Proceeds and re-affirm Mullins' continuing lien rights while the court adjudicates the final issue of liability. Without the attachment remedy, Malibu Media will again seek to undermine this court's judgment and court process by fraudulently concealing and transferring its assets.

13. Attachment requires the posting of bond (735 ILCS 5/4-107), but the court has already found cause to waive the similar bond requirement for the existing asset restraining order. Dkt. 117, Asset Restraining Order at ¶ 11 ("Mullins is not required to post bond"). Mullins requests that the court continue to waive bond.

14. Counsel for Mullins and Epoch can coordinate so that within 5 days of Epoch restraining an amount sufficient to cover Mullins' existing judgment principal, interest, and estimated costs (to be separately submitted and approved by the court), Epoch can turn over the balance of that original judgment amount to Mullins in the manner previously ordered. Dkt 133, ¶¶7 and 8.

WHEREFORE, Mullins requests that this court expand the existing injunction to order a prejudgment attachment against the existing stream of payments

Epoch.com, LLC restrains (a/k/a the X-Art.com Proceeds) and further order Epoch to turn over accumulated payments that will satisfy the original judgment amount, and then to continue the existing restraint until further court order.

                                        Respectfully submitted,

                                        WILLIAM MULLINS
                                        THE PEACOCK LAW GROUP

                                        By: s/ Joseph A. Stewart
                                              JOSEPH A. STEWART
                                              Principal Attorney
                                              161 North Clark Street, Suite 1600
                                              Chicago, Illinois 60601
                                              (312) 741-1070
                                              joseph.stewart@thepeacocklawgroup.com