9UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff-Judgment Debtor/ ) | |
| Citation Respondent, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM MULLINS, ) | No. 18 C 6447 |
| ) | |
| Defendant-Judgment Creditor, ) | Judge Thomas M. Durkin |
| and ) | |
| ) | |
| COLETTE PELISSIER, ) | |
| ) | |
| Third-party representative of ) | |
| the corporate citation respondent. ) | |

**ORDER GRANTING MOTIONS FOR APPROVAL
OF FEES AND FOR AN AMENDED JUDGMENT ORDER**

This matter is before the court on judgment creditor William Mullins' Second Omnibus Motion for An Amended Judgment Order, *etc*. (Dkt 142) and Motion for Approval of Attorney Fees and Expenses. Dkt 141 ("Fee Application"). The court previously issued an asset restraining order in these supplemental enforcement proceedings. Dkt. 117. Based on a finding that certain assets ("X-Art.com Proceeds") in the possession of Epoch.com, LLC belonged to Malibu Media, the court then entered an interim turnover order and continued the restraint to satisfy the remaining judgment balance as well as to guarantee the payment of further damages to be awarded by an amended judgment order. Dkt. 133 at ¶ 7 and 24. The pending

motions seek the approval and award of attorney fees totaling $83,439.56 as civil penalties for Malibu Media's obstruction of and unduly prolonging these supplementary proceedings. The court provided Colette Pelissier, Malibu Media, and ZO Digital with an opportunity to respond to the pending motions. Potential objectors had until November 12, 2021, to respond to Mullins' Motion for Fees (Dkt. 134) and had until November 19, 2021, to respond to Mullins' Motion for an Amended Judgment. Dkt. 143. Colette Pelissier, Malibu Media, and ZO Digital filed no objection to the pending motions. Colette Pelissier appeared at the telephonic status on November 29, 2021 and made numerous objections which the court addressed and denied for the reasons stated on the record. Being fully advised by the motions,

THE COURT HEREBY FINDS THAT:

Mullins has demonstrated that Malibu Media and Pelissier violated a statutory transfer prohibition seventeen times when they allowed Epoch, having no knowledge of the citation, to pay funds (*i.e.*, (X-Art.com Proceeds belonging to Malibu Media) to ZO Digital *after* Malibu Media had been served with a citation. *Id.* Those transfers totaled $83,210.64. *Id*. The additional fees Mullins reasonably incurred are compensable civil contempt penalties in supplementary proceedings. *W. Bend Mut. Ins. Co. v. Belmont State Corp.*, 712 F.3d 1030, 1035 (7th Cir. 2013) ("a court may award attorneys' fees as part of the penalty under §5/2-1402(f)(1))") (*citing Mid-American Elevator Co. v. Norcon, Inc.*, 287 Ill. App. 3d 582, 591, 679 N.E.2d 387, 223 Ill. Dec. 202 (1996)).

Mullins' Motion for Amended Judgment Order seeks to reduce the $83,439.56 (split between the fee application and supplemental fees for prior counsel) requested to judgment and further requests that ZO Digital be made jointly and severally liable for the amended judgment of $83,439.56, not based on direct liability for compensatory civil contempt penalties, like Malibu Media and Pelissier, but rather as a statutory sanction for having defaulted on numerous obligations under the restraining order. Dkt. 142, Motion for Amended Judgment at 11-12. Mullins has shown that in equity ZO should be made liable because, as the court already found, there is no dispute that ZO Digital received transfers that totaled $83,210.64 in funds that were encumbered by Mullins' judgment lien and to which Mullins had a priority right over ZO Digital. Finally, Mullins requests that the court approve his $764.90 bill of costs (*i.e.*, Dkt. 137). *Id.* at 10.

**ACCORDINGLY, IT IS HEREBY DECREED AND ORDERED that the judgment creditor's motions are GRANTED in part and DENIED in part and specifically ORDERED that:**

1. Mullins' Fee Application (Dkt. 141) and corresponding request for judgment (Dkt 142 at 8) is granted in the amount of $59,614.52 and the court enters judgment for Mullins in that same amount for the use and benefit of The Peacock Law Group.

2. Mullins' Motion to Amend Judgment with respect to supplemental fees of $23,775.04 for the uncompensated work of prior counsel and corresponding request for judgment (Dkt 142 at 9) is denied for the reasons stated on the record.

3. Malibu Media and Collette Pelissier are jointly and severally liable to William Mullins for compensatory civil contempt penalties totaling $59,614.52, and the original February 2021 judgment is amended in the additional amount of $59,614.52 in favor of Mullins (as apportioned above) and against Malibu Media and Collette Pelissier jointly and severally.

4. Judgment is entered in favor of William Mullins (as apportioned above) and against ZO Digital in the amount of $59,614.52 jointly and severally with the amended judgment entered Malibu Media and Collette Pelissier.

5. Mullins' bill of costs (Dkt 137) totaling $764.90 is approved and the Clerk of Court shall note the docket accordingly.

6. As provided in the law and as stated in the order itself, the injunctions of the court's Asset Restraining Order remain in effect; those injunctions are only modified as specifically provided by the October 12, 2021, turnover order (Dkt. 133), and otherwise those injunctions remain in full force until vacated.

ENTERED:

*Thomas M Durkin*

Date: November 29, 2021     JUDGE THOMAS M. DURKIN