UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff-Judgment Debtor/ | ) | |
| Citation Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM MULLINS, | ) | No. 18 C 6447 |
| | ) | |
| Defendant-Judgment Creditor, | ) | Judge Thomas M. Durkin |
| and | ) | |
| | ) | |
| COLETTE PELISSIER, | ) | |
| | ) | |
| Third-party representative of | ) | |
| the corporate citation respondent. | ) | |

**MOTION FOR LEAVE TO AMEND TURNOVER
MOTION INSTANTER AND CANCEL 12/14/21 HEARING[1]**

William Mullins, through the Peacock Law Group, moves this court to amend and reduce his request for a turnover order (Dkt. 147, "turnover motion") from $32,094.82 to $16,690.33, which is the balance due on the *original* $48,656 judgment amount. This amendment renders the turnover motion incontestable and eliminates the need for a hearing that the court scheduled for next Tuesday (12/14/21). In further support of his motion, Mullins states**:**

---

[1] This motion to amend seeks to eliminate a contested matter. Malibu Media, Colette Pelissier, and ZO Digital are being given notice of this motion via the email addresses they have employed to petition the court.

1.     Mullins sought a turnover order for the entire accumulated balance of $32,094.82 held by third-party Epoch.com, LLC. Turnover Motion at pages 1 and 3 (citing that amount). The remaining balance on the original judgment amount is $16,690.33. The court entered an amended judgment for an additional $59,614.52 on November 29, 2021. The turnover request assumed the amounts Epoch tendered in excess of the remaining balance on the original judgment would be applied to the additional judgment of $59,614.52. However, enforced collection on the amended judgment amount is premature under Fed. R. Civ. P 62. Mullins regrets the oversight and wishes to correct his error by immediately amending and reducing the turnover request from $32,094.82 to $16,690.33.[2]

2.     The balance on the original judgment amount is $16,690.33 as demonstrated in this table:

**Judgment balance**
| | |
|---|---|
| $48,656.73 | Original judgment amount |
| ($35,194.40) | Epoch's October 2021 remittance |
| 13,462.33 | Balance without costs and interest |
| | |
| $13,462.33 | Balance re-stated |
| $764.90 | Costs approved by court. Dkt 145 |
| $2,270.64 | Interest from February to October 2021 (8x283.83) |
| $192.46 | Interest from October to December 2021 (2 x 96.23) |
| **$16,690.33** | **Balance on original judgment amount** |

---

[2] The turnover motion also sought to adjust the "ceiling" on the restraint of assets and granting the instant motion will require another adjustment to the proposed order that can be worked out by counsel as they did already.

3. If the court grants Mullins leave and reduces the turnover request in the manner stated above, Mullins is aware of no possible objection to the amended motion for turnover of $16,690.33.

4. First, Mullins' judgment dates to February 2021 and is beyond appeal. In these supplementary proceedings, on October 12, 2021, this court entered its declaratory ruling that the "X-Art.com Proceeds" (held by Epoch) are Malibu Media's property and subject to Mullins' judgment lien and based on that declaration the court further issued a turnover order for $35,194.40. Dkt. 133, the October 12, 2021, turnover order. Epoch complied with the turnover order, partially satisfying the original judgment. Seventh Circuit precedent clearly demonstrates that the October 12, 2021, turnover order was immediately appealable. *Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 493 (7th Cir. 1990). Consequently, because a notice of appeal was not timely filed within 30 days of its rendition, the October 12, 2021, order is no longer appealable. *Id*.

5. *In Labors Pension Fund*, the district court entered a turnover order in supplementary proceedings. When the third-party respondent failed to comply, the district court entered a second order holding the third party in contempt for not turning over assets. The third party appealed the turnover order and the civil contempt order. *Labors Pension Fund* dismissed the appeal of the turnover order, as the appeal did not occur within "thirty days as required by Rule 4 of the Federal Rules of Appellate Procedure," therefore leaving the appellate court "without jurisdiction to decide the matter." 919 F.2d at 493. The court went on to decide the timely appeal

3

of the civil contempt order, affirming the district court's use of contempt remedies to obtain compliance with post-judgment orders. *Id.* at 494 ("contempt is a proper means of enforcement of a court order compelling delivery of assets").

6.  Under *Labors Pension Fund*, Malibu Media, ZO Digital, and Colette Pelissier have *no* legal basis to contest the as-amended turnover motion seeking only to satisfy the original judgment amount. Because the appeal period has expired, no party can contest this court's finding that the X-Art.com Proceeds belong to Malibu Media and are subject to the original judgment. *Labors Pension Fund*.

7.  Malibu Media, ZO Digital, or Colette Pelissier may only appeal the November 29, 2021, amended judgment and only if they file a timely motion or appeal. *Labors Pension Fund* (allowing timely appeal of contempt order despite untimely appeal of turnover order). But the November 29, 2021, order concerns civil compensatory penalties, and that order is not implicated by a revised motion and reduced turnover order that would alone satisfy the original judgment amount.

8.  The court scheduled a hearing on the turnover motion (Dkt. 148), perhaps prompted by Colette Pelissier's email to the court, indicating her "intent to object to this motion and turnover order, as well as [her] intent to file an appeal and a motion to vacate this motion/turnover order."

9.  However, once the pending turnover motion is amended, Pelissier can have no further objection. First, the court has already ruled that the subject of the pending turnover motion—"X-Art.com Proceeds"—is property belonging to Malibu Media, and that by necessity means the X-Art.com Proceeds do not belong to ZO

4

Digital, Brigham Field or Colette Pelissier. Therefore, neither ZO Digital, Brigham Field nor Colette Pelissier have standing to contest the turnover motion. A hearing to accommodate those parties would be moot.

10. With regard to the rights of Malibu Media, Colette Pelissier, a non-attorney, cannot represent Malibu Media. Moreover, Malibu Media is barred from objecting further in these proceedings by prior court order. Dkt 133 at ¶ 19 ("Malibu Media is barred from making further objection in these proceedings unless [it cures multiple defaults]").

11. Based on the foregoing, the court should cancel the hearing scheduled for December 14, 2021, and order the reduced turnover amount to satisfy just the original judgment amount. Such an order would leave unchanged the rights of Malibu Media, ZO Digital, Brigham Field, or Colette Pelissier to contest the amended judgment. *Labors Pension Fund* (allowing timely appeal of contempt order despite untimely appeal of turnover order).

12. Alternatively, if the hearing goes forward, the court should bar all participants from addressing anything but Mullins' amended motion. As the court is well aware, without exception at every post-judgment hearing Pelissier has attended she almost never addresses the issue at hand. The court should consider enforcing the bar by ordering any offending party held liable to pay Mullins' attorney further civil contempt penalties for wasting time at a hearing that raises no justiciable issues or valid, non-dilatory objections to the amended motion.

13. As the current motion and proposed order leave the injunctions of the Asset Restraining Order in place, and funds continue to be restrained weekly, the undersigned will file another turnover request in due course for the amended judgment amount.

WHEREFORE, Mullins requests that this court grant him leave to amend and reduce his turnover request instanter from $32,094.82 to $16,690.33, to cancel the December 12, 2021, hearing, and to enter a modified turnover order.

Respectfully submitted,

WILLIAM MULLINS
THE PEACOCK LAW GROUP

By: s/ Joseph A. Stewart
    JOSEPH A. STEWART
    Principal Attorney
    161 North Clark Street, Suite 1600
    Chicago, Illinois 60601
    (312) 741-1070
    joseph.stewart@thepeacocklawgroup.com