UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff-Judgment Debtor/ | ) | |
| Citation Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM MULLINS, | ) | No. 18 C 6447 |
| | ) | |
| Defendant-Judgment Creditor, | ) | Judge Thomas M. Durkin |
| and | ) | |
| | ) | |
| COLETTE PELISSIER, | ) | |
| | ) | |
| Third-party representative of | ) | |
| the corporate citation respondent. | ) | |

### THIRD MOTION FOR TURNOVER ORDER

William Mullins, through the Peacock Law Group, moves this court for a turnover order directed to Epoch.com, LLC for $41,226.58. Epoch is restraining "X-Art.com Proceeds" under the court's August 12, 2021, asset restraining order. Dkt. 117. Epoch is restraining X-Art.com Proceeds to secure the payment of the original judgment of $48,656.73 (Dkt. 104) and the November 29, 2021, amended judgment for attorney fees of $59,614.52 (for the use and benefit of the Peacock Law Group), which total $108,271.25. Dkt. 145.

Epoch has complied with the court's October 12, 2021, turnover order (Dkt 133), tendering $35,194.40 (for receipts through October 7, 2021) towards the satisfaction of the original judgment amount. Subsequently, Mullins moved for a

second turnover order. Dkt. 147 (seeking $32,094.82) and 149 (amended motion reducing request to $16,690.33). After a contested hearing, the court granted Mullins' second turnover motion for the reduced amount. Dkt. 152 (second turnover order). Epoch complied with the second turnover order, which satisfied the original judgment of $48,656.73 plus interest and costs.

Under the October 12, 2021, first turnover order, Epoch was obliged to report weekly to Mullins on the funds it has restrained. Dkt 133 at ¶ 7. Epoch reports to undersigned counsel that as of February 18, 2022, it is restraining an additional $41,226.58 net of all previous amounts turned over.

Epoch should issue payment to: "The Peacock Law Group Client Trust Fund Account" and tender such payment in the manner set forth in paragraph I of the court's Asset Restraining Order. As provided in the law and as stated in the asset restraining order (Dkt 117), the injunctions of the court's Asset Restraining Order remain in effect; those injunctions are only modified as specifically provided by the October 12, 2021, turnover order (Dkt. 133), and otherwise those injunctions should remain in full force until vacated.

This third turnover motion does not raise a contested matter as Malibu Media, Colette Pelissier, and ZO Digital have no known basis to contest the motion. As demonstrated above, this third turnover motion endeavors to enforce the court's amended motion for attorney fees, which the court entered on November 29, 2021, jointly and severally against Malibu Media, Colette Pelissier, and ZO Digital. Dkt. 145. Those parties are being given notice of this motion via the email addresses they

have employed to petition the court. Malibu Media and ZO Digital have been defaulted for failing to secure an attorney to file an appearance and represent those limited liability companies and numerous other defaults. Dkt. 133, ¶¶ 12 and 19. Pelissier has not formally and individually filed an appearance or directed the court to a street address or email address with which to provide her with notice. Besides being the owner of Malibu Media, Pelissier has no known individual claim or interest in the funds subject to this turnover motion.

Finally, regarding the November 29, 2021, amended judgment (Dkt 149), and as demonstrated in Mullins' amended (second) turnover motion, Malibu Media, ZO Digital, and Colette Pelissier had until **December 29, 2021**, to file a motion to reconsider the amended judgment or to file a notice of appeal. Dkt. 149, ¶¶ 4-7 (*citing Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 493 (7th Cir. 1990)). No party timely filed a motion to reconsider or notice of appeal, so all objections to the amended judgment have been waived.

WHEREFORE, Mullins requests that this court direct Epoch to turn over to Mullins (for the use and benefit of the Peacock Law Group) $41,226.58 towards the satisfaction of the amended judgment amount with all previously ordered injunctions remaining unchanged.

Respectfully submitted,

WILLIAM MULLINS
THE PEACOCK LAW GROUP

By: s/ Joseph A. Stewart
    JOSEPH A. STEWART
    Principal Attorney
    161 North Clark Street, Suite 1600
    Chicago, Illinois 60601
    (312) 741-1070
    joseph.stewart@thepeacocklawgroup.com