**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 cv 6447 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| WILLIAM MULLINS, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

PLEASE TAKE NOTICE that, on February 25, 2022, the attached Affidavit of Adriana Dulic was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.

**EPOCH.COM, LLC**

By   /s/   Daniel S Hefter
        One of Its Attorneys

Daniel S Hefter
**HEFTER LAW, LTD.**
22 W. Washington
Suite 1500
Chicago, IL 60602
(312) 264-6565
dhefter@hefter-law.com

Dated: February 25, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 cv 6447 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| WILLIAM MULLINS, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF ADRIANA DULIC

Adriana Dulic states as follows:

1. I have personal knowledge of the facts set forth in this affidavit and could competently testify thereto if called as a witness.

2. I am employed by Epoch.com LLC ("Epoch") as Chief Compliance Officer.

3. On August 12, 2021, this Court entered an Asset Restraining Order, (Doc. #117), a copy of which is attached hereto as Exhibit A, in which it ordered Epoch to preserve "X-Art.com Proceeds" which, the order provides, may have been held by Epoch in an account under the name of Malibu Media, LLC; Colette Pelissier; Brigham Field; or ZO Digital, LLC.

4. At no time since August 12, 2021, has Epoch had a client account under the name of Malibu Media, LLC; Colette Pelissier; or Brigham Field. As of August 12, 2021, Epoch did have a client account under the name of Zo Digital, LLC.

5. At all times since August 12, 2021, Epoch has complied with the August 12, 2021 Asset Restraining Order by preserving the funds belonging to Epoch's client, Zo Digital, LLC;

reporting weekly to counsel for the judgment creditor; and turning over the funds in the account to counsel for the judgment creditor when ordered to do so.

      6.  On December 7, 2021, Epoch served notice on its client, Zo Digital, LLC, that, effective January 6, 2022, Epoch would be terminating the relationship and closing the account. A copy of that notice is attached hereto as Exhibit B.

      7.  On January 6, 2022, Epoch terminated its relationship with Zo Digital, LLC and closed the account. There will, therefore, be no additional funds flowing into that account.

      8.  As of February 25, 2022, there is $41,979.48 in Epoch's account for Zo Digital, LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 25, 2022.

_____

Adriana Dulic

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff-Judgment Debtor/ Citation Respondent, | ) ) ) | |
| v. | ) ) | |
| WILLIAM MULLINS, | ) ) | No. 18 C 6447 |
| Defendant-Judgment Creditor, | ) ) | Judge Thomas M. Durkin |
| and | ) ) | |
| COLETTE PELISSIER, | ) ) | |
| Third-party representative of the corporate citation respondent. | ) ) | |

## ASSET RESTRAINING ORDER

Upon the Judgment Creditor's *Ex Parte* Motion for a Federal Rule 69 Asset Restraining Order, the court

HEREBY FINDS:

1. The court entered judgment in favor of Mullins and against Malibu Media, and the judgment remains unsatisfied in the total amount of $48,656.73 plus interest and costs.

2. On April 20, 2021, the Clerk of Court issued a citation to discover assets directed to Malibu Media and its designated corporate representative, Colette Pelissier, and the citation was served that day by agreement with counsel.

3. Pelissier's previous non-cooperation resulted in the court ordering her to appear in person in its Chicago courtroom on August 23, 2021, in possession of

Exhibit A

documents responsive to a citation to discover assets. When requested, Malibu Media and Pelissier previously mostly answered "none" to the existence of documents concerning Malibu Media's assets. See Stewart Dec (1st) at ¶¶ 7-9. However, Malibu Media failed to produce, at the very least, the documents relied upon in Mullins' counsel's second declaration, showing the diversion of Malibu Media assets to Pelissier's husband. Pelissier's willful default in the production of documents is the equivalent of "hiding assets" from a judgment creditor and thus a contempt of court.

4. The motion seeks a statutory asset restraining order directed *in personam* to the judgment debtor, Malibu Media, LLC, and to its owner, Colette Pelissier, as well as Pelissier's spouse, Brigham Field, and his company, ZO Digital, LLC, and their respective attorneys, agents, employees, and independent contractors.

5. **Defined Terms**: The motion further seeks a statutory asset restraining order directed *in personam* to the two companies processing credit payments on a website marketing Malibu Media's copyrighted films. There is good cause to believe that Epoch.com, LLC (a Wyoming entity) and CoinPayments (suggested to be a company organized under Lithuanian law) are agents for collection (hereinafter, the "Credit Processors") of the proceeds of the X-art.com website's commercial activity (hereinafter, the "X-art.com Proceeds"). The Credit Processors name and logos appear on the X-art.com website and presumably those Credit Processors respectively maintain an account (hereinafter, a "Merchant Account") into which the X-art.com Proceeds are segregated and held for the owner. There is further good reason to believe that Merchant Accounts are maintained in a name other than the judgment

debtor, Malibu Media. Malibu Media, LLC, and its owner, Colette Pelissier, as well as Pelissier's spouse, Brigham Field, and his company, ZO Digital, LLC, and Epoch.com LLC and their respective attorneys, agents, employees, and independent contractors are the "Enjoined Party" or "Parties."

6. The judgment creditor seeks a statutory restraining order that would restrain the Enjoined Parties from making any disbursals from the Merchant Accounts until such time as the court can determine the owner of the proceeds and the priority of any adverse claimants to those proceeds. There is good cause to believe that property of the judgment debtor will be found in the Merchant Accounts of the Credit Processors

7. There is good cause to believe that Mullins has a *protectible interest* in the X-art.com Proceeds as those proceeds emanate from Malibu Media's copyrighted material, and with the service of the citation to discover assets on Malibu Media, Mullins acquired a lien on all personal property belonging to Malibu Media. 735 ILCS 5/2-1402(m); *W. Bend Mut. Ins. Co. v. Belmont State Corp.*, No. 09 C 354, 2010 U.S. Dist. LEXIS 136267, at *17 (N.D. Ill. Dec. 23, 2010) (St. Eve, J.), *rev'd on other grounds*, 712 F. 3d 1030 (7th Cir. 2013). Placing Malibu Media's property in the name of ZO Digital undermines and destroys Mullins' equitable lien rights and correspondingly erodes this court's enforcement authority.

8. There is good cause to believe that *immediate and irreparable* harm is occurring and will continue to occur to the court's ability to enforce its judgments both generally, and specifically regarding the Mullins' judgment: Malibu Media for years

diverted its assets—represented by the X-art.com Proceeds—to merchant accounts in the name of ZO Digital, LLC, which is owned and operated by Pelissier's spouse, Brigham Field. Since the service of the citation to discover assets on Malibu Media, that diversion transgresses the Mullins' right to execute on this court's judgment and the court's right to enforce its judgment.

9. There is good cause to believe Mullins' *remedy at law is inadequate*:

 a Sending a mere citation to the Enjoined Parties will not cause the diversion to cease or allow the court the opportunity to assess the facts and rule.

 b Pelissier has purportedly failed to timely produce responsive documents in this proceeding and in other post-judgment debtor examinations in other cases.

 c Pelissier has individual judgment creditors seeking to attach her assets, so her diversion of Malibu Media assets, ordinarily remediable against a corporate officer by imposing judgment on her individually, *City of Chi. v. Air Auto Leasing Co.*, 697 N.E.2d 788, 792 (1998), does not deter Pelissier who already owes more in individual debts than she can pay.

 d Pelissier has purportedly been criminally convicted of contempt for failing to produce documents some of the same documents Mullins is seeking in this case.

10. There is good cause to believe that Mullins *will likely succeed on the merits*: The judgment creditor cited sworn testimony of both Collette Pelissier and Brigham Field indicating that most if not all content appearing on X-art.com belongs to the judgment debtor, Malibu Media, and is being diverted to XO Digital, a company owned by her husband, Brigham Field.

11. Mullins is not required to post bond. The judgment creditor has demonstrated that the court's asset restraining order is a functionally equivalent remedy, in these circumstances, to the ordinary citation to discover assets. Because bond is not a requirement for the issuance of a citation to discover assets, it should not be required for the issuance of this Asset Restraining Order.

12. Mullins can serve the Asset Restraining Order by mail return receipt requested. The judgment creditor has demonstrated that the court's Asset Restraining Order is a functionally equivalent remedy, in these circumstances, to the ordinary citation to discover. As such the Asset Restraining Order can be noticed and served on the Enjoined Parties in the same manner as a citation to discover assets.

IT IS HEREBY ORDERED that the judgment creditor's motion is GRANTED and specifically ORDERED that:

I. <u>Asset Preservation</u>

A. Malibu Media, LLC, and its owner, Colette Pelissier, as well as Pelissier's spouse, Brigham Field, and his company, ZO Digital, LLC, and Epoch.com LLC and their respective attorneys, agents, employees, and independent contractors (the "Enjoined Party" or "Parties") are prohibited from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor, including but not limited to X-art.com Proceeds deposited into Merchant Accounts maintained with or by the Credit Processors.

B. The Enjoined Parties are to preserve X-art.com Proceeds up to twice the amount of the unpaid judgment; specifically, the Enjoined Parties are to preserve up to but no more than $97,312.46.

C. The Enjoined parties are prohibited from creating, incurring, or allowing liens or encumbrances on the property of Malibu Media LLC, including but not limited to the X-art.com Proceeds deposited into the respective Merchant Accounts.

D. According to statute, this "injunction order shall remain in effect until vacated by the court or until the proceeding is terminated, whichever first occurs." Fed. R. Civ, P. 69 and 735 ILCS 5/2-1402(f)(2). Any violation of this Asset Restraining Orde is subject to this court's contempt authority exercisable sua sponte or upon the motion of the judgment creditor.

II. Preservation and Production of Records

E. The Enjoined Parties are enjoined from destroying, erasing, or mutilating, and must preserve all documents related to the Merchant Accounts including but not limited to all deposits or inflows into those accounts and all withdrawals or outflows out of those accounts, for a period of three years prior to receipt of this Order.

F. "Document" or "Documents" is defined broadly to include, wherever applicable and without limitation, any recordation of any intelligence, information, or communication, whether handwritten, typed, printed, or otherwise reproduced in "hard-copy" or digital form and capable of being disseminated in any way.

G. On or before the 15th business day after service of this Asset Restraining Order, the Enjoined Parties shall produce copies of the documents specified in paragraph H, below, to counsel for the Judgment Creditor, Joseph Stewart.

H. **Documents:**

1. All records pertaining to open and closed Merchant Accounts of any Enjoined Party, whether held jointly, as trustee or fiduciary, custodian, executor, or guardian, including accounts of any entity in which the judgment debtor may have a financial interest. Records should include all accounts in which any Enjoined Party had signatory authority and/or the right of withdrawal and should include signature cards or other indicia of ownership for any account maintained by or for any Enjoined Party if the account is also owned by someone other than the Enjoined Party.

2. Loans or credit made or extended to any Enjoined Party, whether as principal or guarantor, including, but not limited to, applications for loans or credit, financial statements provided by the Enjoined Party, loan correspondence files and internal bank memoranda. Please include documents reflecting disbursement of the loan proceeds (front and back of check, if applicable) and reflecting the means by which the loan repayments were made.

3. Records of MasterCard and/or Visa credit cards issued to any Enjoined Party, including the application, signature card, credit or background investigations conducted, correspondence, and monthly billing statements.

4. Records of wire transfers, letters of credit, bonds and securities purchased through and/or an investments held by you. Include such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments, and statements of transactions.

5. Any other documents which may contain information concerning the property, income, or assets of Malibu Media.

III. Service of Asset Restraining Order and Bond

I. The judgment creditor's motion to serve this Asset Restraining Order by Federal Express return receipt requested is granted.

J. The judgment creditor's motion to waive any bond requirement is granted

IV. <u>Answers, Claims and Objections</u>

K. **Answers:** The Enjoined Parties who possess funds subject to this Asset Restraining Order shall file, on or before the 30th day after the date of this order, a written Answer to the written interrogatories submitted to them upon request by Mr. Mullins, an Answer any garnishee would be required to make. *See* 735 ILCS 5/2-1402(g) and 735 ILCS 5/12-707. The answer shall set forth under oath as of the date of service of the Asset Restraining Order any indebtedness due or to become due to the judgment debtor and any other property in his, her or its possession, custody or control belonging to the judgment debtor or in which the judgment debtor has an interest. The Enjoined Party shall mail, by first class mail, a copy of the answer to the judgment creditor or its attorney and to the judgment debtor at the address specified in the written interrogatories.

L. **Claims and Objections:** Illinois law (incorporated into Federal law by operation of Rule 69) provides that "If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited, and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings." 735 ILCS 5/2-1402(g). Consequently, any party or Enjoined Party wishing to make a claim may do so on or before the 30th day following the date of this order.

V.    Further Hearings

    M.    The court will conduct further hearings upon motion brought by the judgment creditor, an Enjoined Party, a claimant, or an interested party.

    N.    The court retains jurisdiction to enter appropriate orders and award relief, including the issuance of rules to show cause for violations of this order.

ENTERED:  *Thomas M Durkin*

Date: August 12, 2021      JUDGE THOMAS M. DURKIN



December 7, 2021

Zo Digital, LLC
Attn: Brigham Field
11802 Elice Street
Malibu, California 90265

      RE:    Termination Notice - M-392148

Dear Mr. Field,

This will serve as notice that in 30 days Epoch will close your account pursuant to Section 16(b)(i) of your Universal Services Agreement.

Pursuant to Section 16(b)(i) Epoch is hereby giving you a 30-day notice that your account will be closed on January 6, 2022. Pursuant to this notice, please remove any and all software and scripts used to interface with Epoch, as well as any and all references to Epoch at any and all of your websites as of the effective date of the termination.

If you have any questions, please do not hesitate to contact us.

Sincerely,

EPOCH

Adriana Dulic
Chief Compliance Officer

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that, on February 25, 2022, the foregoing Affidavit of Adriana Dulic was served on all counsel who have appeared in this case via the Court's electronic filing and service system.

                                      /s/ Daniel S. Hefter
                                         Daniel S. Hefter