**Emily Wall**

**FILED**
4/20/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **From:** | Colette P <colette@malibu.team> |
| **Sent:** | Wednesday, April 20, 2022 1:09 PM |
| **To:** | Emily Wall |
| **Subject:** | I was not able to be heard at a "hearing" today. |
| **Attachments:** | AUGUST 20TH PEACOCK REJECTS FULL OFFER TO MULLINSS.pdf; Northern District of Illinois April 20th, 2022 docket(also missing from Pacer.pdf; Mail - Colette Leah - Outlook mullins.pdf; FRAUD UPON THE COURT HOW TO DISQUALIFY A JUDGE.pdf; FIELD-MALIBU v. MULLENS Declaration.pdf |

CAUTION - EXTERNAL:

Emily, Judge Curkin and Ladies and Gentlemen of the Court, The Hollywood Reporter, The New Yorker and The Chicago Sun Times,

more to come. this hardship demands a new hearing.

The absolute horror and depths of corruption in the Chicago Court, demonstrated in the raw by disgraced Illinois Department of Justice Collector (the guy who makes sure everyone goes broke) he collects on people who will owe for their entire lives. And he uses the "long arm of Illinois Draconian collection law to bring in other states and ruin small business inm the midst of Covid and the aftermath. You will even see Attorney Durkin insisting on $60,000 in fees, and the govt told him he was excessive with 10k ( as agreed,. to arrange a plea deal to put someone in jail).

My first contact with the Durkin/Peacock pair was Peacock adding supplemental proceedings to a closed case (see Westlaw) and the first day I spoke to him, he said on the record and sent 100's or 1000's of letters to my colleagues and friends, forced my entire team that I trained for 12 years to leave. They were told that if they were paid even a dollar from me, then they would be in criminal contempt.

Judge Durkin had an ex parte meeting with Joe Stewart (you will see the sealed and unsealed versions) and after that quoted a known felon who was trying to extort me (but added I was in criminal contempt for not letting him steal more from me for future rent of his non commercial, habitable nor permitted farm in Malibu). That lawsuit will be linked also. This goes so MUCH further though. Durkin told me if I did not go to Chicago in August duringCovid (with all the violence) he would send federal marshalls to have me arrested. This is after we offered to pay ther $42k which we never owed in the first place.

He refused to allow me to hire a lawyer for my LLCs. See attached transcript.

I will follow this up with a formal motion and copendium and the assistance of counsel if Durkin?peacock have not added on another $100k in legal fees. I am disgusted with Chicago's judicial system and the citation to discover assets that they will send to anyone who needs to pay you, then make a deal with them. We have had a 10 year relationship not pay us since June.

Please let Judge Durkin know that after waiting for hours at 7am EST, I did not hear our case, nor was it on listed on the docket. Was the minute order entered before the hearing? Just like the $58,000 paid to Peacock was signed BEFORE the hearing.

I implore you to have that turnover order cancelled and a hearing held, where we have time to discuss the real issues.

A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court. People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).


Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."


"Fraud upon the court" makes void the orders and judgments of that court.

It is also clear and well-settled Illinois law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589
(1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935).  Under Illinois and Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgment of that court are void, of no legal force or effect.


Federal law requires the automatic disqualification of a Federal judge under certain circumstances.

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.").

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

**"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).**

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The

Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

**Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.**

Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Should a judge issue any order after he has been disqualified by law, and if the party has been denied any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

**If you were a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself.**

**However, since not all judges keep up to date in the law, and since not all judges follow the law, it is possible that a judge may not know the ruling of the U.S. Supreme Court and the other courts on this subject. Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.**

**The Supreme Court has also held that if a judge wars against the Constitution, or if he acts**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

10/18/21, 4:35 AM                                 BC Ventures Mail - You must appear on in Court in Chicago on Monday

                                                        Colette Leah <colette@x-art.com>

## You must appear on in Court in Chicago on Monday

**Joseph Stewart** <joseph.stewart@thepeacocklawgroup.com>                         Fri, Aug 20, 2021 at 3:38 PM
To: Colette Leah <colette@x-art.com>
Cc: brigham <brigham@brighamfield.com>

Ms. Pelissier:

Whatever the below be characterized, an "offer" or "bid" -- it is rejected out-of-hand as not conforming to Mullins' previously articulated terms.

As much as my client would like to settle, we already laid out the terms in a previous email that I sent over a month ago and forwarded to you again today, twice.

In short, the terms that must be offered by Malibu Media, or on its behalf, must contain ALL the following: (1) the judgment amount (about 48,000), interest (about 2,000), costs (about (1-2,000), and attorney fees Mullins incurred in post judgment (about $10,000 plus and increasing daily).

Thus, when Malibu Media makes an offer conforming to our previously laid out terms, we will respond.

Moreover, as far as we can estimate, since our citation proceedings began in April 2021, ZO Digital and Mr. Field received about $84,000 in funds (appx. $4,000 for 21 weeks); those are funds that *my client* has a superior interest in because of his judgment. Thus, Mr. Field's "offer" is nothing but the proverbial "sleeves off his vest" as Zo and he legally must pay that money back to satisfy Mullins' unsatisfied judgment. ZO and Field now virtually owe the entire judgment amount (including attorney fees). ZO and Field's liability will be reduced to judgment very quickly, within weeks.

In that regard, I will remind you and Mr. Field that there is a certain "ZO Digital" bank account that receives the weekly net receivables from Epoch.com, LLC. Whatever funds are in *that* account are subject to the court's Asset Restraining Order. I expect Ms. Pelissier to report to me on Monday about the account balance as of last Saturday when the ARO was served on you, and what the balance is on Monday. Remember, whoever transfers funds subject to the restraining order risks *personal* liability for the transferred amount and criminal contempt sanctions.

Regards,

**Joe Stewart**

**TPLG**

**From:** brigham@x-art.com <brigham@x-art.com> **On Behalf Of** Colette Leah
**Sent:** Friday, August 20, 2021 4:46 PM
**To:** Joseph Stewart <joseph.stewart@thepeacocklawgroup.com>



UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
Honorable Rebecca R. Pallmeyer, Chief Judge | Thomas G. Bruton, Clerk of Court

Search ILND Website | Search

🏠 Home / Judge Information

# Judge Thomas M. Durkin
Courtroom: **1441** | Chambers: **1446** | Telephone #: **(312) 435-5840** | Fax No.: **(312) 554-8061**

## ❗ Notice:

**NEW**: Judge Durkin does not require **motions to seal**. For further deails, please see the Case Procedures section, "Sealing Motions."

Motions should not be noticed for presentment in accordance with Local Rule 5.3(b). Instead, counsel must confer prior to the filing of all motions and include an agreed briefing schedule with the motion if at all possible. If agreement cannot be reached, the parties should indicate their positions on scheduling in a joint submission filed with the motion. The Court will then review the motion and any joint submissions to determine the appropriate briefing schedule and whether a hearing is necessary. A hearing is presumptively necessary in cases involving pro se parties. If Judge Durkin determines a hearing is necessary, it will be scheduled by chambers to be conducted telephonically.

Please see the Case Procedures on this web page for information regarding the conduct of in-person bench proceedings during the COVID pandemic.

Please note that assignment of new cases into the Mandatory Initial Discovery Pilot Project concluded as of June 1, 2020.

## ❗ Important Information

**Appearing by Phone:** As a courtesy the Court permits out-of-town and suburban counsel to participate in routine status and motion hearings by telephone using a landline number. To arrange for a telephonic conference please contact the Courtroom Deputy Emily Wall the day before the hearing date and provide the telephone number and the name of the attorney participating by telephone. Please see the link under Case Procedures for additional instructions regarding appearing by phone.

**Courtesy Copies:** In accordance with General Order 21-0027 and its suspension of Local Rule 5.2(F), no courtesy copies may be submitted for filings unless the parties receive case-specific requests for copies from chambers staff.

If chambers staff requests courtesy copies, they should be delivered by first class mail or its equivalent. Next day or otherwise expedited delivery (including delivery by messenger) is unnecessary in the normal course, and such expense is generally not justifiable, unless otherwise instructed

Courtesy copies should always be **printed from ECF** after electronic filing so that the copies include the ECF header. Courtesy copies should be printed on **both sides** of the paper whenever possible. All electronically filed documents should be made **word searchable** before being filed on ECF. The Court prefers that citations to unpublished opinions be **Westlaw** citations. **Please see** the link under Case Procedures for further details regarding the Court's rules for courtesy copies.

**Pendency of Motions:** Parties should jointly inform the Court by contacting Emily Wall if the continuing pendency of a motion has caused or will cause hardship to one or more of the parties. Parties may also follow the procedures set forth in Local Rule 78.5 to inquire as to the status of a pending motion. No offense will be taken by the Court to such an inquiry or notice.

## 📄 Case Procedures

## 📅 Calendar Schedule

## 🔨 Motion Schedule

Select a date below to view all schedules.

**⌄ Wednesday, April 20, 2022** **5 cases**

| Case # | Name | Time | Type |
|---|---|---|---|
| 1:13-cr-00636 | USA **v.** Swain | 09:00AM | Telephone Conference |
| 1:21-cr-00304 | USA **v.** Frankenberger | 09:00AM | Telephone Conference |
| 1:21-cv-04322 | Zack **v.** Village of Winthrop Harbor | 09:00AM | Telephone Conference |
| 1:20-cr-00883 | USA **v.** Paredes | 10:00AM | Sentencing |
| 1:20-cr-00864 | USA **v.** Renteria-Arellano | 02:00PM | Change of Plea Hearing |

**⌄ Thursday, April 21, 2022** **4 cases**

**⌄ Monday, April 25, 2022** **7 cases**

**⌄ Tuesday, April 26, 2022** **5 cases**

**⌄ Wednesday, April 27, 2022** **3 cases**

# Order Transcript

## 👥 Chambers Staff

**Courtroom Deputy**
**Emily Wall**
Emily_Wall@ilnd.uscourts.gov
(312) 435-6870
Room 1434

**Court Reporter**

Elia Carrion

(312) 408-7782

Room 1432

**Law Clerks**

Margaret Shadid

Daniel Sinclair

Peter E. Wilhelm

## 🔗 Related Links

📄 Law Clerk Hiring Information

Seventh Circuit Electronic Discovery Program

 📄 Biographical Information

## 🔨 Other Judges

## Brig Field has shared a docket sheet with you.

DocketBird <do-not-reply@docketbird.com>
Sat 3/5/2022 5:20 PM
To: COLETTELEAH@MSN.COM <COLETTELEAH@MSN.COM>



### Hello,

Brig Field has shared the docket sheet in *Malibu Media, LLC v. Doe, Subscriber Assigned Ip Address 73.176.168.82*.

Brig Field also wanted us to share this message with you:

> *"CHICAGO ABUSE OF PROCESS"*

For full access to all documents filed in this case, please check out DocketBird.

| Dkt.# | Date | Description |
|---|---|---|
| 1 | 09/21/2018 | COMPLAINT filed by Malibu Media, LLC; jury demand. Filing fee $ 400, receipt number 0752-14977201. |
| | | **Attachments:** |
| | | 1  Exhibit A |
| | | 2  Exhibit B |
| | | 3  (Civil Cover Sheet) |
| 2 | 09/21/2018 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Malibu Media, LLC |
| 3 | 09/21/2018 | ATTORNEY Appearance for Plaintiff Malibu Media, LLC by Mary K. Schulz |
| | 09/21/2018 | CASE ASSIGNED to the Honorable Thomas M. Durkin. Designated as Magistrate Judge the Honorable Sheila M. Finnegan. (Text entry; no document attached.) |
| 4 | 09/24/2018 | MAILED Copyright report to Registrar, Washington DC |
| | | **Attachments:** |
| | | 1  (Registration Numbers) |
| 5 | 09/24/2018 | NOTICE TO THE PARTIES - The Court is participating in the |

Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served.

| | | |
|---|---|---|
| 6 | 09/28/2018 | MOTION by Plaintiff Malibu Media, LLCto serve a third party subpoena prior to a Rule 26(f) conference<br><br>**Attachments:**<br><br>1   (Text of Proposed Order) |
| 7 | 09/28/2018 | MEMORANDUM by Malibu Media, LLC in support of motion for miscellaneous relief 6<br><br>**Attachments:**<br><br>1   Exhibit A<br><br>2   Exhibit B<br><br>3   (Exhibit C) |
| 8 | 09/28/2018 | NOTICE of Motion by Mary K. Schulz for presentment of motion for miscellaneous relief 6 before Honorable Thomas M. Durkin on 10/9/2018 at 09:30 AM. |
| 9 | 10/02/2018 | MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's motion for leave to serve a 3rd party subpoena prior to a Rule 26(f) conference 6 is granted. No appearance is required on 10/9/2018. Mailed notice |
| 10 | 10/18/2018 | MINUTE entry before the Honorable Thomas M. Durkin: Status hearing set for 12/11/2018 at 09:00 AM. The filing of a joint status report is not required.Mailed notice |
| 11 | 12/10/2018 | MINUTE entry before the Honorable Thomas M. Durkin:At the request of plaintiff's counsel, the 12/11/2018 status hearing is vacated and reset for 2/1/2019 at 09:00 AM.Mailed notice |
| 12 | 01/25/2019 | AMENDED complaint by Malibu Media, LLC against William |

| | | Mullins |
|---|---|---|
| | | **Attachments:** |
| | | 1    Exhibit A |
| | | 2    (Exhibit B) |
| | 01/25/2019 | SUMMONS Issued as to Defendant William Mullins (Text entry; no document attached.) |
| 13 | 01/31/2019 | MINUTE entry before the Honorable Thomas M. Durkin:At the request of counsel, the 2/1/2019 status hearing is vacated and reset for 3/4/2019 at 09:00 AM.Mailed notice |
| 14 | 02/17/2019 | ATTORNEY Appearance for Defendant William Mullins by Susan Malter |
| 15 | 02/27/2019 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant William Mullins |
| 16 | 02/27/2019 | NOTICE of Motion by Susan Malter for presentment of Motion to Dismiss for Failure to State a Claim 15 before Honorable Thomas M. Durkin on 3/4/2019 at 09:00 AM. |
| 17 | 02/27/2019 | AMENDED notice of motion 16, Motion to Dismiss for Failure to State a Claim 15 Attorney Signature Added |
| 18 | 02/27/2019 | SUMMONS Returned Executed by Malibu Media, LLC as to William Mullins on 2/17/2019, answer due 3/11/2019. |
| 19 | 02/28/2019 | MINUTE entry before the Honorable Thomas M. Durkin:By agreement of the parties, plaintiff's response to defendant's motion to dismiss 15 is due by 3/25/2019. Defendant's reply is due by 4/8/2019. The 3/4/2019 status hearing is vacated and reset for 5/2/2019 at 09:00 AM.Mailed notice |
| 20 | 03/04/2019 | MOTION by Defendant William Mullins for leave to file Corrected Amended Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted **Attachments:** 1    (Exhibit Corrected Amended Motion) |
| 21 | 03/04/2019 | for Leave to File Corrected Amended Motion to Dismiss NOTICE of Motion by Susan Malter for presentment of 20 |
| 22 | 03/19/2019 | MINUTE entry before the Honorable Thomas M. Durkin:Defendant's motion for leave to file amended motion to dismiss 20 is granted.Mailed notice |
| 23 | 03/19/2019 | Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant William Mullins Amended and Corrected |

| 24 | 03/19/2019 | MINUTE entry before the Honorable Thomas M. Durkin:By agreement of the parties, plaintiff's response to defendant's motion to dismiss is due by 4/9/2019. Defendant's reply is due 4/23/2019. The 5/2/2019 status hearing is vacated and reset for 5/16/2019 at 09:00 AM.Mailed notice |
|----|------------|---|
| 25 | 03/19/2019 | NOTICE of Motion by Susan Malter for presentment of Motion to Dismiss for Failure to State a Claim 23 before Honorable Thomas M. Durkin on 5/16/2019 at 09:00 AM. **Attachments:** 1 (Exhibit Amended Corrected Motion to Dismiss) |
| 26 | 03/25/2019 | NOTICE of Service of Responses to Mandatory Initial Discovery (MIDP), filed by Defendant William Mullins. |
| 27 | 03/28/2019 | ATTORNEY Appearance for Defendant William Mullins by Lisa L Clay |
| 28 | 04/08/2019 | RESPONSE by Malibu Media, LLCin Opposition to Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant William Mullins Amended and Corrected 23 |
| 29 | 04/23/2019 | REPLY by William Mullins to response in opposition to motion 28, Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant William Mullins Amended and Corrected 23 |
| 30 | 04/24/2019 | CERTIFICATE of Service Reply to Response to Motion To Dismiss by Susan Malter on behalf of William Mullins regarding reply to response to motion 29 (Incorrect pdf document linked Docket Text Modified by Clerk's Office.). |
| 31 | 04/25/2019 | NOTICE of Correction regarding 30 |
| 32 | 05/16/2019 | MINUTE entry before the Honorable Thomas M. Durkin:For the reasons stated orally, defendant's motion to dismiss is denied 23. Motion hearing held on 5/16/2019. Status hearing set for 6/19/2019 at 09:00 AM.Mailed notice |
| 33 | 06/03/2019 | ANSWER to amended complaint, COUNTERCLAIM filed by William Mullins against Malibu Media, LLC. by William Mullins |
| 34 | 06/12/2019 | TRANSCRIPT OF PROCEEDINGS held on 5/16/19 before the Honorable Thomas M. Durkin. Motion hearing. Order Number: 34852. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court |

|    |            | Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 7/3/2019. Redacted Transcript Deadline set for 7/15/2019. Release of Transcript Restriction set for 9/10/2019. |
|----|------------|-------------|
| 35 | 06/18/2019 | MINUTE entry before the Honorable Thomas M. Durkin:On joint request, the 6/19/2019 status hearing is vacated and reset for 8/8/2019 at 09:00 AM.Mailed notice |
| 36 | 06/24/2019 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Counter Defendant Malibu Media, LLC<br><br>**Attachments:**<br><br>1    Exhibit A<br><br>2    (Exhibit B) |
| 37 | 06/24/2019 | NOTICE of Motion by Mary K. Schulz for presentment of Motion to Dismiss for Failure to State a Claim 36 before Honorable Thomas M. Durkin on 8/8/2019 at 09:00 AM. |
| 38 | 07/08/2019 | NOTICE of Service of Responses to Mandatory Initial Discovery (MIDP), filed by Plaintiff Malibu Media, LLC. |
| 39 | 08/06/2019 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-16108153.<br><br>**Attachments:**<br><br>1    (Exhibit Ex A and B ISO Pro Hac Application) |
| 40 | 08/06/2019 | CERTIFICATE of Service (Rule 68 Offer of Judgment) by Lisa L Clay on behalf of William Mullins |
| 41 | 08/08/2019 | MINUTE entry before the Honorable Thomas M. Durkin: Plaintiff's motion to dismiss for failure to state a claim 36 is entered and continued. Status hearing held on 8/8/2019. Discovery ordered closed by 11/12/2019. Status hearing set for 10/1/2019 at 09:00 AM.Mailed notice |
| 42 | 08/13/2019 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to appear pro hac vice 39 is granted; Attorney Joseph Curtis Edmondson for William Mullins,Joseph Curtis Edmondson for William Mullins added. Mailed notice |
| 43 | 08/23/2019 | MOTION by Plaintiff Malibu Media, LLC, Counter Defendant |

| | | Malibu Media, LLC to dismiss |
|---|---|---|
| 44 | 08/23/2019 | MEMORANDUM by Malibu Media, LLC in support of motion to dismiss 43 **Attachments:** 1 Exhibit A 2 Exhibit B 3 (Exhibit C) |
| 45 | 08/23/2019 | NOTICE of Motion by Mary K. Schulz for presentment of motion to dismiss 43 before Honorable Thomas M. Durkin on 8/29/2019 at 09:00 AM. |
| 46 | 08/26/2019 | MINUTE entry before the Honorable Thomas M. Durkin:By agreement, plaintiff's response to defendant's motion to dismiss 43 is due by 9/12/2019. Defendant's reply is due by 9/26/2019. The 10/1/2019 status hearing is vacated and reset for 10/23/2019 at 09:00 AM. No appearance is required on 8/29/2019.Mailed notice |
| 47 | 09/01/2019 | TRANSCRIPT OF PROCEEDINGS held on 8/8/19 before the Honorable Thomas M. Durkin. Motion hearing EXCERPT (only proceedings pertaining to Case 18 C 6447). Order Number: 35892. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 9/23/2019. Redacted Transcript Deadline set for 10/2/2019. Release of Transcript Restriction set for 12/2/2019. |
| 48 | 09/12/2019 | RESPONSE by William Mullins to MOTION by Plaintiff Malibu Media, LLC, Counter Defendant Malibu Media, LLC to dismiss 43 **Attachments:** 1 Exhibit A: Mullins Declaration 2 Exhibit B: Edmondson Declaration |

| | | |
|---|---|---|
| 3 | | Exhibit 1 to Exhibit B |
| 4 | | Exhibit C: May transcript |
| 5 | | Exhibit D: Clay Declaration |
| 6 | | Exhibit 1 to Exhibit D |
| 7 | | Exhibit 2 to Exhibit D |
| 8 | | Exhibit 3 to Exhibit D |
| 9 | | Exhibit 4 to Exhibit D |
| 10 | | Exhibit 5 to Exhibit D |
| 11 | | Exhibit 6 to Exhibit D |
| 12 | | Exhibit 7 to Exhibit D |
| 13 | | Exhibit E: Plaintiff's MIDPP Disclosures |
| 14 | | (Exhibit F: August transcript) |
| 49 | 09/27/2019 | MOTION by Plaintiff Malibu Media, LLC for extension of time to file response/reply as to response to motion, 48 |
| | | **Attachments:** |
| | | 1  (Text of Proposed Order) |
| 50 | 10/02/2019 | REPLY by Malibu Media, LLC to response to motion, 48 |
| | | **Attachments:** |
| | | 1  (Exhibit A) |
| 51 | 10/03/2019 | MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's unopposed motion for extension of time to file a reply to defendant's response to plaintiff's motion for voluntary dismissal 49 is granted. Plaintiff's reply due by 10/1/2019.Mailed notice |
| 52 | 10/23/2019 | MINUTE entry before the Honorable Thomas M. Durkin:Plaintiff's motion to dismiss defendant/counter-plaintiff's counterclaim 36 is denied without prejudice. Plaintiff's motion for voluntary dismissal with prejudice of plaintiff's claims and to dismiss defendant's counterclaim 43 is granted in part and denied in part. The original complaint is dismissed with prejudice. Status hearing held on 10/23/2019. Plaintiff is to provide information to defense counsel by 11/6/2019. Status hearing set for 11/14/2019 at 09:00 AM.Mailed notice |
| 53 | 11/06/2019 | TRANSCRIPT OF PROCEEDINGS held on 10/23/19 before the Honorable Thomas M. Durkin. Status/motion hearing. Order Number: 36518. Court Reporter Contact Information: |

| | | |
|---|---|---|
| | | Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 11/27/2019. Redacted Transcript Deadline set for 12/9/2019. Release of Transcript Restriction set for 2/4/2020. |
| 54 | 11/11/2019 | MOTION by Counter Claimant William Mullins for extension of time to complete discovery (opposed)<br><br>**Attachments:**<br>1   Exhibit 1<br>2   (Exhibit 2) |
| 55 | 11/11/2019 | NOTICE of Motion by Lisa L Clay for presentment of motion for extension of time to complete discovery 54 before Honorable Thomas M. Durkin on 12/5/2019 at 09:00 AM. |
| 56 | 11/12/2019 | of non-infringement STATEMENT by Malibu Media, LLC |
| 57 | 11/14/2019 | MINUTE entry before the Honorable Thomas M. Durkin:Status hearing held on 11/14/2019. Counterclaimant's motion for extension of time to complete discovery 54 is entered and continued to 12/17/2019. Motion Hearing set for 12/17/2019 at 09:00 AM. The 12/5/2019 notice motion date is stricken. All discovery is stayed unless agreed to. Mailed notice |
| 58 | 11/18/2019 | MOTION by Counter Defendant Malibu Media, LLC to dismiss counterclaim as moot<br><br>**Attachments:**<br>1   (Text of Proposed Order) |
| 59 | 11/18/2019 | NOTICE of Motion by Mary K. Schulz for presentment of motion to dismiss 58 before Honorable Thomas M. Durkin on 12/17/2019 at 09:00 AM. |
| 60 | 11/22/2019 | TRANSCRIPT OF PROCEEDINGS held on 11/14/19 before the Honorable Thomas M. Durkin. Status hearing. Order Number: 36797. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. |

| | | |
|---|---|---|
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 12/13/2019. Redacted Transcript Deadline set for 12/23/2019. Release of Transcript Restriction set for 2/20/2020. |
| 61 | 12/17/2019 | MINUTE entry before the Honorable Thomas M. Durkin:Counter-claimant's motion for extension of time to complete discovery 54 is entered and continued generally. Motion hearing held on 12/17/2019. Response to counter-defendant's motion to dismiss 58 is due by 1/7/2020. Reply is due by 1/21/2020. Status hearing set for 2/11/2020 at 09:00 AM.Mailed notice |
| 62 | 01/06/2020 | TRANSCRIPT OF PROCEEDINGS held on 12/17/19 before the Honorable Thomas M. Durkin. Motion hearing. Order Number: 37269. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set for 4/6/2020. |
| 63 | 01/07/2020 | RESPONSE by William Mullinsin Opposition to MOTION by Counter Defendant Malibu Media, LLC to dismiss counterclaim as moot 58 |
| | | **Attachments:** |
| | | 1  Exhibit A |
| | | 2  Exhibit 1 |

|   |   |   |
|---|---|---|
|   | 3 | Exhibits 2 and 3 |
|   | 4 | Exhibit 4 |
|   | 5 | Exhibit 5 |
|   | 6 | Exhibit 6 |
|   | 7 | (Exhibit 7) |
| 64 | 01/15/2020 | MOTION by Attorney Mary K. Schulz to withdraw as attorney for Malibu Media, LLC. New address information: Malibu Media, LLC, 30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362 <br><br>**Attachments:**<br><br>1  (Supplement) |
| 65 | 01/15/2020 | NOTICE of Motion by Mary K. Schulz for presentment of motion to withdraw as attorney 64 before Honorable Thomas M. Durkin on 1/27/2020 at 09:00 AM. |
| 66 | 01/24/2020 | RESPONSE by William Mullins in Opposition to MOTION by Attorney Mary K. Schulz to withdraw as attorney for Malibu Media, LLC. New address information: Malibu Media, LLC, 30700 Russell Ranch Road, Suite 250, Westlake Village, CA 91362 64 |
| 67 | 01/27/2020 | MINUTE entry before the Honorable Thomas M. Durkin:Counter defendant's motion to dismiss counterclaim 58 is entered and continued generally. Plaintiff's motion to withdraw as attorney 64 is entered and continued to 2/10/2020 at 9:00 a.m. Motion hearing held on 1/27/2020. If new counsel has not filed an appearance, it is ordered that the principal of Malibu Media appear in person at the 2/10/2020 motion hearing. Motion Hearing set for 2/10/2020 at 09:00 AM.Mailed notice |
| 68 | 01/30/2020 | CERTIFICATE of Service by Mary K. Schulz on behalf of Malibu Media, LLC regarding order on motion to dismiss, order on motion to withdraw as attorney, motion hearing, set motion and R&R deadlines/hearings, 67 |
| 69 | 02/03/2020 | TRANSCRIPT OF PROCEEDINGS held on 1/27/20 before the Honorable Thomas M. Durkin. Motion hearing. Order Number: 37615. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court |

| | | Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 2/24/2020. Redacted Transcript Deadline set for 3/5/2020. Release of Transcript Restriction set for 5/4/2020. |
|---|---|---|
| 70 | 02/06/2020 | ATTORNEY Appearance for Plaintiff Malibu Media, LLC by Joel Alexander Bernier |
| 71 | 02/07/2020 | MINUTE entry before the Honorable Thomas M. Durkin:By agreement of the parties, the 2/10/2020 status hearing is vacated and reset for 2/21/2020 at 09:00 AM.Mailed notice |
| 72 | 02/19/2020 | MINUTE entry before the Honorable Thomas M. Durkin:To participate telephonically at the 2/21/2020 status hearing, counsel should call 877-402-9757, access code 4410831. Mailed notice |
| 73 | 02/21/2020 | MINUTE entry before the Honorable Thomas M. Durkin:Motion to withdraw as attorney 64 is granted. Status hearing held on 2/21/2020. Defendant's supplemental pleading is due by 2/28/2020. A reply is due by 3/13/2020. Attorney Mary K. Schulz terminated. Status hearing set for 3/20/2020 at 09:00 AM.Mailed notice |
| 74 | 02/28/2020 | SUR-REPLY by Defendant William Mullins, Counter Claimant William Mullins to response in opposition to motion, 63 Supplemental Brief as permitted by the Court **Attachments:** 1 Exhibit Exhbit 1 - WDWA Order 2 (Exhibit Exhibit 2 - NDCA Order) |
| 75 | 03/02/2020 | TRANSCRIPT OF PROCEEDINGS held on 2/21/20 before the Honorable Thomas M. Durkin. Status hearing. Order Number: 37976. Court Reporter Contact Information: Laura Renke, OfficialTranscript@gmail.com, 312.435.6053. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further |

| | | information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 3/23/2020. Redacted Transcript Deadline set for 4/2/2020. Release of Transcript Restriction set for 6/1/2020. |
|---|---|---|
| 76 | 03/13/2020 | MOTION by Plaintiff Malibu Media, LLC to supplement in Support of Its Motion for Dismissal of Counter-Plaintiff's Counterclaim **Attachments:** 1   (Exhibit A) |
| 77 | 03/16/2020 | MINUTE entry before the Honorable Thomas M. Durkin:The 3/20/2020 status hearing is vacated and reset for 4/24/2020 at 09:00 AM.Mailed notice |
| 78 | 03/16/2020 | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. |
| 79 | 03/30/2020 | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket1,) |
| 80 | 04/24/2020 | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable |

| | | Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket3,) |
|---|---|---|
| 81 | 05/06/2020 | MINUTE entry before the Honorable Thomas M. Durkin:The parties should submit a joint status report by May 18, 2020 apprising the Court of whether Plaintiff has produced to Defendant the information to substantiate its good-faith basis for filing the complaint in this case, which the Court has repeatedly ordered to be produced. If such evidence has not been produced, Plaintiff should do so immediately, or explain in the status report why it cannot comply with the Court's order. Mailed notice |
| 82 | 05/18/2020 | STATUS Report pursuant to GO 20-0012 by William Mullins |
| 83 | 05/26/2020 | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket5,) |
| 84 | 05/26/2020 | ORDER: For the following reasons, the Court grants Plaintiff Malibu Media's motion to dismiss, R. 58, to the extent Defendant William Mullins's counterclaim is dismissed without prejudice. The motion is denied to the extent Malibu seeks a determination on attorneys' fees and costs. Malibu Media's motion to supplement its reply in support of its motion to dismiss, R. 76, is granted to the extent the Court accepts submission of its brief. As with the initial motion, it is denied to the extent Malibu seeks a decision on fees and costs. Mullins's motion for an extension of time to complete discovery, R. 54, is denied as moot with leave to refile should he seek to amend his counterclaim. Signed by the Honorable Thomas M. Durkin on 5/26/2020:Mailed notice |
| 85 | 06/09/2020 | CERTIFICATE of Service (Rule 68 Offer of Judgment) by Lisa L Clay on behalf of William Mullins |
| 86 | 06/14/2020 | MOTION by Counter Claimant William Mullins for extension of time regarding certain deadlines |
| 87 | 06/15/2020 | MINUTE entry before the Honorable Thomas M. Durkin:Counter-claimant's motion for extension of time |

| | | regarding certain deadlines 86 is granted without objection. Counter-Plaintiff William Mullins has to 7/27/2020 to amend his counterclaim. Counter-Plaintiff is to provide Plaintiff with meet and confer billing records and other documents by 7/8/2020. Counter-Defendant to respond to Counter-Plaintiff's meet and confer by 7/29/2020. Counter-Defendant has to 8/26/2020 to request sanctions under Fed. R. Civ. P. 11 and/or 28 U.S.C. 1927.Mailed notice |
|---|---|---|
| 88 | 06/26/2020 | MOTION by Counter Claimant William Mullins for bill of costs **Attachments:** |
| | | 1    Exhibit 1 Bill of Costs Form |
| | | 2    Affidavit Exhibit 2 - Declaration of Susan Malter |
| | | 3    Exhibit A Invoice 20190095 |
| | | 4    Exhibit B Invoice 20190172 |
| | | 5    Exhibit C Invoice 20190216 |
| | | 6    Exhibit D Invoice 20190248 |
| | | 7    Exhibit E Invoice 20190298 |
| | | 8    Exhibit F Invoice 20190299 |
| | | 9    Exhibit G Invoice 20200030 |
| | | 10    (Exhibit H Invoice 20200075) |
| 89 | 07/10/2020 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk2, Docket) |
| 90 | 08/12/2020 | CERTIFICATE of Service by Counter Claimant William Mullins (Rule 68 Offer of Judgment) |
| 91 | 08/25/2020 | MOTION by Counter Claimant William Mullins for attorney fees **Attachments:** |
| | | 1    Declaration of Susan Malter |
| | | 2    Exhibits 1 -3 |

| | | |
|---|---|---|
| | 3 | Declaration of Lisa L. Clay |
| | 4 | Exhibits 1-6 |
| | 5 | Exhibit 7 |
| | 6 | Exhibit 8 - 10 |
| | 7 | Declaration of J. Curtis Edmondson |
| | 8 | Exhibit 1 |
| | 9 | Exhibit 2 |
| | 10 | Exhibit 3 |
| | 11 | Exhibit 4 |
| | 12 | (Exhibit 5) |
| 92 | 08/26/2020 | MOTION by Counter Claimant William Mullins for leave to file corrected Motion and Exhibit 10 |
| | | **Attachments:** |
| | 1 | corrected Motion |
| | 2 | (corrected Exhibit 10) |
| 93 | 08/26/2020 | MINUTE entry before the Honorable Elaine E. Bucklo: Response to counter claimant's motion for attorney fees, R. 91, due by 9/25/20. Reply due by 10/9/20. Mailed notice. |
| 94 | 08/26/2020 | MINUTE entry before the Honorable Thomas M. Durkin: Minute entry 93 is amended to reflect that the order was entered by Honorable Thomas M. Durkin and not Honorable Elaine E. Bucklo. Mailed notice. |
| 95 | 08/27/2020 | MINUTE entry before the Honorable Thomas M. Durkin: Briefing schedule on counter claimant's motion for attorney fees, R. 91, is amended as follows: Response due by 9/25/20. Reply due by 10/16/20. Counter claimant's motion for leave to file corrected motion and exhibit, R. 92, is granted. Mailed notice. |
| 96 | 09/25/2020 | RESPONSE by Malibu Media, LLCin Opposition to MOTION by Counter Claimant William Mullins for bill of costs 88, MOTION by Counter Claimant William Mullins for attorney fees 91 |
| | | **Attachments:** |
| | 1 | Exhibit A- Pelissier Declaration |
| | 2 | Exhibit B- Comcast Response |
| | 3 | (Exhibit C) |
| 97 | 10/16/2020 | REPLY by Defendant William Mullins to response in |

| | | opposition to motion, 96 |
|---|---|---|
| 98 | 01/13/2021 | MINUTE entry before the Honorable Thomas M. Durkin: A telephone status hearing is set for 2/16/2021 at 9:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| 99 | 01/13/2021 | MEMORANDUM Opinion and Order: For the reasons stated in the opinion, the Court grants Mullins' motion for attorneys' fees and costs, R. 88 and R. 91, in an amount yet to be determined and that takes into account the limits identified in the opinion. A status hearing is scheduled for February 16, 2021, at which time the parties shall advise the Court on whether a revised fee and cost schedule has been agreed upon. Signed by the Honorable Thomas M. Durkin on 1/13/2021. Mailed notice. |
| 100 | 02/16/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Telephone status hearing held on 2/16/2021. Parties reported on the status of the fee and cost schedule. Parties are to submit a proposed judgment order for entry. Mailed notice. |
| 101 | 02/17/2021 | ENTERED JUDGMENT. Mailed notice. |
| 102 | 02/18/2021 | MAILED copyright report to Registrar, Washington DC. |
| 103 | 04/09/2021 | ATTORNEY Appearance for Defendant William Mullins by Joseph A. Stewart |
| 104 | 04/19/2021 | AMENDED Judgment: The judgment order entered on February 17, 2021 (Dkt. 101) is hereby amended to provide that judgment is entered: in favor of defendant/counter-plaintiff William Mullins, the prevailing party under 17 U.S.C § 505, and against plaintiff/counter-defendant Malibu Media for $46,235.45 in costs and attorneys' fees, plus pre-judgment interest of $2,034.63, for a judgment of $48,656.73. Post-judgment interest accrues on the $48,656.73 at the rate provided by law from the date of this |

| | | judgment (February 17, 2021). Signed by the Honorable Thomas M. Durkin on 4/19/2021. Mailed notice. |
|---|---|---|
| 105 | 05/13/2021 | MOTION by Plaintiff Malibu Media, LLC, Counter Defendant Malibu Media, LLC to continue, MOTION by Plaintiff Malibu Media, LLC, Counter Defendant Malibu Media, LLC for extension of time |
| 106 | 05/17/2021 | PROPOSED Pretrial Order |
| 107 | 05/18/2021 | ORDER on Plaintiff's Motion to Continue Debtor's Examination and for Extension of Time to Produce and Permit Inspection and Copying of Documents: Motion to continue 105 and for extension of time 105 is granted. Signed by the Honorable Thomas M. Durkin on 5/18/2021. Mailed notice. |
| 108 | 04/20/2021 | CITATION to Discover Assets issued as to Malibu Media LLC. (No notice filed). |
| 109 | 07/13/2021 | MOTION by Attorney Joel Bernier to withdraw as attorney for Malibu Media, LLC, Malibu Media, LLC. New address information: Malibu Media, LLC 30700 Russell Ranch Road, Suite 250, Westlake Village, CA, 91362 **Attachments:** 1   (Notification of Party Contact) |
| 110 | 07/16/2021 | MOTION by Counter Claimant William Mullins for rule to show cause directed to Colette Pelissier as designated representative of the judgment debtor, Malibu Media |
| 111 | 07/20/2021 | MINUTE entry before the Honorable Thomas M. Durkin: A telephone status hearing is set for 7/23/2021 at 9:00 a.m. Attorney Joel Bernier and Colette Pelissier are required to be on the call. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |

| 112 | 07/22/2021 | MOTION by Counter Claimant William Mullins to amend relief requested in Motion for Rule, Dkt. 110 |
|---|---|---|
| 113 | 07/23/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Telephone conference held on 7/23/2021. Motion for leave to amend 112 is granted. Motion for a Rule to Show Cause directed to Collette Pellissier 110 is granted. Ms. Pellissier is ordered to appear on 8/23/2021 at 9:00 a.m. in courtroom 1441, with the documents called for in the original citation issued to her. Motion to withdraw as attorney 109 is entered and continued. Additional rulings made orally, as described on the record. Mailed notice. |
| 114 | 07/30/2021 | TRANSCRIPT OF PROCEEDINGS held on 07/23/2021 before the Honorable Thomas M. Durkin. Status. Order Number: 41262. Court Reporter Contact Information: Elia E. Carrion, EECarrionOfficialTranscript@gmail.com, 312-408-7782. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 8/20/2021. Redacted Transcript Deadline set for 8/30/2021. Release of Transcript Restriction set for 10/28/2021. |
| 116 | 08/12/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Ex parte telephone conference held on 8/12/2021. Transcript to remain sealed. Mailed notice. |
| 117 | 08/12/2021 | ORDER signed by the Honorable Thomas M. Durkin on 8/12/2021. Mailed notice. Modified on 8/25/2021. |
| 118 | 08/16/2021 | MOTION by Attorney Joel Bernier to withdraw as attorney for Malibu Media, LLC, Malibu Media, LLC. New address information: Malibu Media, LLC 30700 Russell Ranch Road, Suite 250, Westlake Village, CA, 91362<br><br>**Attachments:**<br><br>1   Party Contact 1<br><br>2   (Party Contact 2) |
| 119 | 08/20/2021 | MINUTE entry before the Honorable Thomas M. Durkin: At |

| | | the last status hearing on July 23, 2021, the Court informed Mr. Bernier that it would not grant his original motion to withdraw until he has complied with the requests directed at him in the judgment creditor's motion for a rule to show cause. Mr. Bernier has filed a renewed motion to withdraw indicating that he substantially complied with the requests. See R. 118. Mr. Stewart is ordered to respond by Monday, August 23 indicating whether he opposes Mr. Bernier's motion. Mailed notice. |
|---|---|---|
| 120 | 08/20/2021 | DECLARATION by Unknown Brigham Field in support of motion to vacate the asset retraining order, or in the alternative, MOTION for extension of time to retain counsel on behalf of party Brigham Field to respond to ex-parte motion for a Federal Rule 69 asset restraining order |
| 121 | 08/24/2021 | ORDER: Upon the judgment creditor's oral motion, the court orders the clerk of court to unseal docket items 115 - 117 ; and regarding Mr. Bernier's renewed motion to withdraw (Dkt 118), upon Mullins' withdrawal of objection, the motion is granted. Signed by the Honorable Thomas M. Durkin on 8/24/2021. Mailed notice. |
| 122 | 08/25/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Response to Mr. Field's declaration in support of motion to vacate the asset retraining order, or in the alternative, motion for extension of time to retain counsel 120 is due by 8/27/2021. Mailed notice. |
| 123 | 08/27/2021 | RESPONSE by William Mullinsin Opposition to MOTION by Unknown Brigham Field for extension of time 120 |
| 124 | 09/10/2021 | MAIL RETURNED, for document # 122 sent to Malibu Media, LLC returned as undeliverable, return to sender. No new contact information received; therefore future mailings will not be sent until a new address is provided to the Clerk's Office using a Notification of Change of Address |
| 125 | 09/28/2021 | MOTION by Counter Claimant William Mullins JUDGMENT CREDITOR'S OMNIBUS MOTION FOR A TURNOVER ORDER AND OTHER DECLARATORY AND INJUNCTIVE RELIEF |
| 126 | 09/29/2021 | MINUTE entry before the Honorable Thomas M. Durkin: A telephone hearing as to the Judgment Creditor's Omnibus Motion for a Turnover Order and Other Declaratory and Injunctive Relief 125 is set for 10/8/2021 at 10:00 a.m. To join |

the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice.

| 127 | 09/30/2021 | CERTIFICATE of Service Notice of Motion and Certificate of Service by Joseph A. Stewart on behalf of William Mullins regarding MOTION by Counter Claimant William Mullins JUDGMENT CREDITOR'S OMNIBUS MOTION FOR A TURNOVER ORDER AND OTHER DECLARATORY AND INJUNCTIVE RELIEF 125 |
| 128 | 10/05/2021 | ATTORNEY Appearance for Respondent Epoch.com, LLC by Daniel S. Hefter |
| 129 | 10/05/2021 | MOTION by Respondent Epoch.com, LLC to reset October 8, 2021 |
| 130 | 10/05/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Motion to reschedule October 8 hearing 129 is granted in part. The telephone hearing as to the Judgment Creditor's Omnibus Motion for a Turnover Order and Other Declaratory and Injunctive Relief 125 set for 10/8/2021 at 10:00 a.m. stands, with regards to ZO Digital and Malibu Media. Telephone hearing is set for 10/7/2021 at 8:30 a.m. with regards to Epoch.com, LLC. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |

| 131 | 10/07/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Telephone hearing as to the Judgment Creditor's Omnibus Motion for a Turnover Order and Other Declaratory and Injunctive Relief 125, with regards to Epoch.com, LLC, held on 10/7/2021. Counsel is to modify the proposed Turnover Order, as it relates to Epoch.com, LLC, as discussed on the record. Mailed notice. |
|---|---|---|
| 132 | 10/08/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Motion hearing held by telephone on 10/8/2021. No one appeared on behalf of Malibu Media, ZO Digital or Colette Pelissier. Mr. Field's motion to vacate the asset retraining order 120 is denied. Motion for a turnover order 125, as to ZO Digital, is granted. Mr. Stewart is to submit a proposed order with the modifications discussed on the record. A telephone status hearing is set for 10/22/2021 at 10:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| 133 | 10/12/2021 | ORDER on Omnibus Motion for Turnover Order and Other Declaratory and Injunctive Relief. Signed by the Honorable Thomas M. Durkin on 10/12/2021. Mailed notice. |
| 134 | 10/22/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Telephone status hearing held on 10/22/2021. Colette Pelissier and Brigham Field were present on the call. Mr. Stewart is to file his motion for prejudgment order of attachment and fee petition by 11/5/2021. Ms. Pelissier and Mr. Field are to file their response by 11/12/2021. The parties are encouraged to reach a resolution on the matter of attorney's fees. Existing orders remain in place. A telephone status hearing is set for 11/22/2021 at 10:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to |

| | | call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| 135 | 10/25/2021 | MOTION by Counter Claimant William Mullins for Prejudgment Attachment Order. Docket Text Modified by Clerk's Office on 10/26/2021. |
| 136 | 10/26/2021 | MINUTE entry before the Honorable Thomas M. Durkin: The briefing schedule entered on 10/22/2021 is amended as follows. Response to the Motion for Prejudgment Attachment Order 135 are due by 11/2/2021. Mullins' fee petition is due by 11/5/2021. Response to the fee petition is due by 11/12/2021. Mailed notice. |
| 137 | 11/03/2021 | BILL of Costs |
| 138 | 11/04/2021 | TRANSCRIPT OF PROCEEDINGS held on 10/22/2021 before the Honorable Thomas M. Durkin. Status. Order Number: 41918. Court Reporter Contact Information: Elia E. Carrion, EECarrionOfficialTranscript@gmail.com, 312-408-7782. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 11/25/2021. Redacted Transcript Deadline set for 12/6/2021. Release of Transcript Restriction set for 2/2/2022. |
| 139 | 11/05/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Motion for prejudgment attachment order 135 is granted. Enter order. Mailed notice. |
| 140 | 11/05/2021 | ORDER on Motion for Prejudgment Attachment Order. Signed by the Honorable Thomas M. Durkin on 11/5/2021. Mailed notice. |

| 141 | 11/05/2021 | MOTION by Counter Claimant William Mullins for attorney fees |
| 142 | 11/05/2021 | MOTION by Counter Claimant William Mullins to amend/correct MOTION by Counter Claimant William Mullins for attorney fees 141 |
| 143 | 11/09/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Any response to the Second Omnibus Motion for an Amended Judgment Order 142 is due by 11/19/2021. Reply in support is due by 11/24/2021. The telephone status hearing set for 11/22/2021 is reset for 11/29/2021 at 11:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| 144 | 11/29/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Telephone conference held on 11/29/2021. For the reasons stated on the record, Judgment Creditor's motion for approval of attorney fees and expenses 141 is granted, and Mullins' second omnibus motion for an amended judgment order 142 is granted. Enter order with the modifications described on the record. All orders already entered by the Court remain in place. Mailed notice. |
| 145 | 11/29/2021 | ORDER Granting Motions for Approval of Fees and for an Amended Judgment Order. Signed by the Honorable Thomas M. Durkin on 11/29/2021. Mailed notice. |
| 146 | 12/01/2021 | MAIL RETURNED, for document #143 sent to Malibu Media, LLC returned as undeliverable, return to sender. Re-mailed to 30700 Russell Ranch Road, Suite 250, Westlake Village, CA. 91362 |
| 147 | 12/06/2021 | MOTION by Counter Claimant William Mullins for turnover order |
| 148 | 12/07/2021 | MINUTE entry before the Honorable Thomas M. Durkin: A telephone hearing as to the motion for turnover order 147 is |

|     |            | set for 12/14/2021 at 9:30 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| --- | ---------- | --- |
| 149 | 12/08/2021 | MOTION by Counter Claimant William Mullins to amend/correct MOTION by Counter Claimant William Mullins for turnover order 147 |
| 150 | 12/10/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Motion hearing set for 12/14/2021 is vacated. A telephone hearing as to the amended motion for turnover order 149 is set for 12/15/2021 at 9:30 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| 151 | 12/15/2021 | MINUTE entry before the Honorable Thomas M. Durkin: Motion hearing held by telephone on 12/15/2021. Motion to amend turnover request 149 is granted. Enter order. Mailed notice. |
| 152 | 12/15/2021 | TURNOVER ORDER signed by the Honorable Thomas M. Durkin on 12/15/2021. Mailed notice. |
| 153 | 12/20/2021 | MAIL RETURNED, for document # 143 sent to Malibu Media, LLC returned as undeliverable, return to sender. Re-mailed to 30700 Russell Ranch Road, Suite 250, Westlake Village, CA. 91362 |

| 154 | 01/18/2022 | TRANSCRIPT OF PROCEEDINGS held on 12/15/2021 before the Honorable Thomas M. Durkin. Motion Hearing. Order Number: 42243. Court Reporter Contact Information: Elia E. Carrion, EECarrionOfficialTranscript@gmail.com, 312-408-7782. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 2/8/2022. Redacted Transcript Deadline set for 2/18/2022. Release of Transcript Restriction set for 4/18/2022. |
| 155 | 02/18/2022 | MOTION by Counter Claimant William MullinsThird Motion for Turnover Order |
| 156 | 02/22/2022 | MINUTE entry before the Honorable Thomas M. Durkin: A telephone hearing as to the motion for Turnover Order 155 is set for 2/28/2022 at 9:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| 157 | 02/25/2022 | AFFIDAVIT of Adriana Dulic regarding motion for miscellaneous relief 155 |
| 158 | 02/28/2022 | MINUTE entry before the Honorable Thomas M. Durkin: Motion hearing held by telephone on 2/28/2022 regarding the Third Motion for Turnover Order 155. No one appeared to state any objections. Third Motion for Turnover Order 155 is granted. Enter order. Mailed notice. |
| 159 | 02/28/2022 | TURNOVER ORDER signed by the Honorable Thomas M. Durkin on 2/28/2022. Mailed notice. |

| 160 | 02/28/2022 | MINUTE entry before the Honorable Thomas M. Durkin: A telephone conference is set for 3/1/2022 at 9:00 a.m. To join the telephone conference, dial 877-402-9757, Access Code 4410831. Members of the public and media will be able to call in to listen to this hearing. Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. |
| 161 | 02/28/2022 | MOTION by Respondent Epoch.com, LLC to amend/correct order 159 |
| 162 | 02/28/2022 | MOTION by Respondent Epoch.com, LLC to amend/correct |
| 163 | 02/28/2022 | MINUTE entry before the Honorable Thomas M. Durkin: Epoch's Motion for Modification of Turnover Order 162 will be addressed during the telephone conference previously set for 3/1/2022 at 9:00 a.m. Mailed notice. |
| 164 | 03/01/2022 | MINUTE entry before the Honorable Thomas M. Durkin: Telephone conference held on 3/1/2022. Epoch's motion for modification of turnover order 161 162 is granted. Enter order. Mailed notice. |
| 165 | 03/01/2022 | ORDER signed by the Honorable Thomas M. Durkin on 3/1/2022. Mailed notice. |

Thanks,

Team DocketBird

Made by **Mink LLC**

Las Vegas, NV

When your opposing lawyer lies or submits falsified documents, since he is an Officer of the Court this amounts to Fraud upon the Court and voids the whole proceeding...

--------------------------------------------------------------------------------------------------------------

**"Fraud On The Court By An Officer Of The Court"**
And **"Disqualification Of Judges, State and Federal"**

**1. Who is an "officer of the court"?**
**2. What is "fraud on the court"?**
**3. What effect does an act of "fraud upon the court" have upon the court proceeding?**
**4. What causes the "Disqualification of Judges?"**

---

1. Who is an "officer of the court"?

A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. *A judge is not the court.* People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).

2. What is "fraud on the court"?

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

3. What effect does an act of "fraud upon the court" have upon the court proceeding?

"Fraud upon the court" makes void the orders and judgments of that court.
It is also clear and well-settled Illinois law that any attempt to commit "fraud upon the court" vitiates the entire proceeding. The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935). Under Illinois and Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgment of that court are void, of no legal force or effect.

4. What causes the "Disqualification of Judges?"

Federal law requires the automatic disqualification of a Federal judge under certain circumstances.

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.").

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954). A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

If you were a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself.

However, since not all judges keep up to date in the law, and since not all judges follow the law, it is possible that a judge may not know the ruling of the U.S. Supreme Court and the other courts on this subject. Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

The Supreme Court has also held that if a judge wars against the Constitution, or if he acts

without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such acts.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff-Judgment Debtor/ | ) |
| Citation-Respondent | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM MULLINS, | ) |
| | ) |
| Defendant-Judgment Creditor, | ) |
| and | ) |
| | ) |
| | ) |

**Case No. 1:18-cv-06447**

**Judge Thomas M. Durkin**

## <u>SECOND DECLARATION OF BRIGHAM FIELD</u><br><u>IN RESPONSE TO MULLIN'S OMNIBUS MOTION FOR</u><br><u>A TURNOVER ORDER</u>

1. I, Brigham Field, third party to this action, hereby provide my second declaration in this matter - for purposes of responding to Mullins' Omnibus Motion for a Turnover Order - and declare under oath that:

2. I previously provided the Court with a declaration under oath. This, my second declaration, supplements the facts set forth in the first declaration.

3. The enjoining of Zo Digital and Epoch LLC in this asset restraining order was built upon the premise that Zo Digital receives income *from* Malibu - or income that somehow belongs to Malibu Media ("Malibu"). ***That is absolutely and patently false***. Zo Digital receives income from the X-ART website as a partner in X-ART. Zo Digital has equal or superior rights to the website income as Malibu.

4.  In addition to creating and maintaining the website for X-ART, Zo Digital also manages X-ART social media and marketing, search engine optimization, affiliate marketing, customer service, mobile design and development, website analytics, website hosting and infrastructure as well as management of credit card processing and payment solutions.

5.  My first declaration further set forth that the funds and credit receipts in the merchant accounts for the website X-ART.COM are predominantly the property of Zo Digital, not Malibu Media ("Malibu").

6.  In my first declaration, it was further established that I founded Zo Digital, LLC ("Zo Digital") in 2017, and I am the manager and owner of the company.

7.  In 2017, Zo Digital and Malibu entered into and executed several agreements, both oral and written, pertaining to the ownership rights, duties and revenues flowing from the X-ART website.

8.  Attached hereto, as **Exhibit 1** - is a document from 2017 titled, 'Assignment of Contract'. In this document, Zo Digital, Malibu Media, and Epoch.com, LLC, (payment processor for the X-ART.com website) set forth between the parties that X-ART.com website income, assets and members are *assigned to ZO Digital*, as are the liabilities associated with owning and managing the website. As stated in this document, the X-ART website was previously owned by Brigham Field, as a California sole proprietor, beginning in 2009.

**Service of Notice of Motions, Hearings and Proposed Orders**

9.   To my knowledge, I have not been served with Notices of Motions, Hearings and Proposed Orders. I understand that mail was sent to me by the court at 11802 Ellice St. in Malibu, California – which was returned to sender as undeliverable. That is because I have been away from the Malibu address during these proceedings. I am happy to provide an updated address to the court, but note that I have not received service by mail. Service by email may have been attempted as well, but without knowledge that I should expect service by email, I was not informed by email in time, in order to have prior notice of recent hearings and motions.

**Settlement Offers**

10. I would like to make an offer to settle this matter TODAY by paying the full amount due to Mullins, including interest and any additional reasonable costs. Exhibit 3 attached hereto outlines this offer in detail.

11. I am hesitant to pay additional attorney's fees as requested by Mullin's counsel, beyond 1-2 extra days of work, because I previously made a full price offer which was rejected "out of hand" without adequate explanation. See Exhibit 3.

**Responsive Documents**

12. Attached as Exhibit 4 are the replies to interrogatories and responsive documents as requested by the Court.

13. It is my intention to settle this matter today during the status call, to the full satisfaction of the court.

## **DECLARATION**

**PURSUANT TO 28 U.S.C. § 1746,** I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: ___

Brigham Field

Manager, Zo Digital, LLC

# EXHIBIT 1

# EXHIBIT 1

Contract Account #: M-392148

### Assignment of Contract

For good and valuable consideration, the receipt of which is hereby acknowledged, Malibu Media, LLC, a California limited liability company ("Assignor"), hereby assigns to Zo Digital, LLC, a California limited liability company ("Assignee"), all of its rights, duties and obligations, including the right to all of Assignor's reserves, under the Universal Services Agreement ("Services Agreement") between Brigham Field, a California sole proprietor, and Epoch.com, LLC, dba Epoch, a California limited liability company ("Epoch"), entered into on or about April 8, 2009, and assigned to Assignor on or about October 3, 2013. All of Assignor's company codes, associated websites and members, and reserves shall be transferred to Assignee.

Assignee accepts this assignment and accepts all of Assignor's duties and obligations under the Services Agreement. Further, Assignee expressly agrees to assume any and all liability for chargebacks, creditbacks and all related fees, fines and penalties ("Liabilities") that may have been incurred by Assignor, including without limitation the Liabilities incurred by Assignor prior to the assignment ("Pre-Assignment Liabilities"). The Liabilities and Pre-Assignment Liabilities will be deducted out of Assignee's regular payment from Epoch. Assignee further acknowledges that Pre-Assignment Liabilities may represent a substantial amount of the Assignee's payment from Epoch.

This Assignment shall be effective as of the date it is accepted by Epoch below.

ASSIGNOR:

Malibu Media, LLC

Date: 3/3/2017

Signature: _Colette Pelisier_

Name: COLETTE PELISIER

Title: MANAGING PARTNER

ASSIGNEE:

Zo Digital, LLC

Date: MARCH 3, 2017

Signature: _Brigham Field_

Name: BRIGHAM FIELD

Title: MANAGING PARTNER

Epoch hereby accepts this assignment of the Services Agreement.

Epoch.com, LLC, dba Epoch

Date:_____

Signature:_____

    Joel Hall
    Chief Executive Officer

# EXHIBIT 2

# EXHIBIT 2

## **FULL SETTLEMENT OFFER**

*On behalf of Malibu Media, LLC*, the Plaintiff/Judgement Debtor in Case 18-C-6447, I would like to offer a full tender of all amounts due and owing at this time by Malibu Media to William Mullins, Defendant/Judgement Creditor.

The Total Amount shall be determined by way of agreement with Mr. Mullins and his representatives.

$48,656.73  Amended Judgement Order Amount

 $1702.98  Post-judgment interest at $283.83/month

_____  Other Costs

$_____  **Total amount**

The funds are to be paid as follows:

$39350.85  Paid to the Peacock Group by Epoch LLC pursuant to Order

$3297.08  Additional funds currently held by Epoch LLC

$5061.55  Funds in Coinpayments.net account

= **$47709.48**  **Total funds PAID or HELD**

+/- $3000.00  Funds to be paid by Wire Transfer on or before Oct 29, 2021

Dated October 20, 2021.

Signed and Respectfully Submitted,

Brigham Field

Manager, Zo Digital, LLC

# EXHIBIT 3

# EXHIBIT 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff-Judgment Debtor, | ) | |
| | ) | No. 18 C 6447 |
| v. | ) | |
| | ) | Judge: Judge Thomas M. Durkin |
| WILLIAM MULLINS | ) | |
| | ) | |
| Defendant-Judgment Creditor. | ) | |

## ANSWER OF THIRD PARTY TO ASSET RESTRAINING ORDER

I, __Brigham Field__ , the __Manager__ of respondent, __Zo Digital, LLC__ , state
     (name)          (title)
under penalty of perjury as follows:

The respondent is an __LLC__ organized under the laws of the State of __California__ .
     (If, for example, an LLC, partnership, or corporation)

On __/__/2021, respondent ████████████ received a copy of the ARO via email but was never served with the ARO. With respect to the merchant accounts (connected with X-art.com), on the day respondent was served with the ARO, respondent had in its possession or control the following property:

| | |
|---|---|
| Respondent is not been in possession or control of the Merchant Accounts.. The Accounts are under the control of the respective service providers.<br><br>CoinPayments.com is in possession of approximately $5061.56 of funds belonging to Zo Digital, LLC, which are not the property of Malibu Media, LLC. | Account type:_____<br>Account No.:_____<br>Amount: $_____<br>Amount withheld: $_____ |
| Account type:_____<br>Account No.:_____<br>Amount: $_____<br>Amount withheld: $_____ | Account type:_____<br>Account No.:_____<br>Amount: $_____<br>Amount withheld: $_____ |

Please return to: The Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601

2.    **Safety Deposit Box**    NONE.
        Box No.:
        Owners other than the judgment debtor: _____

3.  Detail other personal property in the respondent's possession or control:

_____**Zo Digital is not in the possession of any personal property.**_____.

4.    Are there prior garnishments or other court-ordered withholdings which are presently in effect, including but not limited to child support and alimony?
        Yes ___No  **X**
If yes, describe below.

_____**None.**_____.

5.  Does the respondent have custody, control, or possession of any property, other than accounts, safety deposit boxes or other personal property, now owed or to be paid in the future, in which the judgment debtor has an interest?
        Yes ___  No ___
If yes, please describe below (continue on additional sheets if necessary):

_____**No.**_____.

6.  Check and complete the applicable line below if you deny that you hold property subject to this ARO.

____    The respondent has the following objections, defenses, or set-offs to the United States'
        right to apply Respondent's indebtedness to defendant to the United States' claim:

**X**    On the date the respondent was served with the ARO, Respondent was not indebted or
        under liability to the Judgment-Debtor, and/or did not have in its possession or control
        any assets, income, or other property belonging to respondent, or in which the Judgment-
        Debtor has an interest.

7.  The original Answer must be delivered in person or sent by first-class mail to the Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601.

8.  The Respondent mailed a copy of this Answer by first-class mail to: Malibu Media, LLC, at
_____,  Malibu, CA, _____.

## **VERIFICATION**

Pursuant to 28 U.S.C. 1746, I verify under penalty of perjury that the foregoing is true and correct.
Executed this __20th__ day of __October_____, 2021.

                                    Brigham Field    _____
                                    (Please print and sign name.)

                                    Phone No. _____

Please return to: The Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>                      v.<br><br>WILLIAM MULLINS | CASE NUMBER: 18 C 6447 |

### DECLARATION OF CUSTODIAN OF RECORDS

I, ___Brigham  Field_____, hereby declare under penalty of perjury that the following  statements are true and correct to the best of my knowledge and belief:

1.     I am a duly authorized custodian of records in the employ of _(SELF)____, with authority to certify said records.

2.     The accompanying records are the originals or true copies of records made and kept in the regular scope and course of my employer's regularly conducted activity and constitute all records called for in the citation heretofore served in this matter.

3.     The entries contained in the original records were prepared by persons having actual knowledge thereof, or with information transmitted by a person with actual knowledge, at or near the times of the occurrences of the matters which they purport to describe.

SIGNED AND EXECUTED this ___20th___ day of __October__, __2021__.

Name BRIGHAM FIELD
Custodian of Records for _Zo Digital, LLC_

Please return to: The Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601

## Documents requested of Field and Zo Digital, LLC by Mullins

1. All records pertaining to open and closed Merchant Accounts of any enjoined party whether held jointly, as trustee or fiduciary, custodian executor or guardian, including accounts of any entity in which the judgment debtor may have a financial interest.

   Field and Zo Digital object to this Interrogatory to the extent it seeks information (including private financial information) protected from disclosure by right to privacy (including right to financial privacy). Field also objects to this Interrogatory, and any part thereof, to the extent that it seeks information protected from disclosure by a third party's right to privacy. Field further objects to the term "all records" as vague, ambiguous and intentionally overly burdonsome.

2. Loans or credit made or extended to any Enjoined Party, whether as principal or guarantor, including, but not limited to, applications for loans or credit, financial statements provided by the Enjoined Party, loan correspondence files and internal bank memoranda.

   To the best of their knowledge and recollection, neither Field nor Zo Digital have taken any loans during the course of this matter, nor within 2 years of the commencement of this matter.

3. Records of Mastercard and/or Visa credit cards issued to any Enjoined Party.

   There are no Mastercard or Visa credit cards issued to Zo Digital.
   Since filing for bankruptcy in 2020, Field does not have any active Mastercard of Visa credit card accounts.

4. Records of wire transfers, letters of credit, bonds and securities purchased through and/or an investment held by you. Include such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments, and statements of transactions.

   There are no letters of credit, bonds or securities purchase through and/or an investment held by Zo Digital, LLC.

   ***Attached are records of securities held by Field. (See US Bank Trust records)***

5. Any other documents which may contain information concerning the property, income, or assets of Malibu.

   Neither Zo Digital nor Brigham Field are in possession of any additional information concerning the property, income or assets of Malibu.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALIBU MEDIA, LLC,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff-Judgment Debtor,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. 18 C 6447
⠀⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Judge:  Judge Thomas M. Durkin
WILLIAM MULLINS⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant-Judgment Creditor.⠀)

**ANSWER OF THIRD PARTY TO ASSET RESTRAINING ORDER**

I,<u>⠀⠀Brigham Field⠀⠀</u>, the <u>⠀⠀Manager⠀⠀</u> of respondent, <u>⠀Zo Digital, LLC⠀</u>, state
⠀⠀⠀⠀⠀⠀(name)⠀⠀⠀⠀⠀⠀⠀⠀⠀(title)
under penalty of perjury as follows:

⠀⠀⠀⠀The respondent is an <u>LLC⠀⠀⠀</u> organized under the laws of the State of <u>⠀California⠀⠀⠀⠀</u>.
⠀⠀⠀⠀⠀⠀⠀⠀(If, for example, an LLC, partnership, or corporation)
⠀⠀⠀⠀⠀⠀⠀⠀<u>received a copy of the ARO via email but was never served with the ARO</u>.
On <u>_/_/2021</u>, respondent was served with the Asset Restraining Order (henceforth ARO).  With respect to the merchant accounts (connected with X-art.com), on the day respondent was served with the ARO, respondent had in its possession or control the following property:

<u>⠀⠀⠀⠀⠀</u>⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀<u>⠀⠀⠀⠀⠀</u>
Respondent has not been in possession or control of the Merchant Accounts.. The Accounts are under the control of the respective service providers.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀

Account
type:_____
Account
No.:_____
Amount:
$_____
Amount withheld:
$_____

CoinPayments.com was in possession of approximately $5061.56 of funds belonging to Zo Digital, LLC, which are not the property of Malibu Media, LLC.

<u>⠀⠀⠀⠀⠀</u>
Account
type:_____
Account
No.:_____
Amount:
$_____
Amount withheld:
$_____

<u>⠀⠀⠀⠀⠀</u>
Account
type:_____
Account
No.:_____
Amount:
$_____
Amount withheld:
$_____

Please return to: The Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601

2. **Safety Deposit Box**    NONE.

   Box No.: 

   Owners other than the judgment debtor: _____

3. Detail other personal property in the respondent's possession or control:

   Zo Digital is not in the possession of any personal property. _____.

4. Are there prior garnishments or other court-ordered withholdings which are presently in effect, including but not limited to child support and alimony?

   Yes ___  No _X_

   If yes, describe below.

   None. _____.

5. Does the respondent have custody, control, or possession of any property, other than accounts, safety deposit boxes or other personal property, now owed or to be paid in the future, in which the judgment debtor has an interest?

   Yes ___  No ___

   If yes, please describe below (continue on additional sheets if necessary):

   No. _____.

6. Check and complete the applicable line below if you deny that you hold property subject to this ARO.

   ____    The respondent has the following objections, defenses, or set-offs to the United States' right to apply Respondent's indebtedness to defendant to the United States' claim:

   _X_    On the date the respondent was served with the ARO, Respondent was not indebted or under liability to the Judgment-Debtor, and/or did not have in its possession or control any assets, income, or other property belonging to respondent, or in which the Judgment-Debtor has an interest.

7. The original Answer must be delivered in person or sent by first-class mail to the Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601.

8. The Respondent mailed a copy of this Answer by first-class mail to: Malibu Media, LLC, at _____, Malibu, CA, _____.

## **VERIFICATION**

Pursuant to 28 U.S.C. 1746, I verify under penalty of perjury that the foregoing is true and correct. Executed this __20th__ day of ___October___, 2021.

   Brigham Field    s/Brigham Field/ _____

   (Please print and sign name.)

   Phone No. _____

Please return to: The Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>                        v.<br><br>WILLIAM MULLINS | CASE NUMBER: 18 C 6447 |

DECLARATION OF CUSTODIAN OF RECORDS

I, _____, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief:

1.     I am a duly authorized custodian of records in the employ of _____, with authority to certify said records.

2.     The accompanying records are the originals or true copies of records made and kept in the regular scope and course of my employer's regularly conducted activity and constitute all records called for in the citation heretofore served in this matter.

3.     The entries contained in the original records were prepared by persons having actual knowledge thereof, or with information transmitted by a person with actual knowledge, at or near the times of the occurrences of the matters which they purport to describe.

SIGNED AND EXECUTED this _____ day of_____, _____.

_____
Name
Custodian of Records for _____

Not Applicable.

Please return to: The Peacock Law Group, 161 North Clark Street, Suite 1600, Chicago, IL, 60601



Zo Digital LLC Coinpayments.net Account balance as of Oct 20, 2021 (approximate)